# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**    **2. PLEASE TYPE OR PRINT**    **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| DEBORAH MOSS, On behalf of herself and all others similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>FIRST PREMIER BANK, A South Dakota state chartered bank<br><br>Defendant - Appellee. | Eastern District of New York | Brian M. Cogan |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br><br>September 9, 2024 | District Court Docket No.:<br><br>2:13-cv-5438 |
| | Date the Notice of Appeal was Filed:<br><br>September 11, 2024 | Is this a Cross Appeal?<br><br>☐ Yes  ☑ No |

| Attorney(s) for Appellant(s):<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail:<br><br>KAPLAN GORE LLP, 346 Westbury Ave., Suite 200, Carle Place, NY 11514, (p) 212-999-7370, (f) 404-537-3320 |
|---|---|
| Attorney(s) for Appellee(s):<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail:<br><br>HERRICK, FEINSTEIN LLP, 2 Park Avenue, New York, New York 10016, (p) 212-592-1400, (f) 212-592-1500, bmeltzer@herrick.com |

| Has Transcript Been Prepared?<br><br>No Transcribed Proceedings | Approx. Number of Transcript Pages:<br><br>0 | Number of Exhibits Appended to Transcript:<br><br>0 | Has this matter been before this Circuit previously? ☑ Yes  ☐ No<br><br>If Yes, provide the following:<br><br>Case Name:  Moss v. First Premier Bank<br><br>2d Cir. Docket No.: 15-2667    Reporter Citation: (i.e., F.3d or Fed. App.)  835 F.3d 260 (2d Cir. 2016) |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party<br>☑ Federal question (U.S. not a party) | ☐ Diversity<br>☐ Other (specify): _____ |

| 2. Appellate Jurisdiction | |
|---|---|
| ☑ Final Decision<br>☐ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☐ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment ☐ Dismissal/other jurisdiction<br>☐ Dismissal/FRCP 12(b)(1) ☐ Dismissal/merit<br>   lack of subject matter juris. ☐ Judgment / Decision of the Court<br>☐ Dismissal/FRCP 12(b)(6) ☑ Summary judgment<br>   failure to state a claim ☐ Declaratory judgment<br>☐ Dismissal/28 U.S.C. § 1915(e)(2) ☐ Jury verdict<br>   frivolous complaint ☐ Judgment NOV<br>☐ Dismissal/28 U.S.C. § 1915(e)(2) ☐ Directed verdict<br>   other dismissal ☐ Other (specify): | ☐ Damages:    ☐ Injunctions:<br><br>☐ Sought: $ _____ ☐ Preliminary<br>☐ Granted: $ _____ ☐ Permanent<br>☐ Denied: $ _____ ☐ Denied |

**PART C: NATURE OF SUIT** (Check as many as apply)

| 1. Federal Statutes | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|
| ☐ Antitrust ☐ Communications ☐ Freedom of Information Act<br>☐ Bankruptcy ☐ Consumer Protection ☐ Immigration<br>☐ Banks/Banking ☐ Copyright ☐ Patent ☐ Labor<br>☐ Civil Rights ☐ Trademark ☐ OSHA<br>☐ Commerce ☐ Election ☐ Securities<br>☐ Energy ☐ Soc. Security ☐ Tax<br>☐ Commodities ☐ Environmental<br>☑ Other (specify): 18 U.S.C. § 1962(d) | ☐ Admiralty/<br>  Maritime<br>☐ Assault /<br>  Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>  Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>  Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes ☑ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes ☑ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: Deborah Moss

| Date: September 24, 2024 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

# **ADDENDUM A**

Appeal from
E.D.N.Y. Case No.
2:13-cv-05438-BMC-PK

## ADDENDUM A

1. <u>Nature of the Action.</u>  Appellant, Deborah Moss ("Moss"), commenced this putative class action on September 30, 2013, alleging a conspiracy in violation of the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(d), wherein Appellee, First Premier Bank ("First Premier"), is alleged to have knowingly originated millions of dollars in debits from borrowers' bank accounts through the Automatic Clearing House ("ACH") banking network on behalf of a group of illegal payday lenders – the "Tucker Payday Lenders" – to collect unlawful debts.

2. <u>Result Below.</u> On August 2, 2024, the District Court entered a Memorandum and Order granting First Premier's motion for summary judgment, finding it undisputed that First Premier had determined that, because the Tucker Payday Lender were purportedly owned by Native American tribes, the loans First Premier was collecting on for the Tucker Payday Lenders would consequently "not have been subject to state usury laws" and that Moss had therefore failed to offer sufficient evidence for a jury to conclude that First Premier possessed sufficient knowledge of the unlawful enterprise or that First Premier entered into an agreement with the Tucker Payday Lenders to facilitate the RICO scheme. On August 16, 2024, Moss timely moved for relief from that Order under Fed.R.Civ.P. 60 within the time for filing a motion under Fed.R.Civ.P. 59. On September 9, 2024, the District Court denied Moss's motion.

3. <u>A copy of the notice of appeal and a current copy of the lower court docket sheet.</u>  Attached.

4. <u>A copy of all relevant opinions/orders forming the basis for this appeal.</u> A copy of the district court's (a) August 2, 2024, Memorandum and Order (b) September 9, 2024, Order denying Plaintiff's motion for reconsideration, which is an electronic order entered as Document Number 368 on the docket, is  attached.

# NOTICE OF APPEAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBORAH MOSS, on behalf of herself and
all others similarly situated,

                Plaintiff,

v.

FIRST PREMIER BANK, a South Dakota
State-Chartered Bank,

                Defendant.

CASE NO. 2:13-CV-05438-BMC-PK

## NOTICE OF APPEAL

       Notice is hereby given that Plaintiff Deborah Moss hereby appeals to the United States Court of Appeals for the Second Circuit from: (a) the order entered in this action on August 2, 2024, granting Defendant First Premier Bank's Motion for Summary Judgment and denying all other pending motions as moot (Doc No. 364); and (b) the order entered in this action on September 9, 2024, denying Plaintiff's Motion for Reconsideration (Doc No. 368). This appeal is timely under Federal Rule of Appellate Procedure 4 (a)(4)(A)(vi) in that Plaintiff filed a motion for relief from the August 2, 2024, order under Fed. R. Civ. P. 60 within the time allowed for filing a motion under Fed. R. Civ. P. 59 and the order disposing of that motion was entered on September 9, 2024.

Dated: September 11, 2024

Respectfully submitted,

**KAPLAN GORE LLP**

By: /s/ Darren T. Kaplan
Darren T. Kaplan (DK 8190)
346 Westbury Ave, Suite 200
Carle Place, NY 11514
Tel: (212) 999-7370
Fax: (646) 390-7410
dkaplan@kaplangore.com

# **DOCKET SHEET**

TO ORDER COPIES OF ANY DOCUMENTS LISTED
BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**This docket is current through 09/24/2024**

Today's Date: 9/24/2024
Source: U.S. District Court, Eastern District of New York (Central Islip)

| | |
|---|---|
| **Court:** | U.S. District Court, Eastern District of New York (Central Islip) |
| **Case Title:** | Moss v. BMO Harris Bank, N.A. et al |
| **Case:** | 2:13-CV-05438 |
| **Judge:** | Judge Brian M. Cogan |
| **Date Filed:** | 09/30/2013 |
| **Case Status:** | APPEAL, MAGAPP |

**CASE INFORMATION**

| | |
|---|---|
| **Case Number:** | 2:13CV05438 |
| **Referred To:** | Magistrate Judge Peggy Kuo |
| **Jury Demand:** | Plaintiff |
| **Demand:** | $5,000,000 |
| **Nature of Suit:** | Other Statutes: Racketeer Influenced and Corrupt Organizations (470) |
| **Jurisdiction:** | Federal Question |
| **Cause:** | 18 USC 1964 Racketeering (RICO) Act |

**PARTICIPANT INFORMATION**

### Deborah Moss

| | |
|---|---|
| **Party Description:** | on Behalf of Herself and All Others Similarly Situated |
| **Type:** | Plaintiff |
| **Attorney:** | Darren T. Kaplan |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Kaplan Gore LLP |
| **Firm Address:** | 346 Westbury Ave |
| | Ste 200 |
| | Carle Place, NY 11514 |
| **Firm Phone:** | 212-999-7370 |
| **Firm Fax:** | 404-537-3320 |
| **Email Address:** | DKAPLAN@KAPLANGORE.COM |
| **Attorney:** | Jason Henry Alperstein |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 03/29/2023 |
| **Firm Name:** | Carella Byrne Cecchi Brody & Agnello P.C. |
| **Firm Address:** | 5 Becker Farm Road |
| | Roseland, NJ 07068 |
| **Firm Phone:** | 973-994-1700 |
| **Email Address:** | jalperstein@carellabyrne.com |
| **Attorney:** | Jeffrey Ostrow |
| **Status:** | LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Kopelowitz Ostrow P.A. |
| **Firm Address:** | 200 Sw 1st Avenue |
| | Suite 1200 |

|  |  |
|---|---|
| | Fort Lauderdale, FL 33301 |
| **Firm Phone:** | 954-525-4100 |
| **Firm Fax:** | 954-525-4300 |
| **Email Address:** | ostrow@kolawyers.com |
| **Attorney:** | Jonathan M. Streisfeld |
| **Status:** | LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Kopelowitz Ostrow PA |
| **Firm Address:** | 1 W Las Olas Blvd |
| | Suite 500 |
| | Fort Lauderdale, FL 33301 |
| **Firm Phone:** | 954-525-4100 |
| **Firm Fax:** | 954-525-4300 |
| **Email Address:** | streisfeld@kolawyers.com |
| **Attorney:** | Gregory Edward Keller |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Kaplan Gore LLP |
| **Firm Address:** | 1979 Marcus Avenue |
| | Suite 201 |
| | Lake Success, NY 11042 |
| **Firm Phone:** | 212-999-7370 |
| **Email Address:** | gkeller@kaplangore.com |
| **Attorney:** | Hassan Zavareei |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Tycko & Zavareei LLP |
| **Firm Address:** | 2000 Pennsylvania Avenue NW |
| | Suite 1010 |
| | Washington, DC 20006 |
| **Firm Phone:** | 202-973-0900 |
| **Firm Fax:** | 202-973-0950 |
| **Email Address:** | hzavareei@tzlegal.com |
| **Attorney:** | Jeffrey D. Kaliel |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | KalielGold PLLC |
| **Firm Address:** | 1100 15th Street NW |
| | 4th Floor |
| | 20005 |
| | Washington, DC 20005 |
| **Firm Phone:** | 202-615-3948 |
| **Email Address:** | jkaliel@kalielpllc.com |
| **Attorney:** | John A. Moore |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 06/28/2018 |
| **Firm Name:** | Stueve Siegel Hanson LLP |
| **Firm Address:** | 460 Nichols Road |
| | Suite 200 |
| | Kansas City, MO 64112 |
| **Firm Phone:** | 816-714-7100 |
| **Firm Fax:** | 816-714-7101 |
| **Email Address:** | moore@stuevesiegel.com |
| **Attorney:** | Kristen Simplicio |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 09/17/2024 |
| **Firm Name:** | Clarkson Law Firm |
| **Firm Address:** | 1050 Connecticut Ave NW |
| | Washington, DC 20036 |
| **Firm Phone:** | 510-325-4827 |
| **Email Address:** | ksimplicio@tzlegal.com |
| **Attorney:** | Lauren Kuhlik |

| | |
|---|---|
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 02/12/2024 |
| **Firm Name:** | Tycko & Zavareei |
| **Firm Address:** | 2000 Pennsylvania Avenue NW |
| | Ste 1010 |
| | Washington, DC 20006 |
| **Firm Phone:** | 202-973-0900 |
| **Email Address:** | lkuhlik@tzlegal.com |
| **Attorney:** | Norman Siegel |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 06/28/2018 |
| **Firm Name:** | Stueve Siegel Hanson LLP |
| **Firm Address:** | 460 Nichols Road |
| | Suite 200 |
| | Kansas City, MO 64112 |
| **Firm Phone:** | 816-714-7100 |
| **Firm Fax:** | 816-714-7101 |
| **Email Address:** | siegel@stuevesiegel.com |
| **Attorney:** | Stephen N. Six |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 06/28/2018 |
| **Firm Name:** | Stueve Siegel Hanson LLP |
| **Firm Address:** | 460 Nichols Road |
| | Ste 200 |
| | Kansas City, MO 64112 |
| **Firm Phone:** | 816-714-7100 |
| **Firm Fax:** | 816-714-7101 |
| **Email Address:** | six@stuevesiegel.com |

## BMO Harris Bank, N.A.

| | |
|---|---|
| **Type:** | Defendant |
| **Party Terminated:** | 01/07/2016 |
| **Attorney:** | Therese Craparo |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Mayer Brown LLP |
| **Firm Address:** | 1675 Broadway |
| | New York, NY 10019 |
| **Firm Phone:** | 212-506-2312 |
| **Firm Fax:** | 212-849-5921 |
| **Email Address:** | tcraparo@mayerbrown.com |
| **Attorney:** | Debra Bogo-Ernst |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Willkie Farr & Gallagher LLP |
| **Firm Address:** | 300 North LaSalle Dr. |
| | Chicago, IL 60654 |
| **Firm Phone:** | 312-728-9062 |
| **Email Address:** | dernst@willkie.com |
| **Attorney:** | Kevin Ranlett |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Mayer Brown LLP |
| **Firm Address:** | 1999 K Street Nw |
| | Washington, DC 20006 |
| **Firm Phone:** | 202-263-3000 |
| **Firm Fax:** | 202-263-5217 |
| **Email Address:** | kranlett@mayerbrown.com |

| | |
|---|---|
| **Attorney:** | Lucia Nale |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Mayer Brown LLP |
| **Firm Address:** | 71 S Wacker Drive |
| | Chicago, IL 60606 |
| **Firm Phone:** | 312-701-7074 |
| **Firm Fax:** | 312-706-8474 |
| **Email Address:** | lnale@mayerbrown.com |
| **Attorney:** | Matthew Sostrin |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Mayer Brown LLP |
| **Firm Address:** | 71 S Wacker Drive |
| | Chicago, IL 60606 |
| **Firm Phone:** | 312-701-8138 |
| **Firm Fax:** | 312-706-8683 |
| **Email Address:** | msostrin@mayerbrown.com |

## First Premier Bank

| | |
|---|---|
| **Party Description:** | a South Dakota State-Chartered Bank |
| **Type:** | Defendant |
| **Attorney:** | Barry Werbin |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Herrick, Feinstein, LLp |
| **Firm Address:** | 2 Park Avenue |
| | New York, NY 10016 |
| **Firm Phone:** | 212-592-1418 |
| **Firm Fax:** | 212-545-3401 |
| **Email Address:** | bwerbin@herrick.com |
| **Attorney:** | David Todd Feuerstein |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 09/08/2016 |
| **Firm Name:** | Herrick, Feinstein LLP |
| **Firm Address:** | 2 Park Avenue |
| | New York, NY 10016 |
| **Firm Phone:** | 212-592-5927 |
| **Firm Fax:** | 212-545-3477 |
| **Email Address:** | dfeuerstein@herrick.com |
| **Attorney:** | John C. Ekman |
| **Status:** | LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 03/01/2018 |
| **Firm Name:** | Lindquist & Vennum LLP |
| **Firm Address:** | 80 S Eighth Street, Suite 4200 |
| | Minneapolis, MN 55402 |
| **Firm Phone:** | 612-371-3211 |
| **Firm Fax:** | 612-371-3207 |
| **Attorney:** | Bryan Freeman |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Maslon LLP |
| **Firm Address:** | 225 South 6th Street |
| | Suite 2900 |
| | Minneapolis, MN 55402 |
| **Firm Phone:** | 612-672-8375 |
| **Firm Fax:** | 612-642-8375 |
| **Email Address:** | bryan.freeman@maslon.com |
| **Attorney:** | Erica Holzer |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | |
|---|---|
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Maslon LLP |
| **Firm Address:** | 225 South 6th Street, Suite 2900 |
| | Minneapolis, MN 55402 |
| **Firm Phone:** | 612-672-8387 |
| **Email Address:** | erica.holzer@maslon.com |
| **Attorney:** | James J. Long |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Maslon LLP |
| **Firm Address:** | Maslon LLP |
| | 225 South 6th Street, Suite 2900 |
| | Minneapolis, MN 55402 |
| **Firm Phone:** | 612-672-3454 |
| **Firm Fax:** | 612-642-8390 |
| **Email Address:** | james.long@maslon.com |
| **Attorney:** | James P. McCarthy |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Attorney Terminated:** | 03/01/2018 |
| **Firm Name:** | Lindquist & Vennum LLP |
| **Firm Address:** | 80 South 8th St, Suite 4200 |
| | Minneapolis, MN 55402 |
| **Firm Phone:** | 612-371-3211 |
| **Firm Fax:** | 612-371-3207 |
| **Email Address:** | jmccarthy@lindquist.com |
| **Attorney:** | Judah Adam Druck |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Maslon LLP |
| **Firm Address:** | 225 South 6th Street |
| | Suite 2900 |
| | Minneapolis, MN 55402 |
| **Firm Phone:** | 612-672-8312 |
| **Firm Fax:** | 612-642-8312 |
| **Email Address:** | judah.druck@maslon.com |

## Bay Cities Bank

| | |
|---|---|
| **Party Description:** | a Florida State-Chartered Bank |
| **Type:** | Defendant |
| **Party Terminated:** | 03/27/2017 |
| **Attorney:** | Eric Rieder |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Bryan Cave LLP |
| **Firm Address:** | 1290 Avenue Of The Americas |
| | New York, NY 10104 |
| **Firm Phone:** | 212-541-2057 |
| **Firm Fax:** | 212-541-1457 |
| **Email Address:** | erieder@bryancave.com |
| **Attorney:** | Ann W. Ferebee |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Bryan Cave LLP |
| **Firm Address:** | 1201 W. Peachtree Street NW |
| | Atlanta, GA 30309 |
| **Firm Phone:** | 404-572-6600 |
| **Firm Fax:** | 404-572-6999 |
| **Email Address:** | ann.ferebee@bryancave.com |
| **Attorney:** | Courtney Janae Peterson |

| | |
|---|---|
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Bryan Cave Leighton Paisner LLP |
| **Firm Address:** | 1290 Avenue of the Americas |
| | Ste 34th Floor |
| | New York, NY 10104 |
| **Firm Phone:** | 212-541-3187 |
| **Firm Fax:** | 212-541-4630 |
| **Email Address:** | courtney.peterson@bryancave.com |
| **Attorney:** | Megan Awerdick Pierson |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Firm Name:** | Bryon Cave LLP |
| **Firm Address:** | 1290 Avenue Of The Americas |
| | New York, NY 10104 |
| **Firm Phone:** | 212-541-2298 |
| **Firm Fax:** | 212-261-9898 |
| **Email Address:** | megan.awerdick@bryancave.com |
| **Attorney:** | Michael P. Carey |
| **Status:** | PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Bryan Cave LLP |
| **Firm Address:** | 1201 W Peachtree St Nw |
| | 14th Floor |
| | Atlanta, GA 30309 |
| **Firm Phone:** | 404-572-6600 |
| **Firm Fax:** | 404-572-6999 |
| **Email Address:** | michael.carey@bryancave.com |

## Federal Trade Commission

| | |
|---|---|
| **Type:** | Interested Party |
| **Attorney:** | Michael S. Blume |
| **Status:** | ATTORNEY TO BE NOTICED |
| **Attorney Address:** | DOJ-USAO |
| | U.S. Attorney's Office, Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |
| **Attorney Phone:** | 718-254-6479 |
| **Email Address:** | michael.blume@usdoj.gov |

**CALENDAR INFORMATION**

View Calendar Information

**DOCKET PROCEEDINGS (479)**

| Entry #: | Date: | Description: | | |
|---|---|---|---|---|
| 371 | 09/17/2024 | MOTION to Withdraw as Attorney Kristen G. Simplicio by Deborah Moss. (Simplicio, Kristen) (Entered: 09/17/2024) | View | Add to request |
| | 09/17/2024 | ORDER granting 371 Motion to Withdraw as Attorney. Attorney Kristen Simplicio terminated. Ordered by Judge Brian M. Cogan on 9/17/2024. (PW) (Entered: 09/17/2024) | Send Runner to Court | |
| | 09/13/2024 | Electronic Index to Record on Appeal sent to US Court of | Send Runner to Court | |

| | | | | |
|---|---|---|---|---|
| | | Appeals. 369 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 09/13/2024) | | |
| 370 | 09/11/2024 | USCA Appeal Fees received $ 605 receipt number BNYEDC-18266772 re 369 Notice of Appeal filed by Deborah Moss (VJ) (Entered: 09/13/2024) | View | Add to request |
| 369 | 09/11/2024 | NOTICE OF APPEAL as to 364 Order on Motion for Summary Judgment, by Darren T. Kaplan Kaplan Gore LLP on behalf of Deborah Moss. (VJ) (Entered: 09/13/2024) | View | Add to request |
| 368 | 09/09/2024 | ORDER re: plaintiff's 365 Motion for Reconsideration on 364 Order on Motion for Summary Judgment filed by Deborah Moss. Plaintiff is simply repeating arguments that the Court has already rejected. Her motion is therefore denied. ( Ordered by Judge Brian M. Cogan on 9/8/2024 ) (RG) (Entered: 09/09/2024) | View | Add to request |
| 367 | 09/06/2024 | REPLY in Support re 366 Memorandum in Opposition, 365 MOTION for Reconsideration re 364 Order on Motion for Summary Judgment, filed by Deborah Moss. (Kaplan, Darren) (Entered: 09/06/2024) | View | Add to request |
| 366 | 08/30/2024 | MEMORANDUM in Opposition re 365 MOTION for Reconsideration re 364 Order on Motion for Summary Judgment, filed by First Premier Bank. (Freeman, Bryan) (Entered: 08/30/2024) | View | Add to request |
| 365 | 08/16/2024 | MOTION for Reconsideration re 364 Order on Motion for Summary Judgment, by Deborah Moss. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order) (Kaplan, Darren) (Entered: 08/16/2024) | View | Add to request |
| 364 | 08/02/2024 | MEMORANDUM DECISION AND ORDER: Defendants 305 motion for summary judgment is granted. Plaintiffs 308 cross-motion for partial summary | Docket Status View | Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|   |   |   |   |
|---|---|---|---|
|   |   | judgment, the parties expert motions, and plaintiffs 339 motion for class certification9 are denied as moot. Ordered by Judge Brian M. Cogan on 8/2/2024. (IH) (Entered: 08/05/2024) |   |
| 363 | 05/20/2024 | Letter Requesting Oral Argument of Pending Motions by Deborah Moss (Kaplan, Darren) (Entered: 05/20/2024) | View   Add to request |
|   | 02/12/2024 | ORDER granting 362 Motion to Withdraw as Attorney. Attorney Lauren Kuhlik terminated. Ordered by Magistrate Judge Peggy Kuo on 2/12/2024. (RO) (Entered: 02/12/2024) | Send Runner to Court |
| 362 | 02/08/2024 | MOTION to Withdraw as Attorney Lauren Kuhlik by Deborah Moss. (Simplicio, Kristen) (Entered: 02/08/2024) | View   Add to request |
| 361 | 11/03/2023 | NOTICE of Change of Firm Address Once the filing has been made, you must login to www.pacer.gov and update your account. (Attachments: # 1 Certificate of Service) (Kaplan, Darren) (Entered: 11/03/2023) | View   Add to request |
| 360 | 09/12/2023 | Letter Regarding Pending Motions and Status by Deborah Moss (Attachments: # 1 Charts of Pending Motions and Filings) (Kaplan, Darren) (Entered: 09/12/2023) | View   Add to request |
|   | 05/31/2023 | ORDER REASSIGNING CASE. Case reassigned to Judge Brian M. Cogan for all further proceedings. Judge Edward R. Korman no longer assigned to case Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such.Ordered by Chief Judge Margo K. Brodie on 5/30/2023. (KD) (Entered: 05/31/2023) | Send Runner to Court |
| 359 | 03/30/2023 | NOTICE by First Premier Bank in Response to Plaintiff's Notice of Supplemental Authority (Freeman, Bryan) (Entered: 03/30/2023) | View   Add to request |
| 358 | 03/29/2023 | NOTICE by Deborah Moss of Supplemental Authority (Attachments: # 1 Exhibit 1) | View   Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | (Simplicio, Kristen) (Entered: 03/29/2023) | |
|---|---|---|---|
| 357 | 03/29/2023 | MOTION to Withdraw as Attorney Jason H. Alperstein by Deborah Moss. (Streisfeld, Jonathan) (Entered: 03/29/2023) | Docket Status [View] [Add to request] |
| | 03/29/2023 | ORDER granting 357 Motion to Withdraw as Attorney. Attorney Jason Henry Alperstein terminated. Ordered by Magistrate Judge Peggy Kuo on 3/29/2023. (RO) (Entered: 03/29/2023) | [Send Runner to Court] |
| 356 | 12/02/2022 | NOTICE of Change of Firm Address of Hassan A. Zavareei, Kristen G. Simplicio, and Lauren Kuhlik Once the filing has been made, you must login to www.pacer.gov and update your account. (Zavareei, Hassan) (Entered: 12/02/2022) | Docket Status [View] [Add to request] |
| 355 | 04/29/2022 | DECLARATION of Kristen Simplicio (Omnibus) by Deborah Moss (Attachments: # 1 Exhibit D1, # 2 Exhibit D2, # 3 Exhibit D3, # 4 Exhibit D4, # 5 Exhibit D5, # 6 Exhibit D6, # 7 Exhibit D7, # 8 Exhibit D8, # 9 Exhibit D9, # 10 Exhibit D10, # 11 Exhibit D11, # 12 Exhibit D12, # 13 Exhibit D13, # 14 Exhibit D14, # 15 Exhibit D15, # 16 Exhibit D16, # 17 Exhibit D17, # 18 Exhibit D18, # 19 Exhibit D19, # 20 Exhibit D20, # 21 Exhibit D21, # 22 Exhibit D22, # 23 Exhibit D23, # 24 Exhibit D24, # 25 Exhibit D25, # 26 Exhibit D26-1, # 27 Exhibit D26-2, # 28 Exhibit D27, # 29 Exhibit D28, # 30 Exhibit D29, # 31 Exhibit E1, # 32 Exhibit E2, # 33 Exhibit E3, # 34 Exhibit E4, # 35 Exhibit E5, # 36 Exhibit M1, # 37 Exhibit M2, # 38 Exhibit M3, # 39 Exhibit M4, # 40 Exhibit M5, # 41 Exhibit M6, # 42 Exhibit M7, # 43 Exhibit M8, # 44 Exhibit M9, # 45 Exhibit M10, # 46 Exhibit M11, # 47 Exhibit M12, # 48 Exhibit M13, # 49 Exhibit M14, # 50 Exhibit M15, # 51 Exhibit M16, # 52 Exhibit M17, # 53 Exhibit M18, # 54 Exhibit M19, # 55 Exhibit M20, # 56 Exhibit M21, # 57 Exhibit M22, # 58 Exhibit M23, # 59 Exhibit M24, # 60 Exhibit M25, # 61 Exhibit M26, # 62 Exhibit T1, # 63 Exhibit T2, # | Docket Status [View] [Add to request] |

64 Exhibit T3, # 65 Exhibit T4, #
66 Exhibit T5, # 67 Exhibit T6, #
68 Exhibit T7, # 69 Exhibit T8, #
70 Exhibit T9, # 71 Exhibit T10, #
72 Exhibit T11, # 73 Exhibit T12,
# 74 Exhibit T13) (Simplicio,
Kristen) (Entered: 04/29/2022)

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | | |
|---|---|---|---|---|
| 354 | 04/29/2022 | DECLARATION re 339 MOTION to Certify Class of Darren Kaplan in Further Support of Plaintiff's Motion for Class Certification by Deborah Moss (Attachments: # 1 Exhibit 42, # 2 Exhibit 43, # 3 Exhibit 44, # 4 Exhibit 45, # 5 Exhibit 46) (Simplicio, Kristen) (Entered: 04/29/2022) | View | Add to request |
| 353 | 04/29/2022 | DECLARATION re 339 MOTION to Certify Class of Darren Kaplan by Deborah Moss (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15-1, # 16 Exhibit 15-2, # 17 Exhibit 15-3, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41) (Simplicio, Kristen) (Entered: 04/29/2022) | View | Add to request |
| 352 | 04/29/2022 | DECLARATION of Burke W. Kappler by Deborah Moss (Simplicio, Kristen) (Entered: 04/29/2022) | View | Add to request |
| 351 | 04/29/2022 | DECLARATION re 339 MOTION to Certify Class of Plaintiff Deborah Moss by Deborah Moss (Simplicio, Kristen) (Entered: 04/29/2022) | View | Add to request |
| 350 | 04/29/2022 | REPLY in Support re 348 MOTION to Strike Expert Disclosures and Testimony of Katie Kennett filed by Deborah Moss. (Simplicio, Kristen) (Entered: 04/29/2022) | View | Add to request |
| 349 | 04/29/2022 | MEMORANDUM in Opposition re 348 MOTION to Strike Expert Disclosures and Testimony of Katie Kennett of Defendant First Premier filed by Deborah Moss. (Simplicio, Kristen) (Entered: 04/29/2022) | View | Add to request |
| 348 | 04/29/2022 | MOTION to Strike Expert Disclosures and Testimony of Katie Kennett by Deborah Moss. (Attachments: # 1 Memorandum in Support of Motion to Exclude | View | Add to request |

For rows 352 and 351 the label "Docket Status" appears above the View / Add to request buttons.

|  |  |  |  |
|---|---|---|---|
|  |  | Opinions and Strike Testimony of Katie Kennett, # 2 Appendix K) (Simplicio, Kristen) (Entered: 04/29/2022) |  |
| 347 | 04/29/2022 | REPLY in Support re 345 MOTION to Strike (Exclude Experts Carlyn Irwin and Victor Stango Opinions and Testimony) filed by Deborah Moss. (Simplicio, Kristen) (Entered: 04/29/2022) | **Docket Status** View / Add to request |
| 346 | 04/29/2022 | MEMORANDUM in Opposition re 345 MOTION to Strike (Exclude Experts Carlyn Irwin and Victor Stango Opinions and Testimony) of Defendant First Premier filed by Deborah Moss. (Simplicio, Kristen) (Entered: 04/29/2022) | View / Add to request |
| 345 | 04/29/2022 | MOTION to Strike (Exclude Experts Carlyn Irwin and Victor Stango Opinions and Testimony) by Deborah Moss. (Attachments: # 1 Memorandum in Support of Motion to Exclude Opinions and Testimony of Carlyn Irwin and Victor Stango) (Simplicio, Kristen) (Entered: 04/29/2022) | View / Add to request |
| 344 | 04/29/2022 | REPLY in Support re 342 MOTION to Strike (Exclude Expert Elliott McEntee Opinions and Testimony) filed by Deborah Moss. (Simplicio, Kristen) (Entered: 04/29/2022) | View / Add to request |
| 343 | 04/29/2022 | MEMORANDUM in Opposition re 342 MOTION to Strike (Exclude Expert Elliott McEntee Opinions and Testimony) of Defendant First Premier filed by Deborah Moss. (Simplicio, Kristen) (Entered: 04/29/2022) | View / Add to request |
| 342 | 04/29/2022 | MOTION to Strike (Exclude Expert Elliott McEntee Opinions and Testimony) by Deborah Moss. (Attachments: # 1 Memorandum in Support of Motion to Exclude Opinions and Testimony of Elliott McEntee) (Simplicio, Kristen) (Entered: 04/29/2022) | View / Add to request |
| 341 | 04/29/2022 | REPLY in Support re 339 MOTION to Certify Class filed by Deborah Moss. (Simplicio, Kristen) (Entered: 04/29/2022) | **Docket Status** View / Add to request |
| 340 | 04/29/2022 | MEMORANDUM in Opposition re 339 MOTION to Certify Class of Defendant First Premier filed by Deborah Moss. (Attachments: # 1 State Law Appendix) (Simplicio, Kristen) (Entered: 04/29/2022) | View / Add to request |
| 339 | 04/29/2022 | MOTION to Certify Class by Deborah Moss. (Attachments: # 1 | View / Add to request |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Memorandum in Support of Motion for Class Certification, # 2 Appendix A, # 3 Appendix B, # 4 Appendix C) (Simplicio, Kristen) (Entered: 04/29/2022) | | |
| 338 | 04/28/2022 | REPLY in Support re 335 MOTION to Strike (Exclude Expert Cathy Glassman Opinion & Testimony) filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 337 | 04/28/2022 | MEMORANDUM in Opposition re 335 MOTION to Strike (Exclude Expert Cathy Glassman Opinion & Testimony) by Plaintiff Moss filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 336 | 04/28/2022 | MEMORANDUM in Support re 335 MOTION to Strike (Exclude Expert Cathy Glassman Opinion & Testimony) filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 335 | 04/28/2022 | MOTION to Strike (Exclude Expert Cathy Glassman Opinion & Testimony) by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 334 | 04/28/2022 | REPLY in Support re 331 MOTION to Strike 9/16/21 Declaration of Burke Kappler filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 333 | 04/28/2022 | MEMORANDUM in Opposition re 331 MOTION to Strike 9/16/21 Declaration of Burke Kappler by Plaintiff Moss filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 332 | 04/28/2022 | MEMORANDUM in Support re 331 MOTION to Strike 9/16/21 Declaration of Burke Kappler filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 331 | 04/28/2022 | MOTION to Strike 9/16/21 Declaration of Burke Kappler by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 330 | 04/28/2022 | REPLY in Support re 327 MOTION to Strike (Exclude Expert Arthur Olsen Opinion & Testimony) filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 329 | 04/28/2022 | MEMORANDUM in Opposition re 327 MOTION to Strike (Exclude Expert Arthur Olsen Opinion & Testimony) by Plaintiff Moss filed | View | Add to request |

| | | | | |
|---|---|---|---|---|
| | | by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | | |
| 328 | 04/28/2022 | MEMORANDUM in Support re 327 MOTION to Strike (Exclude Expert Arthur Olsen Opinion & Testimony) filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 327 | 04/28/2022 | MOTION to Strike (Exclude Expert Arthur Olsen Opinion & Testimony) by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 326 | 04/28/2022 | DECLARATION of Bryan R. Freeman (Supplemental) by First Premier Bank (Attachments: # 1 Exhibit Exhibits OOO-XXX) (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 325 | 04/28/2022 | DECLARATION of Katie Kennett (Supplemental) by First Premier Bank (Attachments: # 1 Exhibit Exhibits 33-35) (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 324 | 04/28/2022 | DECLARATION Burke Kappler (Supplemental) by First Premier Bank (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 323 | 04/28/2022 | DECLARATION of Victor Stango by First Premier Bank (Attachments: # 1 Exhibit Exhibit A) (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 322 | 04/28/2022 | DECLARATION Carlyn Irwin by First Premier Bank (Attachments: # 1 Exhibit Exhibit A) (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 321 | 04/28/2022 | DECLARATION of Sandy Johnson by First Premier Bank (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 320 | 04/28/2022 | DECLARATION of Darrell Schmith by First Premier Bank (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 319 | 04/28/2022 | DECLARATION of Matt Keiper by First Premier Bank (Attachments: # 1 Exhibit Exhibits 1-2) (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 318 | 04/28/2022 | DECLARATION of Errin Frankman by First Premier Bank (Attachments: # 1 Exhibit Exhibits 1-6) (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 317 | 04/28/2022 | DECLARATION of Dennis Feterl by First Premier Bank (Attachments: # 1 Exhibit Exhibit 1) (Freeman, Bryan) (Entered: 04/28/2022) | View | Add to request |
| 316 | 04/28/2022 | DECLARATION of Bryan R. Freeman (Omnibus) by First Premier Bank (Attachments: # 1 | View | Add to request |

|     |            | Exhibit Exhibits A-R, # 2 Exhibit Exhibits S-X, # 3 Exhibit Exhibits Y-EE, # 4 Exhibit Exhibits FF-HH, # 5 Exhibit Exhibits II-YY, # 6 Exhibit Exhibits ZZ-NNN) (Freeman, Bryan) (Entered: 04/28/2022) |                                                |
| --- | ---------- | --- | --- |
| 315 | 04/28/2022 | DECLARATION Katie Kennett by First Premier Bank (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2-1, # 3 Exhibit Exhibit 2-2, # 4 Exhibit Exhibit 3-1, # 5 Exhibit Exhibit 3-2, # 6 Exhibit Exhibit 4-1, # 7 Exhibit Exhibit 4-2, # 8 Exhibit Exhibit 4-3, # 9 Exhibit Exhibits 5-13, # 10 Exhibit Exhibits 14-18, # 11 Exhibit Exhibits 19-21, # 12 Exhibit Exhibits 22-29, # 13 Exhibit Exhibits 30-32) (Freeman, Bryan) (Entered: 04/28/2022) | View · Add to request |
| 314 | 04/28/2022 | REPLY in Support re 308 MOTION for Partial Summary Judgment of Plaintiff Moss filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status<br>View · Add to request |
| 313 | 04/28/2022 | MEMORANDUM in Opposition re 308 MOTION for Partial Summary Judgment of Plaintiff Moss filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status<br>View · Add to request |
| 312 | 04/28/2022 | REPLY in Support re 305 MOTION for Summary Judgment filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status<br>View · Add to request |
| 311 | 04/28/2022 | RULE 56.1 STATEMENT Response to Plaintiff's 56.1 Undisputed Material Facts filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status<br>View · Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | |
|---|---|---|---|
| 310 | 04/28/2022 | RULE 56.1 STATEMENT re 308 MOTION for Partial Summary Judgment of Plaintiff Moss filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status **View** Add to request |
| 309 | 04/28/2022 | MEMORANDUM in Opposition re 305 MOTION for Summary Judgment , 308 MOTION for Partial Summary Judgment of Plaintiff Moss filed by First Premier Bank. (Attachments: # 1 Appendix Appendix A, # 2 Appendix Appendix B, # 3 Appendix Appendices C-H) (Freeman, Bryan) (Entered: 04/28/2022) | **View** Add to request |
| 308 | 04/28/2022 | MOTION for Partial Summary Judgment of Plaintiff Moss by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status **View** Add to request |
| 307 | 04/28/2022 | RULE 56.1 STATEMENT re 305 MOTION for Summary Judgment filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status **View** Add to request |
| 306 | 04/28/2022 | MEMORANDUM in Support re 305 MOTION for Summary Judgment filed by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status **View** Add to request |
| 305 | 04/28/2022 | MOTION for Summary Judgment by First Premier Bank. (Freeman, Bryan) (Entered: 04/28/2022) | Docket Status **View** Add to request |
| 304 | 04/22/2022 | Letter Regarding Plaintiff's April 22 Briefings by Deborah Moss (Simplicio, Kristen) (Entered: 04/22/2022) | Docket Status **View** Add to request |
| 303 | 04/01/2022 | Letter by First Premier Bank (Freeman, Bryan) (Entered: 04/01/2022) | Docket Status **View** Add to request |
| 302 | 03/04/2022 | Letter Regarding Plaintiff's March 4 Briefings by Deborah Moss (Simplicio, Kristen) (Entered: 03/04/2022) | Docket Status **View** Add to request |
| | 01/21/2022 | ORDER denying 298 Motion for Extension of Time to File Response/Reply re 298 Letter MOTION for Extension of Time to File Response/Reply as to 297 Letter, Order, 285 Letter, 288 Letter and to Resolve Procedural Matters Related to Briefing of Rule 23 and 56 Motions and adopting Schedule # 2 of the parties' proposed schedules 301 . Ordered by Judge Edward R. Korman on 1/21/2022. (Simonova, Maria) (Entered: 01/21/2022) | Send Runner to Court |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | |
|---|---|---|---|
| 301 | 01/20/2022 | Joint MOTION for Extension of Time to File Response/Reply as to 299 Response to Motion, 298 Letter MOTION for Extension of Time to File Response/Reply as to 297 Letter, Order, 285 Letter, 288 Letter and to Resolve Procedural Matters Related to Briefing of Rule 23 and 56 Motions, Order, by Deborah Moss. (Attachments: # 1 Appendix Agreed Alternative Proposed Schedules) (Kaplan, Darren) (Entered: 01/20/2022) | View    Add to request |
| 300 | 01/13/2022 | STATUS REPORT Joint Status Report by Deborah Moss (Kaplan, Darren) (Entered: 01/13/2022) | Docket Status<br>View    Add to request |
| | 01/13/2022 | ORDER: The Court construes the status report filed at 300 to constitute certification that discovery is now complete and that there are no remaining discovery disputes. Ordered by Magistrate Judge Peggy Kuo on 1/13/2022. (O'Neil-Berven, Ryan) (Entered: 01/13/2022) | Send Runner to Court |
| 299 | 01/11/2022 | RESPONSE to Motion re 298 Letter MOTION for Extension of Time to File Response/Reply as to 297 Letter, Order, 285 Letter, 288 Letter and to Resolve Procedural Matters Related to Briefing of Rule 23 and 56 Motions filed by First Premier Bank. (Freeman, Bryan) (Entered: 01/11/2022) | View    Add to request |
| 298 | 01/11/2022 | Letter MOTION for Extension of Time to File Response/Reply as to 297 Letter, Order, 285 Letter, 288 Letter and to Resolve Procedural Matters Related to Briefing of Rule 23 and 56 Motions by Deborah Moss. (Kaplan, Darren) (Entered: 01/11/2022) | Docket Status<br>View    Add to request |
| 297 | 01/04/2022 | Letter Confirming Service of Defendant's Motions, Memoranda of Law, and Supporting Materials by First Premier Bank (Freeman, Bryan) (Entered: 01/04/2022) | View    Add to request |
| | 01/04/2022 | ORDER: The parties are directed to file a joint status report by January 13, 2022 indicating whether the remaining discovery matters detailed in the 296 Letter have been resolved. Ordered by Magistrate Judge Peggy Kuo on 1/4/2022. (O'Neil-Berven, Ryan) (Entered: 01/04/2022) | Send Runner to Court |
| 296 | 01/03/2022 | Letter Certification of Close of Discovery by Deborah Moss | Docket Status<br>View    Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|  |  |  |  |
|---|---|---|---|
|  | (Simplicio, Kristen) (Entered: 01/03/2022) |  |  |
|  | 12/21/2021 | ORDER *** The joint application for a modification to the briefing schedule 295 is granted. First Premier's Opposition to Moss's Motion for Class Certification, as well as its accompanying Daubert Motions, are due on 01/04/2022. Ordered by Judge Edward R. Korman on 12/21/2021. (Berman, Shai) (Entered: 12/21/2021) | Send Runner to Court |
|  | 12/21/2021 | ORDER granting 295 Motion for Extension of Time to Complete Discovery. The deadline for the parties to certify the close of all discovery via ECF is extended to January 3, 2022. Ordered by Magistrate Judge Peggy Kuo on 12/21/2021. (O'Neil-Berven, Ryan) (Entered: 12/21/2021) | Send Runner to Court |
| 295 | 12/20/2021 | Letter Joint Letter to Judge Kuo Re Docket Status Expert Discovery by First Premier Bank (Freeman, Bryan) Modified on 12/21/2021 to add a motion for extension of time to complete discovery (O'Neil-Berven, Ryan). (Entered: 12/20/2021) | View   Add to request |
| 294 | 12/20/2021 | NOTICE by Federal Trade Commission re Order on Motion for Discovery,,,,, Discovery Hearing,,,, Letter concerning parties' compliance with court order (Blume, Michael) (Entered: 12/20/2021) | View   Add to request |
|  | 12/08/2021 | MINUTE ENTRY: Discovery hearing held by telephone before Magistrate Judge Peggy Kuo on December 7, 2021. Attorneys Kristen Simplicio and Jason Henry Alperstein appeared on behalf of Plaintiff. Attorneys Bryan Freeman and Judah Adam Druck appeared on behalf of Defendant First Premier Bank. Michael S. Blume appeared on behalf of the Federal Trade Commission ("FTC"). The Court heard the parties on the 291 Motion for Discovery. After considering the importance of the information sought by Defendant First Premier Bank through its proposed deposition of FTC Official Burke Kappler, and weighing the burden on the FTC against the likely benefit of such deposition, the Court denies the request to depose Mr. Kappler. In lieu of a | Send Runner to Court |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | | |
|---|---|---|---|---|
| | | deposition, Defendant is granted leave to serve written questions on Mr. Kappler. The parties agreed to confer and file a joint letter setting forth deadlines for Defendant to serve those questions and the FTC to provide responses. (FTR: 10:35-11:25) (Tran, Tammy) (Entered: 12/08/2021) | | |
| 293 | 12/06/2021 | Letter to Judge Kuo re FTC Letters by First Premier Bank (Freeman, Bryan) (Entered: 12/06/2021) | View | Add to request |
| 292 | 12/02/2021 | RESPONSE to Motion re 291 MOTION for Discovery filed by Deborah Moss. (Simplicio, Kristen) (Entered: 12/02/2021) | Docket Status<br>View · Add to request |
| | 12/01/2021 | SCHEDULING ORDER: A Discovery Hearing regarding the 291 Motion for Discovery is scheduled by telephone for December 7, 2021 at 10:30 a.m. before Magistrate Judge Peggy Kuo. The parties are directed to call toll free (877) 336-1274 and input the Access Code 1453850 at the time of the Conference. No additional security code is needed. Once all parties are on the line, the call will be connected. (The parties are reminded that, pursuant to Local Civil Rule 1.8, they may not independently record any court proceedings. A transcript of the proceedings may be ordered from the Clerk's Office.) Ordered by Magistrate Judge Peggy Kuo on 12/1/2021. (O'Neil-Berven, Ryan) (Entered: 12/01/2021) | Send Runner to Court | |
| 291 | 11/30/2021 | MOTION for Discovery by United States Department of Justice. (Attachments: # 1 Exhibit Subpoena to FTC Official) (Blume, Michael) (Entered: 11/30/2021) | View | Add to request |
| 290 | 11/11/2021 | NOTICE of Appearance by James J. Long on behalf of First Premier Bank (notification declined or already on case) (Long, James) (Entered: 11/11/2021) | View | Add to request |
| 289 | 11/10/2021 | MOTION to Appear Pro Hac Vice of James Long Filing fee $ 150, receipt number ANYEDC-15020053. by First Premier Bank. (Long, James) (Entered: 11/10/2021) | View | Add to request |
| | 11/10/2021 | ORDER granting 289 Motion for Leave to Appear Pro Hac Vice. Attorney James J. Long is permitted to appear pro hac | Send Runner to Court | |

| | | | |
|---|---|---|---|
| | | vice on behalf of Defendant First Premier Bank. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that he receives electronic notification of activity in this case. Also, the attorney shall ensure the $150 admission fee be submitted to the Clerks Office via filing the event Pro Hac Vice Filing Fee. Ordered by Magistrate Judge Peggy Kuo on 11/10/2021. (O'Neil-Berven, Ryan) (Entered: 11/10/2021) | |
| | 11/10/2021 | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Peggy Kuo for all further proceedings. Magistrate Judge Anne Y. Shields no longer assigned to case Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such.Ordered by Chief Judge Margo K. Brodie on 11/10/2021. (Davis, Kimberly) (Entered: 11/10/2021) | Send Runner to Court |
| | 11/08/2021 | ORDER *** The briefing schedule on consent 288 is granted. The Clerk is directed to have this case reassigned to a Magistrate Judge in Brooklyn. Ordered by Judge Edward R. Korman on 11/8/2021. (Cohen, Talia) (Entered: 11/08/2021) | Send Runner to Court |
| 288 | 11/05/2021 | Letter to Judge Korman re Class Certification Briefing by First Premier Bank (Freeman, Bryan) (Entered: 11/05/2021) | Docket Status<br>View \| Add to request |
| | 11/04/2021 | Minute Entry for proceedings held before Magistrate Judge Anne Y. Shields:Settlement Conference held on 11/4/2021 (FTR Log # 10:54-10:56.) (Torres, Jasmine) (Entered: 11/10/2021) | Send Runner to Court |
| | 10/21/2021 | SCHEDULING ORDER re 287 Letter filed by First Premier Bank: A representative of Cincinnati Insurance Company, with full settlement authority, is permitted to attend the settlement conference on November 4, 2021 via Zoom, with video capability enabled. The representative | Send Runner to Court |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | shall remain connected via Zoom for the entirety of the settlement conference. Counsel for First Premier shall arrange the Zoom platform and provide the Zoom invitation via email at Shields_Chambers@nyed.uscourts.gov by November 1, 2021. So Ordered by Magistrate Judge Anne Y. Shields on 10/21/2021. (Minerva, Deanna) (Entered: 10/21/2021) |  |  |
| 287 | 10/20/2021 | Letter to Judge Shields Re Remote Attendance by First Premier Bank (Freeman, Bryan) (Entered: 10/20/2021) | View | Add to request |
| 286 | 10/08/2021 | NOTICE of Appearance by Gregory Edward Keller on behalf of All Plaintiffs (aty to be noticed) (Keller, Gregory) (Entered: 10/08/2021) | Docket Status View | Add to request |
|  | 10/05/2021 | SCHEDULING ORDER: The status conference previously scheduled for October 6, 2021 is cancelled. So Ordered by Magistrate Judge Anne Y. Shields on 10/5/2021. (Minerva, Deanna) (Entered: 10/05/2021) | Send Runner to Court |  |
| 285 | 09/29/2021 | Letter Cover Letter by Counsel for Plaintiff Deborah Moss accompanying service of Plaintiff's Motion for Class Certification and supporting papers by Deborah Moss (Kaplan, Darren) (Entered: 09/29/2021) | View | Add to request |
|  | 09/23/2021 | SCHEDULING ORDER re 284 Status Report filed by Deborah Moss: The parties' proposed schedule for the remainder of discovery, as set forth in their status report, is hereby adopted. Expert discovery shall be completed by December 21, 2021. Any party seeking to make a dispositive motion shall initiate that process, consistent with Judge Korman's Individual Rules, on or before January 31, 2022. The filing of a joint pre-trial order is suspended pending the outcome of any dispositive motions. The settlement conference scheduled for November 4, 2021 at 10:30 a.m. will proceed as scheduled. All counsel and their clients are directed to appear in person for the settlement conference in Courtroom 830, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New | Send Runner to Court |  |

| | | York. Counsel are reminded to email their Confidential Settlement Statements to chambers at Shields_Chambers@nyed.uscourts.gov by the close of business on November 1, 2021. So Ordered by Magistrate Judge Anne Y. Shields on 9/23/2021. (Minerva, Deanna) (Entered: 09/23/2021) | | |
| 284 | 09/22/2021 | STATUS REPORT Joint Status Report by Deborah Moss (Attachments: # 1 Proposed Order) (Kaplan, Darren) (Entered: 09/22/2021) | View | Add to request |
| 282 | 08/18/2021 | Letter to Judge Shields re Plaintiff's Request for Clarification by First Premier Bank (Druck, Judah) (Entered: 08/18/2021) | View | Add to request |
| | 08/18/2021 | SCHEDULING ORDER re 281 Letter filed by Deborah Moss: The Court's Order dated August 17, 2021 is clarified to state that the thirty-day extension begins to run from the date of the Order, setting the deadline for service of Plaintiff's expert report as September 1, 2021. However, since the parties only appeared before the Court yesterday, after the expiration of the original deadline for Plaintiff to serve her expert report, the Court will grant Plaintiff thirty (30) days from the date of the August 17, 2021 Order to serve her expert report. Counsel shall report back to the Court on September 22, 2021, as previously directed. So Ordered by Magistrate Judge Anne Y. Shields on 8/18/2021. (Minerva, Deanna) (Entered: 08/18/2021) | Send Runner to Court | |
| 283 | 08/17/2021 | Minute Entry for proceedings held before Magistrate Judge Anne Y. Shields:Discovery Hearing held on 8/17/2021 (FTR Log # 10:35-10:58.) (Torres, Jasmine) (Entered: 08/20/2021) | View | Add to request |
| 281 | 08/17/2021 | Letter Request for Clarification of Order by Deborah Moss (Kaplan, Darren) (Entered: 08/17/2021) | View | Add to request |
| | 08/17/2021 | ORDER granting 278 Motion for Discovery: After considering the parties' arguments during the discovery conference held today, and taking into account the length of this action as well as the uncertainty as to whether any extension will move this case forward to a reasonable | Send Runner to Court | |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

disposition, the Court grants Plaintiff an additional thirty (30) days to obtain the data she seeks from the FTC. Despite the stay of discovery having been lifted in this action one year ago, this case is languishing in the fact discovery stage. Accordingly, after balancing the fairness to the parties and the need to resolve this case in a reasonable time, the Court finds thirty (30) days to be an appropriate extension. Counsel for the parties shall submit a joint status letter on or before September 22, 2021, at which point the Court will determine an end date for all discovery. So Ordered by Magistrate Judge Anne Y. Shields on 8/17/2021. (Minerva, Deanna) (Entered: 08/17/2021)

| 280 | 08/16/2021 | NOTICE of Appearance by Lauren Kuhlik on behalf of Deborah Moss (notification declined or already on case) (Kuhlik, Lauren) (Entered: 08/16/2021) | View | Add to request |
| | 08/16/2021 | ORDER granting 279 Motion for Leave to Appear Pro Hac Vice: The attorney shall register for ECF; registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of all activity in this case. So Ordered by Magistrate Judge Anne Y. Shields on 8/16/2021. (Minerva, Deanna) (Entered: 08/16/2021) | Send Runner to Court | |
| 279 | 08/13/2021 | MOTION to Appear Pro Hac Vice Motion to Appear Pro Hac Vice for Attorney Lauren Kuhlik Filing fee $ 150, receipt number ANYEDC-14749124. by Deborah Moss. (Attachments: # 1 Affidavit, # 2 Certificate of Good Standing) (Kuhlik, Lauren) (Entered: 08/13/2021) | View | Add to request |
| | 08/11/2021 | SCHEDULING ORDER re 278 Joint MOTION for Discovery Motion for Scheduling Conference filed by Deborah Moss: A telephone conference will be held on August 17, 2021 at 10:30 a.m. All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911 when prompted. So Ordered by | Send Runner to Court | |

Magistrate Judge Anne Y. Shields on 8/11/2021. (Minerva, Deanna) (Entered: 08/11/2021)

| | | | Docket Status | |
|---|---|---|---|---|
| 278 | 08/10/2021 | Joint MOTION for Discovery Motion for Scheduling Conference by Deborah Moss. (Kaplan, Darren) (Entered: 08/10/2021) | View | Add to request |
| | 07/20/2021 | SCHEDULING ORDER re 277 Letter filed by Deborah Moss: A settlement conference will be held on November 4, 2021 at 10:30 a.m. in Courtroom 830, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New York. All counsel and their clients shall appear in person. Counsel are directed to consult this Court's Individual Rules with respect to pre-settlement conference procedures. Each party shall email their confidential Settlement Statement to Shields_Chambers@nyed.uscourts.gov by close of business on November 1, 2021. So Ordered by Magistrate Judge Anne Y. Shields on 7/20/2021. (Minerva, Deanna) (Entered: 07/20/2021) | Send Runner to Court | |
| 277 | 07/19/2021 | Letter Letter Proposing Agreed Dates for Settlement Conference by Deborah Moss (Kaplan, Darren) (Entered: 07/19/2021) | View | Add to request |
| | 07/13/2021 | AMENDED SCHEDULING ORDER: The Court's Scheduling Order dated July 12, 2021 is amended to state as follows: If the parties would like this Court to conduct a settlement conference, counsel shall confer and submit, on or before July 19, 2021, at least three (3) dates IN NOVEMBER 2021 on which all counsel and their clients are available for an in-person settlement conference to be held in the Long Island Courthouse in Central Islip, New York. All other aspects of the July 12, 2021 Scheduling Order remain the same. So Ordered by Magistrate Judge Anne Y. Shields on 7/13/2021. (Minerva, Deanna) (Entered: 07/13/2021) | Send Runner to Court | |
| | 07/12/2021 | SCHEDULING ORDER re 276 Proposed Scheduling Order filed by Deborah Moss: The parties' proposed Scheduling Order is adopted, except with respect to the holding of a settlement conference. Expert discovery shall | Send Runner to Court | |

|  |  |  |  |
|---|---|---|---|
|  |  | be completed, as set forth in the proposed order, by October 29, 2021. Any party seeking to make a dispositive motion shall initiate that process, consistent with Judge Korman's Individual Rules, on or before December 30, 2021. A joint pre-trial order shall be filed on or before January 31, 2022. If the parties would like this Court to conduct a settlement conference, counsel shall confer and submit, on or before July 19, 2021, at least three (3) dates on which all counsel and their clients are available for an in-person settlement conference to be held in the Long Island Courthouse in Central Islip, New York. Settlement Statements shall be submitted simultaneously, via email, three (3) days prior to the scheduled settlement conference. So Ordered by Magistrate Judge Anne Y. Shields on 7/12/2021. (Minerva, Deanna) (Entered: 07/12/2021) |  |
| 276 | 07/09/2021 | Proposed Scheduling Order Joint Proposed Revised Scheduling Order by Deborah Moss (Kaplan, Darren) (Entered: 07/09/2021) | Docket Status [View] [Add to request] |
| 275 | 07/08/2021 | NOTICE of Appearance by Erica Holzer on behalf of First Premier Bank (notification declined or already on case) (Holzer, Erica) (Entered: 07/08/2021) | [View] [Add to request] |
|  | 07/08/2021 | ORDER granting 273 Motion for Leave to Appear Pro Hac Vice: Erica Holzer is permitted to argue or try this case, in whole or in part, as counsel for Defendant First Premier Bank. The attorney shall register for ECF; registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of all activity in this case. So Ordered by Magistrate Judge Anne Y. Shields on 7/8/2021. (Minerva, Deanna) (Entered: 07/08/2021) | [Send Runner to Court] |
|  | 07/08/2021 | ORDER granting 274 Motion for Protective Order: So Ordered by Magistrate Judge Anne Y. Shields on 7/8/2021. (Minerva, Deanna) (Entered: 07/08/2021) | [Send Runner to Court] |
| 274 | 07/07/2021 | Joint MOTION for Protective Order Motion for Entry of Stipulated | [View] [Add to request] |

|  |  |  |  |
|---|---|---|---|
|  |  | Amended Protective Order by Deborah Moss. (Attachments: # 1 Proposed Order) (Kaplan, Darren) (Entered: 07/07/2021) |  |
| 273 | 07/07/2021 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-14632767. by First Premier Bank. (Attachments: # 1 Declaration Declaration in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Exhibit Certificate of Good Standing for Erica Holzer) (Holzer, Erica) (Entered: 07/07/2021) | View / Add to request |
|  | 07/02/2021 | ORDER granting 271 Motion for Extension of Time to Complete Discovery: The Court finds that Plaintiff has demonstrated good cause for an extension of discovery. Fact discovery is extended thirty (30) days, as requested. Counsel for the parties are directed to confer and to submit, on or before July 9, 2021, a revised schedule for expert discovery, the initiation of dispositive motions, and the filing of a joint pre-trial order. The proposed expert discovery schedule shall be tiered, as set forth in the prior discovery orders of the Court. So Ordered by Magistrate Judge Anne Y. Shields on 7/2/2021. (Minerva, Deanna) (Entered: 07/02/2021) | Send Runner to Court |
| 272 | 06/29/2021 | RESPONSE to Motion re 271 Letter MOTION for Extension of Time to Complete Discovery filed by First Premier Bank. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Freeman, Bryan) (Entered: 06/29/2021) | View / Add to request |
| 271 | 06/29/2021 | Letter MOTION for Extension of Time to Complete Discovery by Deborah Moss. (Kaplan, Darren) (Entered: 06/29/2021) | View / Add to request |

| | | | |
|---|---|---|---|
| | 06/22/2021 | ORDER as to 267 Appeal of Magistrate Judge Decision to District Court filed by First Premier Bank *** Defendant's objections to the Magistrate's discovery rulings are rejected in their entirety. The Magistrate's rulings are not clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). It is well-settled that "the courts have not hesitated to sustain objections to burdensome or unreasonable" interrogatories. Empire Sci. Corp. v. Pickering & Co., 44 F.R.D. 5, 7 (E.D.N.Y. 1968) (Mishler, J. ); see also 8B Wright & Miller, Fed. Prac. & Proc. § 2167 (observing that courts may overrule unduly broad interrogatories). The Magistrate reasonably concluded that defendant's interrogatories were overly broad and required the equivalent of "a legal brief that will be presented in the event that [d]efendant moves for summary judgment" or if plaintiff moves for class certification. As the Magistrate observed, defendant will have the opportunity to pose questions to the plaintiff at her deposition and accordingly to discover the factual matters raised in these interrogatories. Ordered by Judge Edward R. Korman on 6/22/2021 (Rosh, Samuel). Modified on 6/22/2021 (Cohen, Talia). (Entered: 06/22/2021) | Send Runner to Court |
| 270 | 06/18/2021 | REPLY in Support re 267 Appeal of Magistrate Judge Decision to District Court filed by First Premier Bank. (Freeman, Bryan) (Entered: 06/18/2021) | View  Add to request |
| 269 | 06/18/2021 | MEMORANDUM in Opposition re 267 Appeal of Magistrate Judge Decision to District Court from Plaintiff Deborah Moss filed by First Premier Bank. (Freeman, Bryan) (Entered: 06/18/2021) | View  Add to request |
| 268 | 06/18/2021 | MEMORANDUM in Support re 267 Appeal of Magistrate Judge Decision to District Court filed by First Premier Bank. (Attachments: # 1 Exhibit A) (Freeman, Bryan) (Entered: 06/18/2021) | View  Add to request |
| 267 | 06/18/2021 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by First Premier Bank re 260 | View  Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | |
|---|---|---|---|
| | | Order, (Freeman, Bryan) (Entered: 06/18/2021) | |
| | 06/17/2021 | ORDER granting 266 Motion for Extension of Time to Complete Discovery. So Ordered by Magistrate Judge Anne Y. Shields on 6/17/2021. (Minerva, Deanna) (Entered: 06/17/2021) | Send Runner to Court |
| 266 | 06/16/2021 | Joint MOTION for Extension of Time to Complete Discovery Motion to take One Additional Fact-Discovery Deposition after June 30, 2021 by Deborah Moss. (Kaplan, Darren) (Entered: 06/16/2021) | View / Add to request |
| | 06/14/2021 | ORDER granting 265 Motion for Extension of Time to Complete Discovery: The parties are afforded until July 30, 2021 to conduct the four depositions identified in their joint application. All other deadlines remain in effect. So Ordered by Magistrate Judge Anne Y. Shields on 6/14/2021. (Minerva, Deanna) (Entered: 06/14/2021) | Send Runner to Court |
| 265 | 06/11/2021 | Joint MOTION for Extension of Time to Complete Discovery (Motion to take Four Fact-Discovery Depositions after June 30, 2021 by Deborah Moss. (Kaplan, Darren) (Entered: 06/11/2021) | View / Add to request |
| 264 | 06/10/2021 | NOTICE of Appearance by Jason Henry Alperstein on behalf of Deborah Moss (aty to be noticed) (Alperstein, Jason) (Entered: 06/10/2021) | Docket Status<br>View / Add to request |
| 263 | 05/26/2021 | Letter Confirming Service of Defendant's Motion to Sustain Fed. R. Civ. P. 72(a) Objections by First Premier Bank (Freeman, Bryan) (Entered: 05/26/2021) | View / Add to request |
| | 05/15/2021 | ORDER re 261 Letter filed by Deborah Moss: Plaintiff's correspondence points out that litigation funding documents (which the Court held need not be produced) do, in fact, exist. The confusion regarding the existence of such documents arises out of reference to such documents in a privilege log, as set forth in Exhibits A and B to Docket Entry 259, alongside the reference in Docket Entry 259, that litigation funding was not obtained. In any event, Plaintiff takes no issue with the Court's holding that, whether or not such documents exist, they remain | Send Runner to Court |

| | | | | |
|---|---|---|---|---|
| | | outside the scope of discovery. In light of Plaintiff's letter, the Court hereby amends is decision to reflect the existence of "litigation funding documents," but not any actual "litigation funding." The holding that any such documents need to be produced is unchanged - they are not within the scope of discovery. So Ordered by Magistrate Judge Anne Y. Shields on 5/15/2021. (Minerva, Deanna) (Entered: 05/15/2021) | | |
| 261 | 05/14/2021 | Letter Regarding Order of May 12, 2021 by Deborah Moss (Kaplan, Darren) (Entered: 05/14/2021) | View | Add to request |
| 262 | 05/12/2021 | Minute Entry for proceedings held before Magistrate Judge Anne Y. Shields:Discovery Hearing held on 5/12/2021 (FTR Log # 11:33-11:45.) (Torres, Jasmine) (Entered: 05/14/2021) | View | Add to request |
| 260 | 05/12/2021 | ORDER re 259 Letter filed by First Premier Bank, 258 Letter filed by Deborah Moss: The parties are directed to see the attached Order for rulings on the discovery dispute raised by the parties. So Ordered by Magistrate Judge Anne Y. Shields on 5/12/2021. (Minerva, Deanna) (Entered: 05/12/2021) | View | Add to request |
| 259 | 05/10/2021 | Letter Regarding Discovery Dispute by First Premier Bank (Attachments: # 1 Exhibit A (Discovery Requests/Responses), # 2 Exhibit B (Privilege Log)) (Freeman, Bryan) (Entered: 05/10/2021) | View | Add to request |
| 258 | 05/10/2021 | Letter Advising the Court of Position as to Discovery Disputes by Deborah Moss (Kaplan, Darren) (Entered: 05/10/2021) | View | Add to request |
| | 05/10/2021 | SCHEDULING ORDER: Based on counsel's telephone call to chambers advising of a discovery dispute, a telephone conference will be held on May 12, 2021 at 11:30 a.m. All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911 when prompted. In addition, counsel for each party shall file a letter on ECF by the close of business today, May 10, 2021, advising the Court of their respective positions as to the current discovery dispute. So | Send Runner to Court | |

| | | | |
|---|---|---|---|
| | | Ordered by Magistrate Judge Anne Y. Shields on 5/10/2021. (Minerva, Deanna) (Entered: 05/10/2021) | |
| | 03/31/2021 | SCHEDULING ORDER: The parties are reminded of the discovery deadlines put in place by this Court on February 19, 2021 and to adhere thereto. A status conference will be held on October 6, 2021 at 11:00 a.m., by telephone. All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and to enter Access Code 9005911 when prompted. So Ordered by Magistrate Judge Anne Y. Shields on 3/31/2021. (Minerva, Deanna) (Entered: 03/31/2021) | Send Runner to Court |
| | 03/30/2021 | ORDER re 254 Appeal of Magistrate Judge Decision *** Defendant's objections to the Magistrate's discovery rulings are rejected in their entirety. The Magistrate's rulings are not clearly erroneous or contrary to law. Although the database that plaintiff seeks is undoubtedly large, the Magistrate carefully considered whether the information that plaintiff is entitled to could be obtained in a less burdensome manner and reasonably concluded that it could not be. See Tr. of Oral Arg. 246 . Similarly, the Magistrate reasonably concluded that the settlement agreement did not need to be produced because the matter had already been raised and decided some years earlier. Although the Magistrate was not precluded from reconsidering the issue, she nonetheless was permitted to avoid revisiting a matter that had been previously decided. This case has lingered on the docket for seven and a half years. The Magistrate should continue to ensure that the case proceeds expeditiously so that it can finally be resolved on the merits. Ordered by Judge Edward R. Korman on 3/30/2021 (Rosh, Samuel). (Entered: 03/30/2021) | Send Runner to Court |
| 257 | 03/26/2021 | REPLY in Support re 254 Appeal of Magistrate Judge Decision to District Court filed by First Premier Bank. (Freeman, Bryan) (Entered: 03/26/2021) | Docket Status  View   Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | |
|---|---|---|---|
| 256 | 03/26/2021 | MEMORANDUM in Opposition re 254 Appeal of Magistrate Judge Decision to District Court from Plaintiff Deborah Moss filed by First Premier Bank. (Freeman, Bryan) (Entered: 03/26/2021) | Docket Status  View  Add to request |
| 255 | 03/26/2021 | MEMORANDUM in Support re 254 Appeal of Magistrate Judge Decision to District Court filed by First Premier Bank. (Freeman, Bryan) (Entered: 03/26/2021) | Docket Status  View  Add to request |
| 254 | 03/26/2021 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by First Premier Bank re Order on Motion for Protective Order,,,,,, Order on Motion to Compel,,,,, (Freeman, Bryan) (Entered: 03/26/2021) | Docket Status  View  Add to request |
| | 03/25/2021 | ORDER granting 253 Motion for Protective Order. So Ordered by Magistrate Judge Anne Y. Shields on 3/25/2021. (Minerva, Deanna) (Entered: 03/25/2021) | Send Runner to Court |
| 253 | 03/24/2021 | Joint MOTION for Protective Order by First Premier Bank. (Attachments: # 1 Proposed Order) (Freeman, Bryan) (Entered: 03/24/2021) | View  Add to request |
| | 03/22/2021 | ORDER *** The defendant served Rule 72 objections 244 to the Magistrate's discovery ruling on February 25, 2021. If the defendant intends to ask me to review the Magistrate's ruling, it should file those objections by March 26, 2021. Plaintiff should file her response by that same date. Ordered by Judge Edward R. Korman on 3/22/2021 (Rosh, Samuel). (Entered: 03/22/2021) | Send Runner to Court |
| 252 | 03/18/2021 | ORDER granting 242 Motion for Reconsideration: For the reasons contained in the attached Order, Defendant's motion for reconsideration is granted and, upon reconsideration, the Court adheres to the rulings rendered on February 11, 2021. So Ordered by Magistrate Judge Anne Y. Shields on 3/18/2021. (Minerva, Deanna) (Entered: 03/18/2021) | View  Add to request |
| 251 | 03/10/2021 | Letter to Hon. Anne Y. Shields, U.S.M.J. by Deborah Moss (Kaplan, Darren) (Entered: 03/10/2021) | View  Add to request |
| 250 | 03/10/2021 | Letter to Judge Shields Re Provision of FTC Objection Letter and Objections by First Premier | View  Add to request |

| | | Bank (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Freeman, Bryan) (Entered: 03/10/2021) | | |
|---|---|---|---|---|
| 249 | 03/05/2021 | REPLY in Support re 242 Notice of MOTION for Reconsideration re Order on Motion for Protective Order,,,,,, Order on Motion to Compel,,,,, filed by First Premier Bank. (Freeman, Bryan) (Entered: 03/05/2021) | View | Add to request |
| 248 | 03/04/2021 | Letter to Hon. Anne Y. Shields, U.S.M.J. by Deborah Moss (Kaplan, Darren) (Entered: 03/04/2021) | View | Add to request |
| 247 | 03/03/2021 | MEMORANDUM in Opposition re 242 Notice of MOTION for Reconsideration re Order on Motion for Protective Order,,,,,, Order on Motion to Compel,,,,, filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/03/2021) | View | Add to request |
| 246 | 03/02/2021 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on February 11, 2021, before Magistrate Judge Anne Y. Shields. Transcriber Writer's Cramp, Inc., Telephone number 609-588-8043. Email address: wtrscramp@verizon.net. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2021. Redacted Transcript Deadline set for 4/2/2021. Release of Transcript Restriction set for 5/31/2021. (Rodin, Deanna) (Entered: 03/02/2021) | View | Add to request |
| 245 | 03/02/2021 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on October 16, 2020, before Magistrate Judge Anne Y. Shields. Transcriber Writer's Cramp, Inc., Telephone number 609-588-8043. Email address: wtrscramp@verizon.net. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2021. Redacted Transcript Deadline set for 4/2/2021. Release | View | Add to request |

|  |  |  |  |
|---|---|---|---|
|  |  | of Transcript Restriction set for 5/31/2021. (Rodin, Deanna) (Entered: 03/02/2021) |  |
| 244 | 02/25/2021 | Letter Confirming Service of Defendant's Motion to Sustain Fed. R. Civ. P. 72(a) Objections by First Premier Bank (Freeman, Bryan) (Entered: 02/25/2021) | Docket Status  View  Add to request |
| 243 | 02/22/2021 | MEMORANDUM in Support re 242 Notice of MOTION for Reconsideration re Order on Motion for Protective Order,,,,,, Order on Motion to Compel,,,,, filed by First Premier Bank. (Freeman, Bryan) (Entered: 02/22/2021) | Docket Status  View  Add to request |
| 242 | 02/22/2021 | Notice of MOTION for Reconsideration re Order on Motion for Protective Order,,,,,, Order on Motion to Compel,,,,, by First Premier Bank. (Freeman, Bryan) (Entered: 02/22/2021) | Docket Status  View  Add to request |
|  | 02/19/2021 | SCHEDULING ORDER re 240 Letter filed by First Premier Bank: The parties' proposed briefing schedule is approved as follows: (1) Defendant shall file its motion for reconsideration on February 22, 2021; (2) Plaintiff shall file her opposition on March 3, 2021; and, (3) Defendant shall file its reply on March 5, 2021. Defendant shall provide chambers with a courtesy copy of the entire fully-briefed motion, including Plaintiff's opposition, once the motion is fully briefed. So Ordered by Magistrate Judge Anne Y. Shields on 2/19/2021. (Minerva, Deanna) (Entered: 02/19/2021) | Send Runner to Court |
|  | 02/19/2021 | SCHEDULING ORDER re 241 Proposed Scheduling Order filed by Deborah Moss: The Court declines to adopt the parties' proposed discovery schedule and enters the following discovery deadlines: (1) Fact discovery shall be completed by June 30, 2021; (2) Expert discovery shall be completed by September 30, 2021; (3) Any party seeking to make a dispositive motion shall initiate that process, consistent with Judge Korman's Individual Rules, on or before November 1, 2021; and, (4) A joint pre-trial order shall be filed on or before December 1, 2021. Given the age of this action, the Court finds the | Send Runner to Court |

schedule proposed by the parties to be excessive. The parties are permitted to request extensions of the foregoing discovery scheduled, as needed, upon a demonstration of good cause. So Ordered by Magistrate Judge Anne Y. Shields on 2/19/2021. (Minerva, Deanna) (Entered: 02/19/2021)

| | | | |
|---|---|---|---|
| 241 | 02/18/2021 | Proposed Scheduling Order Proposed Joint Discovery Scheduling Order by Deborah Moss (Kaplan, Darren) (Entered: 02/18/2021) | View  Add to request |
| 240 | 02/18/2021 | Letter Regarding Briefing Schedule by First Premier Bank (Freeman, Bryan) (Entered: 02/18/2021) | Docket Status  View  Add to request |
| 239 | 02/11/2021 | Minute Entry for proceedings held before Magistrate Judge Anne Y. Shields:Oral Argument held on 2/11/2021 (FTR Log # 11:31-11:58.) (Torres, Jasmine) (Entered: 02/11/2021) | Docket Status  View  Add to request |
| | 02/11/2021 | ORDER denying 235 Motion for Protective Order; denying 235 Motion to Compel: For the reasons stated on the record during the motion hearing held today, Defendant First Premier Bank's motion to compel production of information relating to Plaintiff's prior settlement with Bay Cities is denied. Judge Brown already ruled on this exact issue when he was the assigned Magistrate Judge. Nothing has changed since Judge Brown issued that decision. Nor is there any procedural vehicle to challenge that decision since Defendant did not move to reconsider the decision or appeal it to the District Court. Accordingly, the motion to compel is denied. Defendant's motion for a protective order with respect to Plaintiff's Request for Production No. 5 is also denied. The Court finds that the information requested by Plaintiff is relevant to her claims and not accessible by any other means. Defendant is directed to disclose to Plaintiff all of the information requested, limited to the less than two-year period identified by the parties. Since there is a confidentiality order in place in this action, there is no need to redact any | Send Runner to Court |

| | | | |
|---|---|---|---|
| | | of the documents produced by Defendant. Counsel for the parties are directed to confer and to file a proposed joint discovery schedule within one (1) week, with dates certain, to make this action dispositive motion practice or trial ready. So Ordered by Magistrate Judge Anne Y. Shields on 2/11/2021. (Minerva, Deanna) (Entered: 02/11/2021) | |
| | 02/11/2021 | ORDER granting 238 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the 150 admission fee be submitted to the Clerks Office via filing the event Pro Hac Vice Filing Fee. Ordered by Judge Edward R. Korman on 2/11/2021. (Magnas, Talia) (Entered: 02/11/2021) | Send Runner to Court |
| 238 | 02/10/2021 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-14125170. by Deborah Moss. (Attachments: # 1 Affidavit in Support of Motion to Admit Counsel Pro Hac Vice, # 2 CA Certificate of Good Standing, # 3 DC Certificate of Good Standing) (Simplicio, Kristen) (Entered: 02/10/2021) | View   Add to request |
| | 02/03/2021 | SCHEDULING ORDER re 235 MOTION for Protective Order MOTION to Compel filed by First Premier Bank : Oral argument with respect to Defendant's motion for a protective order and to compel will be held on February 11, 2021 at 11:30 a.m., by telephone. All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911 when prompted. So Ordered by Magistrate Judge Anne Y. Shields on 2/3/2021. (Minerva, Deanna) (Entered: 02/03/2021) | Send Runner to Court |
| 237 | 11/20/2020 | AFFIDAVIT/DECLARATION in Opposition re 235 MOTION for Protective Order MOTION to Compel filed by Deborah Moss. (Attachments: # 1 Exhibit Exhibit 1 (Transcript of 03/01/2018 Hearing), | View   Add to request |

|     |            | # 2 Exhibit Exhibit 2 (Class Definition from Third Amended Complaint), # 3 Exhibit Exhibit 3 (Declaration of Matt Keiper dated 10/25/2019)) (Kaplan, Darren) (Entered: 11/20/2020) | |
|-----|------------|---|---|
| 236 | 11/20/2020 | MEMORANDUM in Opposition re 235 MOTION for Protective Order MOTION to Compel filed by Deborah Moss. (Kaplan, Darren) (Entered: 11/20/2020) | **Docket Status** <br> View   Add to request |
| 235 | 11/20/2020 | MOTION for Protective Order , MOTION to Compel by First Premier Bank. (Attachments: # 1 Memorandum in Support of Motions, # 2 Declaration of Bryan R. Freeman, # 3 Exhibit A - Discovery Requests at Issue, # 4 Exhibit B - First Premier Discovery Proposal, # 5 Exhibit C - Moss Discovery Counterproposal, # 6 Exhibit D - Consilio Proposal, # 7 Exhibit E - First Premier Discovery Letter, # 8 Exhibit F - Litigation Hold to FTC, # 9 Exhibit G - FTC Correspondence, # 10 Exhibit H - First Premier Letter to FTC, # 11 Exhibit I - Moss Letter to FTC, # 12 Exhibit J - Moss Initial Disclosures, # 13 Exhibit K - FTC Check to Moss, # 14 Exhibit L - Email From Moss Counsel, # 15 Exhibit M - Letter to TD Bank, # 16 Exhibit N - TD Bank Letter to Moss, # 17 Declaration of Matt Keiper) (Freeman, Bryan) (Entered: 11/20/2020) | View   Add to request |
| 234 | 11/13/2020 | Letter Confirming Service of Defendant's Motions for Protective Order and to Compel by First Premier Bank (Freeman, Bryan) (Entered: 11/13/2020) | View   Add to request |
| 233 | 11/11/2020 | NOTICE of Change of Firm Address Once the filing has been made, you must login to www.pacer.gov and update your account. (Attachments: # 1 Certificate of Service) (Kaplan, Darren) (Entered: 11/11/2020) | View   Add to request |
|     | 11/02/2020 | SCHEDULING ORDER re 232 Status Report filed by First Premier Bank: The parties shall brief both issues outlined in their joint status report together in one motion, not to exceed ten (10) pages each. Moving papers shall be served, but not filed, on November 13, 2020. Opposition shall be served, | Send Runner to Court |

|     |            |                                                                                                                                                                                                                                                                                                                                                |                                  |
| --- | ---------- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | -------------------------------- |
|     |            | and each party shall electronically file their own motion papers, on November 20, 2020. No reply will be permitted. The moving party is responsible for providing chambers with a courtesy copy of the entire fully-briefed motion, including opposition, once the motion has been electronically filed. So Ordered by Magistrate Judge Anne Y. Shields on 11/2/2020. (Minerva, Deanna) (Entered: 11/02/2020) |                                  |
| 232 | 10/30/2020 | STATUS REPORT Joint by First Premier Bank (Freeman, Bryan) (Entered: 10/30/2020)                                                                                                                                                                                                                                                                | Docket Status  View  Add to request |
| 231 | 10/16/2020 | Minute Entry for proceedings held before Magistrate Judge Anne Y. Shields:Status Conference held on 10/16/2020 (FTR Log # 11:03-11:31.) (Torres, Jasmine) (Entered: 10/16/2020)                                                                                                                                                                  | View  Add to request             |
|     | 10/16/2020 | ORDER granting in part and denying in part 226 Motion for Discovery: The Court declines to adopt the parties' proposed discovery schedule at this time in light of the issues raised during the conference held earlier today. As stated on the record during the conference, counsel for the parties shall submit a joint status letter on October 30, 2020, advising: (1) whether the parties have reached an agreement with respect to the issue of document production by Defendant; (2) whether the parties can pursue settlement without litigating the issue related to Defendant's document production; and (3) if not, setting forth a briefing schedule regarding the issue of document production by Defendant, not to exceed 1-2 weeks per side, with Defendant as the moving party. No reply will be permitted on the motion. The joint status letter shall also set forth the parties' respective positions with respect to the remaining discovery issue with respect to Plaintiff's production. So Ordered by Magistrate Judge Anne Y. Shields on 10/16/2020. (Minerva, Deanna) (Entered: 10/16/2020) | Send Runner to Court             |
| 230 | 10/14/2020 | Letter Join Pre-Conference Letter to Magistrate Judge Shields by Deborah Moss (Kaplan, Darren) (Entered: 10/14/2020)                                                                                                                                                                                                                            | Docket Status  View  Add to request |

229  10/07/2020  SCHEDULING ORDER: Due to a conflict in the Court's calendar, the telephone conference scheduled for October 15, 2020 is adjourned to October 16, 2020 at 11:00 a.m. All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911 when prompted. Counsel are also directed to consult and comply with the attached Order. So Ordered by Magistrate Judge Anne Y. Shields on 10/7/2020. (Minerva, Deanna) (Entered: 10/07/2020)

View   Add to request

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | | |
|---|---|---|---|---|
| 228 | 10/05/2020 | Letter MOTION to Adjourn Conference by First Premier Bank. (Freeman, Bryan) (Entered: 10/05/2020) | View | Add to request |
| | 10/05/2020 | ORDER granting 228 Motion to Adjourn Conference: The status conference scheduled for October 8, 2020 is adjourned to October 15, 2020 at 10:00 a.m. All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911 when prompted. So Ordered by Magistrate Judge Anne Y. Shields on 10/5/2020. (Minerva, Deanna) (Entered: 10/05/2020) | Send Runner to Court | |
| | 10/01/2020 | SCHEDULING ORDER re 227 Letter filed by First Premier Bank: The Court is not available on the dates/times proposed by the parties. Counsel for the parties shall confer and submit three dates on which all counsel are available for a status conference by October 5, 2020. Counsel are expected to provide more than a few hours of availability on the dates proposed. So Ordered by Magistrate Judge Anne Y. Shields on 10/1/2020. (Minerva, Deanna) (Entered: 10/01/2020) | Send Runner to Court | |
| 227 | 09/30/2020 | Letter to Judge Shields Regarding Adjournment by First Premier Bank (Freeman, Bryan) (Entered: 09/30/2020) | View | Add to request |
| | 09/29/2020 | ORDER finding as moot 210 Motion for Leave to File. Ordered by Judge Edward R. Korman on 9/29/2020. (Magnas, Talia) (Entered: 09/29/2020) | Send Runner to Court | |
| | 09/29/2020 | SCHEDULING ORDER re 226 Joint MOTION for Discovery Set Discovery and Motion Deadlines filed by Deborah Moss: A status conference will be held on October 8, 2020 at 10:30 a.m., by telephone. All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911. Counsel shall be prepared to discuss discovery as well as dates for a settlement conference. So Ordered by Magistrate Judge Anne Y. Shields on 9/29/2020. (Minerva, Deanna) (Entered: 09/29/2020) | Send Runner to Court | |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| 226 | 09/23/2020 | Joint MOTION for Discovery Set Discovery and Motion Deadlines by Deborah Moss. (Kaplan, Darren) (Entered: 09/23/2020) | Docket Status [View] [Add to request] |
|---|---|---|---|
| 225 | 09/02/2020 | ORDER denying 202 Motion for Partial Summary Judgment. The stay of discovery is vacated. Ordered by Judge Edward R. Korman on 9/2/2020. (Rosh, Samuel) (Entered: 09/02/2020) | Docket Status [View] [Add to request] |
| 224 | 06/10/2020 | Letter Regarding Supplemental Authority by First Premier Bank (Freeman, Bryan) (Entered: 06/10/2020) | [View] [Add to request] |
| 223 | 06/04/2020 | RESPONSE in Opposition re 202 Notice of MOTION for Partial Summary Judgment Subsequently Decided Authority filed by Deborah Moss. (Attachments: # 1 Exhibit Decision of the United States Court of Appeals for the Second Circuit in United States v. Grote, Nos. 18-181(L), 18-184(CON), 18-1802) (Kaplan, Darren) (Entered: 06/04/2020) | [View] [Add to request] |
|  | 02/12/2020 | ORDER granting 222 Motion to Vacate: In light of Judge Korman's Order staying discovery, the discovery schedule previously set is hereby vacated. New deadlines will be set following resolution of the pending motion for summary judgment, if necessary. So Ordered by Magistrate Judge Anne Y. Shields on 2/12/2020. (Minerva, Deanna) (Entered: 02/12/2020) | [Send Runner to Court] |
| 222 | 02/07/2020 | Joint MOTION to Vacate 192 Scheduling Order, by Deborah Moss. (Kaplan, Darren) (Entered: 02/07/2020) | [View] [Add to request] |
| 221 | 01/24/2020 | MEMORANDUM in Opposition re 210 Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply in Response to Motion for Partial Summary Judgment , MEMORANDUM in Support re 202 Notice of MOTION for Partial Summary Judgment and Stay filed by First Premier Bank. (Freeman, Bryan) (Entered: 01/24/2020) | Docket Status [View] [Add to request] |
|  | 01/22/2020 | Case reassigned to Magistrate Judge Anne Y. Shields. Magistrate Judge Gary R. Brown no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys | [Send Runner to Court] |

|  |  | are responsible for providing courtesy copies to judges where their Individual Practices require such. Motions referred to Anne Y. Shields. (Russo, Eric) (Entered: 01/22/2020) |  |  |
| 220 | 01/17/2020 | REPLY in Opposition re Order on Motion for Leave to File, 202 Notice of MOTION for Partial Summary Judgment Sur-Reply in Opposition to Motion for Partial Summary Judgment (Leave granted 01/10/2019) filed by Deborah Moss. (Kaplan, Darren) (Entered: 01/17/2020) | View | Add to request |
|  | 01/10/2020 | ORDER granting 211 Motion for Leave to File *** Plaintiff's motion for leave to file a sur-reply is granted. Plaintiffs sur-reply must be filed by 1/17/2020. Defendants response memorandum must not exceed five (5) pages and must be filed by 1/24/2020. Ordered by Judge Edward R. Korman on 1/10/2020. (Caros, Nicholas) (Entered: 01/10/2020) | Send Runner to Court |  |
|  | 01/10/2020 | ORDER re 202 Notice of MOTION for Partial Summary Judgment filed by First Premier Bank *** Class discovery is hereby stayed pending resolution of 202 defendant's motion for partial summary judgment. Ordered by Judge Edward R. Korman on 1/10/2020. (Caros, Nicholas) (Entered: 01/10/2020) | Send Runner to Court |  |
| 219 | 12/30/2019 | REPLY in Support re 211 Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply filed by Deborah Moss. (Kaplan, Darren) (Entered: 12/30/2019) | View | Add to request |
| 218 | 12/23/2019 | AFFIDAVIT/DECLARATION in Opposition re 211 Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply filed by First Premier Bank. (Attachments: # 1 Exhibit A) (Druck, Judah) (Entered: 12/23/2019) | View | Add to request |
| 217 | 12/23/2019 | MEMORANDUM in Opposition re 211 Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply filed by First Premier Bank. (Druck, Judah) (Entered: 12/23/2019) | View | Add to request |
| 216 | 12/19/2019 | MEMORANDUM in Support re 211 Notice of MOTION for Leave | Docket Status View  Add to request |  |

|  |  |  |  |
|---|---|---|---|
|  |  | to File Document Motion for Leave to File Sur-Reply Corrected Memorandum of Law filed by Deborah Moss. (Kaplan, Darren) (Entered: 12/19/2019) |  |
| 215 | 12/19/2019 | AFFIDAVIT/AFFIRMATION Certificate of Service by Deborah Moss (Kaplan, Darren) (Entered: 12/19/2019) | View · Add to request |
| 214 | 12/19/2019 | RULE 56.1 STATEMENT re 211 Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply Rule 56.1 Statement of Additional Material Facts filed by Deborah Moss. (Kaplan, Darren) (Entered: 12/19/2019) | Docket Status<br>View · Add to request |
| 213 | 12/19/2019 | MEMORANDUM in Support re 211 Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply filed by Deborah Moss. (Kaplan, Darren) (Entered: 12/19/2019) | View · Add to request |
| 212 | 12/19/2019 | AFFIDAVIT/DECLARATION in Support re 211 Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply filed by Deborah Moss. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H) (Kaplan, Darren) (Entered: 12/19/2019) | View · Add to request |
| 211 | 12/19/2019 | Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply by Deborah Moss. (Kaplan, Darren) (Entered: 12/19/2019) | View · Add to request |
| 210 | 12/17/2019 | Notice of MOTION for Leave to File Document Motion for Leave to File Sur-Reply in Response to Motion for Partial Summary Judgment by Deborah Moss. (Kaplan, Darren) (Entered: 12/17/2019) | View · Add to request |
| 209 | 12/11/2019 | REPLY in Support re 202 Notice of MOTION for Partial Summary Judgment filed by First Premier Bank. (Freeman, Bryan) (Entered: 12/11/2019) | Docket Status<br>View · Add to request |
| 208 | 12/11/2019 | RULE 56.1 STATEMENT re 206 Memorandum in Opposition filed by First Premier Bank. (Freeman, Bryan) (Entered: 12/11/2019) | Docket Status<br>View · Add to request |
| 207 | 12/11/2019 | AFFIDAVIT/DECLARATION in Opposition re 202 Notice of MOTION for Partial Summary Judgment filed by First Premier Bank. (Attachments: # 1 Exhibit | View · Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|   |   |   |   |
|---|---|---|---|
|   |   | 1) (Freeman, Bryan) (Entered: 12/11/2019) |   |
| 206 | 12/11/2019 | MEMORANDUM in Opposition re 202 Notice of MOTION for Partial Summary Judgment filed by First Premier Bank. (Freeman, Bryan) (Entered: 12/11/2019) | Docket Status   [View] [Add to request] |
| 205 | 12/11/2019 | RULE 56.1 STATEMENT re 202 Notice of MOTION for Partial Summary Judgment filed by First Premier Bank. (Freeman, Bryan) (Entered: 12/11/2019) | Docket Status   [View] [Add to request] |
| 204 | 12/11/2019 | AFFIDAVIT/DECLARATION in Support re 202 Notice of MOTION for Partial Summary Judgment filed by First Premier Bank. (Attachments: # 1 Exhibit A-M, # 2 Sealing Cover Sheet Exhibit N) (Freeman, Bryan) (Entered: 12/11/2019) | [View] [Add to request] |
| 203 | 12/11/2019 | MEMORANDUM in Support re 202 Notice of MOTION for Partial Summary Judgment filed by First Premier Bank. (Freeman, Bryan) (Entered: 12/11/2019) | Docket Status   [View] [Add to request] |
| 202 | 12/11/2019 | Notice of MOTION for Partial Summary Judgment by First Premier Bank. (Freeman, Bryan) (Entered: 12/11/2019) | [View] [Add to request] |
|   | 11/05/2019 | ELECTRONIC ORDER RE 201 Motion to Stay: Defendant First Premier Bank's request of a stay is deemed as a motion for reconsideration as it now has provided additional information concerning the burdens of complying with the subject request. The motion for reconsideration is granted to the following extent: the undersigned has reconsidered its Electronic Order dated October 29, 2019 and directs the parties to meet and confer to develop a reasonable protocol for producing the necessary information in a manner that will insure security and reasonable expense to the parties. Upon failure to agree, the parties may raise the issues again in a new application. Ordered by Magistrate Judge Gary R. Brown on 11/5/2019. c/ecf (Johnston, Linda) (Entered: 11/05/2019) | [Send Runner to Court] |
| 201 | 10/31/2019 | Letter MOTION to Stay re Order on Motion for Discovery, by First Premier Bank. (Druck, Judah) (Entered: 10/31/2019) | Docket Status   [View] [Add to request] |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | |
|---|---|---|---|
| | 10/29/2019 | ELECTRONIC ORDER granting 194 Motion for Discovery. Defendant has failed to articulate as to the burden of production. While the citation to the overall size of the production is interesting, it is not dispositive. Defendant is hereby ordered to produce the documents in Document Request No. 5 by November 22, 2019. However, in an abundance of caution, such production will be made in attorney's eyes only basis. Ordered by Magistrate Judge Gary R. Brown on 10/29/2019. c/ecf (Yim, Kevin) (Entered: 10/29/2019) | Send Runner to Court |
| 200 | 10/28/2019 | Letter to Hon. Gary R. Brown by First Premier Bank (Freeman, Bryan) (Entered: 10/28/2019) | Docket Status  View   Add to request |
| 199 | 10/25/2019 | DECLARATION re 196 Response in Opposition to Motion by First Premier Bank (Druck, Judah) (Entered: 10/25/2019) | Docket Status  View   Add to request |
| 198 | 10/24/2019 | NOTICE of Appearance by Judah Adam Druck on behalf of First Premier Bank (aty to be noticed) (Druck, Judah) (Entered: 10/24/2019) | View   Add to request |
| 197 | 10/24/2019 | DECLARATION re 196 Response in Opposition to Motion by First Premier Bank (Attachments: # 1 Exhibit A-C) (Freeman, Bryan) (Entered: 10/24/2019) | View   Add to request |
| 196 | 10/24/2019 | RESPONSE in Opposition re 194 MOTION for Discovery Compel Production filed by First Premier Bank. (Freeman, Bryan) (Entered: 10/24/2019) | Docket Status  View   Add to request |
| 195 | 10/24/2019 | Letter Confirming Service of Defendant's Motion for Partial Summary Judgment by First Premier Bank (Freeman, Bryan) (Entered: 10/24/2019) | View   Add to request |
| 194 | 10/17/2019 | MOTION for Discovery Compel Production by Deborah Moss. (Attachments: # 1 Appendix Local Civil Rule 371--Document Request and Response, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D) (Kaplan, Darren) (Entered: 10/17/2019) | View   Add to request |
| 193 | 09/04/2019 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on July 8, 2019, before Magistrate Judge Gary R. Brown. Transcriber Tracy Gribben Transcription, LLC, Telephone | Docket Status  View   Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|     |            |                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |                     |
| --- | ---------- | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------- |
|     |            | number 732-263-0044. Email address: tgribben@comcast.net. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2019. Redacted Transcript Deadline set for 10/7/2019. Release of Transcript Restriction set for 12/3/2019. (Kanellopoulos, John) (Entered: 09/04/2019) |                     |
| 192 | 07/08/2019 | DISCOVERY SCHEDULING ORDER: re 191 Status Report, filed by Deborah Moss. Discovery deadlines have been set. A Status Conference is set for 3/4/2020 at 11:00 AM in Courtroom 840 before Magistrate Judge Gary R. Brown. Ordered by Magistrate Judge Gary R. Brown on 7/8/2019. (McMorrow, Karen) (Entered: 07/09/2019) | Docket Status [View] [Add to request] |
|     | 07/08/2019 | Minute Order for proceedings held before Magistrate Judge Gary R. Brown: Motion Hearing held on 7/8/2019 re 188 Letter MOTION to Bifurcate Discovery filed by First Premier Bank. Counsel for all sides present. Argument heard, decision entered on the record denying 188 Motion to Bifurcate. Discovery order entered. (FTR Log # 11:33-12:00.) (McMorrow, Karen) (Entered: 07/09/2019) | [Send Runner to Court] |
| 191 | 07/01/2019 | STATUS REPORT Joint Status Report by Deborah Moss (Attachments: # 1 Appendix A-- Proposed Schedule if Discovery is Bifurcated, # 2 Appendix B-- Proposed Schedule if Discovery is not Bifurcated, # 3 Certificate of Service) (Kaplan, Darren) (Entered: 07/01/2019) | [View] [Add to request] |
| 190 | 06/20/2019 | RESPONSE to Motion re 188 Letter MOTION to Bifurcate Discovery filed by Deborah Moss. (Attachments: # 1 Exhibit "A" in Opposition to Motion to Bifurcate Discovery) (Kaplan, Darren) (Entered: 06/20/2019) | [View] [Add to request] |
|     | 06/18/2019 | ELECTRONIC ORDER granting 189 Motion to Adjourn Conference. The in-person conference scheduled for JULY 3, 2019 is ADJOURNED TO JULY 8, 2019 at 11:30 A.M. in Courtroom 840 of the | [Send Runner to Court] |

| | | Central Islip Courthouse, regarding THE MOTION TO BIFURCATE DISCOVERY, THE ISSUANCE OF AN AMENDED SCHEDULING ORDER, as well as the status of this action. The parties are directed to meet and confer prior to the conference to determine whether they can narrow and/or resolve the disputed issues regarding the aforementioned applications without Court intervention. The parties shall provide the Court with a joint status report regarding what, if any, issues in those applications remain as well as a proposed scheduling order by the close of business on JULY 3, 2019. Ordered by Magistrate Judge Gary R. Brown on 6/18/2019. C/ECF (Johnston, Linda) (Entered: 06/18/2019) | |
| 189 | 06/17/2019 | Letter MOTION to Adjourn Conference on July 3, 2019 by First Premier Bank. (Freeman, Bryan) (Entered: 06/17/2019) | View   Add to request |
| 188 | 06/13/2019 | Letter MOTION to Bifurcate Discovery by First Premier Bank. (Freeman, Bryan) (Entered: 06/13/2019) | View   Add to request |
| | 06/13/2019 | SCHEDULING AND ELECTRONIC ORDER re 186 187 Motion for Discovery: Defendant First Premier Bank's application to brief its motion for bifurcation of discovery is hereby granted as follows: Defendant shall move by letter motion pursuant to Local Civil Rules 37.3 and may not exceed three pages in length, exclusive of attachments by JUNE 13, 2019. Plaintiff's response, not exceeding three pages in length, exclusive of attachments must be electronically filed by JUNE 20, 2019. An in-person conference has been scheduled for JULY 3, 2019 at 11:00 A.M. in Courtroom 840 of the Central Islip Courthouse, regarding THE MOTION TO BIFURCATE DISCOVERY, THE ISSUANCE OF AN AMENDED SCHEDULING ORDER, as well as the status of this action. The parties are directed to meet and confer prior to the conference to determine whether they can narrow and/or resolve the disputed issues regarding | Send Runner to Court |

|  |  |  |  |
|---|---|---|---|
|  |  | the aforementioned applications without Court intervention. The parties shall provide the Court with a joint status report regarding what, if any, issues in those applications remain as well as a proposed scheduling order by the close of business on JUNE 26, 2019 Ordered by Magistrate Judge Gary R. Brown on 6/13/2019. c/ecf (Johnston, Linda) (Entered: 06/13/2019) |  |
| 187 | 06/12/2019 | Amended MOTION for Discovery Joint Letter requesting determination of bifurcation of discovery issue and Rule 16(b) scheduling order by Deborah Moss. (Kaplan, Darren) (Entered: 06/12/2019) | **Docket Status** [View] [Add to request] |
| 186 | 06/11/2019 | Joint MOTION for Discovery Scheduling Order and Resolution of Issue of Bifurcation of Discovery by Deborah Moss. (Kaplan, Darren) (Entered: 06/11/2019) | [View] [Add to request] |
| 185 | 06/11/2019 | ORDER re 184 Motion to Vacate; application granted. SO Ordered by Judge Edward R. Korman on 6/10/2019. (Ramesar, Thameera) (Entered: 06/11/2019) | **Docket Status** [View] [Add to request] |
|  | 05/31/2019 | Case Reassigned to Judge Edward R. Korman. Judge Joseph F. Bianco no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (McMahon, Carol) (Entered: 05/31/2019) | [Send Runner to Court] |
| 184 | 05/28/2019 | Joint MOTION to Vacate 157 Status Conference,, Set Hearings, Stay of Discovery via Stipulation by Deborah Moss. (Kaplan, Darren) (Entered: 05/28/2019) | [View] [Add to request] |
| 183 | 05/23/2019 | NOTICE of Appearance by Jonathan M. Streisfeld on behalf of Deborah Moss (notification declined or already on case) (Streisfeld, Jonathan) (Entered: 05/23/2019) | [View] [Add to request] |

| | | | |
|---|---|---|---|
| | 05/23/2019 | ELECTRONIC ORDER finding as moot 181 AND granting 182 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event Pro Hac Vice Filing Fee. Ordered by Magistrate Judge Gary R. Brown on 5/23/2019. C/ECF (Johnston, Linda) (Entered: 05/23/2019) | Send Runner to Court |
| 182 | 05/22/2019 | Amended MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-11506410. by Deborah Moss. (Streisfeld, Jonathan) (Entered: 05/22/2019) | View · Add to request |
| | 05/22/2019 | ELECTRONIC ORDER deferring ruling on 181 Motion for Leave to Appear Pro Hac Vice. The undersigned hereby defers ruling on the petition to appear pro hac vice until petitioner files a motion in conformity with Local Civil Rule 1.3(c)(1). Ordered by Magistrate Judge Gary R. Brown on 5/22/2019. C/ECF (Johnston, Linda) (Entered: 05/22/2019) | Send Runner to Court |
| | 05/22/2019 | ELECTRONIC ORDER denying 180 Motion for Discovery. Inasmuch as the district court stayed discovery in this case, DE 157, the applications are denied, with leave to renew once the stay is lifted. Ordered by Magistrate Judge Gary R. Brown on 5/22/2019. c/ecf (Johnston, Linda) (Entered: 05/22/2019) | Send Runner to Court |
| 181 | 05/21/2019 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-11499385. by Deborah Moss. (Streisfeld, Jonathan) (Entered: 05/21/2019) | View · Add to request |
| 180 | 05/15/2019 | Joint MOTION for Discovery Scheduling Order by Deborah Moss. (Kaplan, Darren) (Entered: 05/15/2019) | View · Add to request |
| | 05/03/2019 | ELECTRONIC ORDER RE 178 179 : The application is denied, with leave to renew. It is clear from the application and response, that the parties have not made | Send Runner to Court |

a meaningful effort to meet and confer prior to filing the within application. Local Rule 37.3 and the undersigned's individual rules require the attorneys for the parties to confer in good faith in person or by telephone in an effort to resolve and/or narrow these issues prior to seeking judicial intervention. Such a meet and confer requires actual human contact as well as a clear indication of the movant's intended application to the court should the meet and confer fail to resolve such issues. Letter correspondence or emails between the parties will not suffice. Counsel are reminded of their obligation of professional cooperation and courtesy, including in matters relating to scheduling and are directed to review Local Civil Rule 26.4 "Cooperation Among Counsel in Discovery". Ordered by Magistrate Judge Gary R. Brown on 5/3/2019. c/ ecf (Johnston, Linda) (Entered: 05/03/2019)

| 179 | 05/02/2019 | RESPONSE to Motion re 178 MOTION for Discovery MOTION to Bifurcate MOTION to Compel filed by Deborah Moss. (Kaplan, Darren) (Entered: 05/02/2019) | View | Add to request |
| 178 | 04/30/2019 | Letter to Magistrate Judge Brown Regarding Case Scheduling by First Premier Bank (Freeman, Bryan) Modified on 5/1/2019 (McMorrow, Karen). Added MOTION to Bifurcate Discovery, MOTION to Compel on 5/1/2019 (McMorrow, Karen). (Entered: 04/30/2019) | View | Add to request |
| 177 | 04/23/2019 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on March 28, 2019, before Judge Joseph F. Bianco. Transcriber Tracy Gribben Transcription, LLC, Telephone number 732-263-0044. Email address: tgribben@comcast.net. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/14/2019. Redacted Transcript Deadline set for 5/24/2019. Release of | View | Add to request |

Docket Status

|     |            | Transcript Restriction set for 7/22/2019. (Kanellopoulos, John) (Entered: 04/23/2019) | |
| --- | ---------- | --- | --- |
| 176 | 04/11/2019 | ANSWER to 174 Amended Complaint by First Premier Bank. (Freeman, Bryan) (Entered: 04/11/2019) | Docket Status  View   Add to request |
| 175 | 03/28/2019 | Minute Entry for proceedings held before Judge Joseph F. Bianco: Bench Ruling held on 3/28/2019- decision made on the record (FTR Log # 12:34-12:51.) (Bollbach, Jean) (Main Document 175 replaced on 4/2/2019) (Bollbach, Jean). (Entered: 04/01/2019) | View   Add to request |
| 174 | 03/28/2019 | AMENDED COMPLAINT Third Amended Complaint against First Premier Bank, filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/28/2019) | Docket Status  View   Add to request |
| 173 | 03/28/2019 | ORDER: For the reasons stated on the record in detail during today's telephone conference, IT IS HEREBY ORDERED that plaintiff's 161 motion for leave to file a third amended complaint is granted. So Ordered by Judge Joseph F. Bianco on 3/28/2019. (Coleman, Laurie) (Entered: 03/28/2019) | View   Add to request |
|     | 03/22/2019 | ORDER: IT IS HEREBY ORDERED that the parties shall participate in a telephone conference with the Court on Thursday, March 28, 2019 at 12:30 p.m., at which time the Court will rule on the pending motion for leave to amend. At that time, plaintiff's counsel shall initiate the call and, once all parties on the line, contact Chambers at (631) 712-5670. SO ORDERED. Ordered by Judge Joseph F. Bianco on 3/22/2019. (Clarke, Molly) (Entered: 03/22/2019) | Send Runner to Court |
| 172 | 09/18/2018 | Letter enclosing Reply Exhibit "D" by Deborah Moss (Attachments: # 1 Exhibit Reply Exhibit "D") (Kaplan, Darren) (Entered: 09/18/2018) | View   Add to request |
| 171 | 09/14/2018 | Minute Entry for proceedings held before Judge Joseph F. Bianco:oral argument held on 9/14/2018; decision reserved (FTR Log # 12:15-1:17.) (Bollbach, Jean) (Entered: 09/14/2018) | View   Add to request |
|     | 09/07/2018 | ELECTRONIC ORDER granting 160 Motion for Leave to Electronically File Document | Send Runner to Court |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

under Seal. In light of the defendant's limited request to redact paragraphs 68-70 and 84 of the proposed Third Amended Complaint and because at this juncture defendant has made a sufficient showing of good cause for the designation of the confidential material, defendant's motion for leave to file under seal those portions of the proposed complaint and the corresponding redaction of paragraphs 68-70 and 84 in the public version of the document are hereby granted. Plaintiff(s) is of course free to make an application to unseal if they have a specific need or cause to do so. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Magistrate Judge Gary R. Brown on 9/7/2018. C/ECF (Johnston, Linda) (Entered: 09/07/2018)

| | | | |
|---|---|---|---|
| | 09/07/2018 | SCHEDULING ORDER: IT IS HEREBY ORDERED that the oral argument scheduled for September 11, 2018 is rescheduled to September 14, 2018 at 12:00 p.m. SO ORDERED. Ordered by Judge Joseph F. Bianco on 9/7/2018. (Baum, Sabrina) (Entered: 09/07/2018) | Send Runner to Court |
| 169 | 08/08/2018 | REPLY in Support of Motion for Leave to File a Third Amended Complaint filed by Deborah Moss. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Memorandum in Support, # 5 Certificate of Service) (Kaplan, Darren) (Entered: 08/08/2018) | View / Add to request |
| 168 | 08/03/2018 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on October 6, 2017, before Magistrate Judge Gary R. Brown. Transcriber TypeWrite Word Processing Service, Telephone number 518-581-8973. Email address: transcripts@typewp.com. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. | Docket Status — View / Add to request |

| | | | | |
|---|---|---|---|---|
| | | Redaction Request due 8/24/2018. Redacted Transcript Deadline set for 9/3/2018. Release of Transcript Restriction set for 11/1/2018. (Kanellopoulos, John) (Entered: 08/03/2018) | | |
| 167 | 07/25/2018 | AFFIDAVIT/DECLARATION in Opposition re 161 MOTION for Leave to File A Third Amended Complaint filed by First Premier Bank. (Attachments: # 1 A-N, # 2 O, # 3 P-U) (Freeman, Bryan) (Entered: 07/25/2018) | View | Add to request |
| 166 | 07/25/2018 | MEMORANDUM in Opposition re 161 MOTION for Leave to File A Third Amended Complaint filed by First Premier Bank. (Freeman, Bryan) (Entered: 07/25/2018) | View | Add to request |
| 165 | 07/13/2018 | REPLY in Opposition re 164 Response to Motion for Leave to e-file under Seal filed by Deborah Moss. (Kaplan, Darren) (Entered: 07/13/2018) | View | Add to request |
| 164 | 07/12/2018 | RESPONSE to Motion re 160 MOTION for Leave to Electronically File Document under Seal Letter Brief filed by First Premier Bank. (Freeman, Bryan) (Entered: 07/12/2018) | View | Add to request |
| 163 | 07/03/2018 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 03/01/2018, before Magistrate Judge Gary R. Brown. Transcriber Tracy Gribben Transcription, LLC, Telephone number 732-263-0044. Email address: tgribben@comcast.net. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/24/2018. Redacted Transcript Deadline set for 8/3/2018. Release of Transcript Restriction set for 10/1/2018. (Kanellopoulos, John) (Entered: 07/03/2018) | View | Add to request |
| | 06/28/2018 | ELECTRONIC ORDER granting 162 Motion to Withdraw as Attorney. Attorneys Stephen N. Six, John A. Moore and Norman Siegel terminated. Ordered by Magistrate Judge Gary R. Brown on 6/28/2018. c/ecf (Meehan, James) (Entered: 06/28/2018) | Send Runner to Court | |

| | 06/28/2018 | ELECTRONIC ORDER re 160 Motion for Leave to Electronically File Document Under Seal: By motion dated June 25, 2018, plaintiff moved to file under seal Exhibit A to its "Declaration in Support of Motion for Leave to File Third Amended Complaint," which exhibit appears only to include the proposed third amended complaint. Plaintiff's sole basis for moving to file the complaint under seal is that defendant First Premier Bank has designated as confidential certain content therein. See DE 160 . The Second Circuit has held that "a complaint is a judicial document" that is "presumptively public." Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132, 139-40 (2d Cir. 2016) (internal citations and quotation marks omitted). Accordingly, defendant First Premier Bank is hereby ORDERED to explain in a letter brief filed on or before July 12, 2018, why it has designated this content confidential. Said letter brief may be filed under seal. Ordered by Magistrate Judge Gary R. Brown on 6/28/2018. c/ ecf (Meehan, James) (Entered: 06/28/2018) | Send Runner to Court |
| 162 | 06/26/2018 | MOTION to Withdraw as Attorney by Deborah Moss. (Siegel, Norman) (Entered: 06/26/2018) | Docket Status  View  Add to request |
| 161 | 06/25/2018 | MOTION for Leave to File A Third Amended Complaint by Deborah Moss. (Attachments: # 1 Declaration of Darren Kaplan in Support of Motion for Leave to File a Third Amended Complaint, # 2 Exhibit "A" to Kaplan Declaration (Leave has been sought to file this document under seal), # 3 Exhibit "B" to Kaplan Declaration, # 4 Exhibit "C" to Kaplan Declaration, # 5 Exhibit "D" to Kaplan Declaration, # 6 Memorandum in Support (Leave has been sought to file this document under seal)) (Kaplan, Darren) (Entered: 06/25/2018) | View  Add to request |
| 160 | 06/25/2018 | MOTION for Leave to Electronically File Document under Seal by Deborah Moss. (Attachments: # 1 Exhibit "A" Proposed Third Amended Complaint, # 2 Memorandum in Support of Motion | View  Add to request |

| | | | | |
|---|---|---|---|---|
| | | for Leave to File A Third Amended Complaint) (Kaplan, Darren) (Entered: 06/25/2018) | | |
| 159 | 06/07/2018 | ORDER re 158 STIPULATION TO DISMISS WITH PREJUDICE PLAINTIFF'S CAUSES OF ACTION FOR UNJUST ENRICHMENT AND PERMANENT INJUNCTIVE RELIEF filed by First Premier Bank; See attached order. SO Ordered by Judge Joseph F. Bianco on 6/7/2018. (Cubano, Jazmin) (Entered: 06/08/2018) | View | Add to request |
| 158 | 06/06/2018 | STIPULATION of Dismissal with Prejudice Plaintiff's Causes of Action for Unjust Enrichment and Permanent Injunctive Relief by First Premier Bank (Freeman, Bryan) (Entered: 06/06/2018) | View | Add to request |
| | 06/04/2018 | SCHEDULING ORDER: Motion Hearing set for 9/11/2018 01:15 PM before Judge Joseph F. Bianco. IT IS HEREBY ORDERED that the oral argument scheduled for September 10, 2018 at 4:30 p.m. is rescheduled to September 11, 2018 at 1:15 p.m. SO ORDERED. Ordered by Judge Joseph F. Bianco on 6/4/2018. (Baum, Sabrina) (Entered: 06/04/2018) | Send Runner to Court | |
| 157 | 05/24/2018 | Minute Entry for proceedings held before Judge Joseph F. Bianco:oral argument held on 5/24/2018, on consent discovery stayed ( oral argument set for 9/10/2018 04:30 PM in Courtroom 1040 before Judge Joseph F. Bianco.) (FTR Log # 1:53-2:06.) (Bollbach, Jean) (Entered: 05/24/2018) | View | Add to request |
| | 05/23/2018 | SCHEDULING ORDER: In light of a conflict in the Court's calendar, IT IS HEREBY ORDERED that the conference scheduled for May 23, 2018 at 2:30 p.m. is rescheduled to May 24, 2018 at 1:45 p.m. SO ORDERED. Ordered by Judge Joseph F. Bianco on 5/23/2018. (Baum, Sabrina) (Entered: 05/23/2018) | Send Runner to Court | |
| 156 | 05/17/2018 | Letter Responding to Defendant First Premier Bank's Request for Pre-Motion Conference (Doc. 153) by Deborah Moss (Kaplan, Darren) (Entered: 05/17/2018) | View | Add to request |
| 155 | 05/16/2018 | Letter to Hon. Joseph F. Bianco responding to May 10, 2018 pre-motion conference letter of Plaintiff | View | Add to request |

|     |            | Deborah Moss by First Premier Bank (Freeman, Bryan) (Entered: 05/16/2018) | |
|-----|------------|---|---|
| 154 | 05/16/2018 | Letter Responding to Letter to Hon. Gary R. Brown by First Premier Bank (Doc. 151) by Deborah Moss (Kaplan, Darren) (Entered: 05/16/2018) | View / Add to request |
|     | 05/14/2018 | Incorrect Case/Document/Entry Information. as directed by chambers 154 has been removed from docket as being a duplicate filing (Bollbach, Jean) (Entered: 05/14/2018) | Send Runner to Court |
| 153 | 05/11/2018 | Letter Motion for pre-motion conference by First Premier Bank (Freeman, Bryan) (Entered: 05/11/2018) | View / Add to request |
|     | 05/11/2018 | ELECTRONIC ORDER granting 152 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Magistrate Judge Gary R. Brown on 5/11/2018. C/ECF (Johnston, Linda) (Entered: 05/11/2018) | Send Runner to Court |
|     | 05/11/2018 | SCHEDULING ORDER: The Court has received plaintiff's letter requesting a pre-motion conference in anticipation of moving for leave to file a third amended complaint, as well as defendant First Premier Bank's letter requesting a pre-motion conference in anticipation of moving for summary judgment on plaintiff's unjust enrichment claim and for a determination that plaintiff cannot certify a class in this case. IT IS HEREBY ORDERED that the parties shall participate in a telephone pre-motion conference with the Court on May 23, 2018, at 2:30 p.m. At that time, counsel for plaintiff shall initiate the call and, once all parties are on the line, shall contact Chambers at (631) 712-5670. Prior to the date of the conference, each party may submit a letter pursuant to Individual Rule III.A explaining why the opposing party's proposed motion is likely to be unsuccessful. SO ORDERED. Ordered by Judge Joseph F. | Send Runner to Court |

| | | Bianco on 5/11/2018. (Baum, Sabrina) (Entered: 05/11/2018) | |
|---|---|---|---|
| 152 | 05/10/2018 | MOTION for Leave to Electronically File Document under Seal by Deborah Moss. (Attachments: # 1 Notice of Motion Pre-Motion Letter) (Kaplan, Darren) (Entered: 05/10/2018) | View   Add to request |
| 151 | 05/09/2018 | Letter to Hon. Gary R. Brown re May 1, 2018 Conference by First Premier Bank (Freeman, Bryan) (Entered: 05/09/2018) | View   Add to request |
| | 03/01/2018 | Minute Order for proceedings held before Magistrate Judge Gary R. Brown: Discovery Hearing held on 3/1/2018. APPEARANCES: Darren Kaplan for plaintiff; Bryan Freeman for defendant. Rulings placed on the record re 145 Letter MOTION for Discovery filed by Deborah Moss, 146 Letter MOTION for Discovery filed by First Premier Bank. Granted 149 Motion to Withdraw as Attorney. Attorney John C. Ekman and James P. McCarthy terminated (FTR Log # 11:58-12:39; 12:45-12:57.) (McMorrow, Karen) (Entered: 03/02/2018) | Send Runner to Court |
| 150 | 02/28/2018 | RESPONSE to Motion re 149 MOTION to Withdraw as Attorney Appearances of John C. Ekman and James P. McCarthy in this case (Statement of Non-Opposition) filed by Deborah Moss. (Kaplan, Darren) (Entered: 02/28/2018) | View   Add to request |
| 149 | 02/28/2018 | MOTION to Withdraw as Attorney Appearances of John C. Ekman and James P. McCarthy in this case by First Premier Bank. (Werbin, Barry) (Entered: 02/28/2018) | View   Add to request |
| 148 | 02/26/2018 | RESPONSE to Motion re 146 Letter MOTION for Discovery filed by Deborah Moss. (Attachments: # 1 Exhibit "A" to Response to Motion, # 2 Exhibit "B" to Response to Motion, # 3 Exhibit "C" to Response to Motion, # 4 Exhibit "D" to Response to Motion) (Kaplan, Darren) (Entered: 02/26/2018) | View   Add to request |
| 147 | 02/22/2018 | RESPONSE to Motion re 145 Letter MOTION for Discovery to Bifurcate filed by First Premier Bank. (Freeman, Bryan) (Entered: 02/22/2018) | View   Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | | |
|---|---|---|---|---|
| 146 | 02/16/2018 | Letter MOTION for Discovery by First Premier Bank. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Werbin, Barry) (Entered: 02/16/2018) | View | Add to request |
| 145 | 02/14/2018 | Letter MOTION for Discovery by Deborah Moss. (Attachments: # 1 Appendix "A" Verbatim Document Requests and Responses, # 2 Exhibit "1" Plaintiff's First Request for Production of Documents) (Kaplan, Darren) (Entered: 02/14/2018) | View | Add to request |
| 144 | 02/13/2018 | NOTICE of Change of Firm/ Address by Bryan Freeman (Freeman, Bryan) (Entered: 02/13/2018) | View | Add to request |
| 143 | 02/06/2018 | NOTICE of Change of Firm name, fax and email by Darren T. Kaplan (Kaplan, Darren) (Entered: 02/06/2018) | View | Add to request |
| | 01/09/2018 | ORDER granting 142 Motion to Adjourn Conference Status Conference set for 3/1/2018 11:30 AM in Courtroom 840 before Magistrate Judge Gary R. Brown.. Ordered by Magistrate Judge Gary R. Brown on 1/9/2018. (McMorrow, Karen) (Entered: 01/09/2018) | Send Runner to Court | |
| 142 | 01/08/2018 | Letter MOTION to Adjourn Conference scheduled for 01/29/2018 by Deborah Moss. (Kaplan, Darren) (Entered: 01/08/2018) | View | Add to request |
| | 11/27/2017 | PROTECTIVE ORDER re 141: The parties' proposed Confidentiality Order is hereby So Ordered. Ordered by Magistrate Judge Gary R. Brown on 11/27/2017. c/ ecf (Johnston, Linda) (Entered: 11/27/2017) | Send Runner to Court | |
| 141 | 11/22/2017 | Letter to Magistrate Judge Brown by First Premier Bank (Attachments: # 1 Proposed Confidentiality Order, # 2 Red-Line version of Proposed Confidentiality Order) (Freeman, Bryan) (Entered: 11/22/2017) | View | Add to request |
| 140 | 10/06/2017 | Minute Order for proceedings held before Magistrate Judge Gary R. Brown:CIVIL CAUSE FOR INITIAL CONFERENCE. Counsel Plaintiff: Darren T. Kaplan, present. Counsel Defendant: Bryan R. Freeman, present. Initial Conference Hearing held on 10/6/2017 at 10:00 AM. Status Conference set for 1/29/2018 at 10:00 AM in Courtroom 840 before | View | Add to request |

Magistrate Judge Gary R. Brown. (FTR Log # 10:23 - 11:01.) (Ortiz, Grisel) (Entered: 10/06/2017)

| | | | | |
|---|---|---|---|---|
| 139 | 10/05/2017 | NOTICE by First Premier Bank Parties' Joint Proposed Discovery Plan (Freeman, Bryan) (Entered: 10/05/2017) | View | Add to request |
| 138 | 09/13/2017 | SCHEDULING ORDER: Initial Conference set for 10/6/2017 10:00 AM in Courtroom 840 before Magistrate Judge Gary R. Brown. See order for instructions. Ordered by Magistrate Judge Gary R. Brown on 9/13/2017. (Attachments: # 1 GRB Individual Rules) (McMorrow, Karen) (Entered: 09/13/2017) | View | Add to request |
| 137 | 09/07/2017 | Letter Requesting Initial Conference be Scheduled by Deborah Moss (Kaplan, Darren) (Entered: 09/07/2017) | View | Add to request |
| 136 | 08/21/2017 | ANSWER to 123 Amended Complaint (second) by First Premier Bank. (Freeman, Bryan) (Entered: 08/21/2017) | View | Add to request |
| 135 | 07/07/2017 | ORDER granting in part and denying in part 125 Motion to Dismiss. For the reasons set forth herein, the Court grants in part and denies in part defendant's motion to dismiss. Plaintiff's RICO New York GBL claims are dismissed for failure to state a cause of action, and the motion is denied with respect to the unjust enrichment claim. Any amended complaint must be filed within thirty (30) days of this Memorandum and Order. SO ORDERED. Ordered by Judge Joseph F. Bianco on 7/7/2017. (Zbrozek, Alex) (Entered: 07/07/2017) | Docket Status View | Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| 134 | 06/07/2017 | NOTICE by First Premier Bank re 125 MOTION to Dismiss Defendant First Premier Bank's Notice of Supplemental Authority (Attachments: # 1 Exhibit A) (Freeman, Bryan) (Entered: 06/07/2017) | View | Add to request |
|---|---|---|---|---|
| 133 | 03/27/2017 | STIPULATION AND ORDER of dismissal with prejudice as to deft Bay Cities Bank. Bay Cities Bank (a Florida State-Chartered Bank) terminated.. Ordered by Judge Joseph F. Bianco on 3/27/2017. (Bollbach, Jean) (Entered: 03/28/2017) | View | Add to request |
| 132 | 03/27/2017 | STIPULATION of Dismissal With Prejudice As To Defendant Bay Cities Bank by Bay Cities Bank (Rieder, Eric) (Entered: 03/27/2017) | View | Add to request |
| 131 | 03/07/2017 | NOTICE by Bay Cities Bank, First Premier Bank /DEFENDANTS NOTICE OF SUPPLEMENTAL AUTHORITY (Attachments: # 1 Exhibit A) (Rieder, Eric) (Entered: 03/07/2017) | View | Add to request |
| | 02/08/2017 | SCHEDULING ORDER: Due to a conflict in the Court's calendar, the oral argument is rescheduled to February 13, 2017 at 10:30 a.m. SO ORDERED. Ordered by Judge Joseph F. Bianco on 2/8/2017. (Zbrozek, Alex) (Entered: 02/08/2017) | Send Runner to Court | |
| 130 | 01/24/2017 | MEMORANDUM in Support re 125 MOTION to Dismiss /Defendants' Reply Memorandum in Support of Motion to Dismiss the Second Amended Complaint filed by Bay Cities Bank. (Rieder, Eric) (Entered: 01/24/2017) | View | Add to request |
| 129 | 01/17/2017 | MOTION for Leave to File Excess Pages by Bay Cities Bank, First Premier Bank. (Rieder, Eric) (Entered: 01/17/2017) | View | Add to request |
| | 01/17/2017 | ORDER granting 129 Motion for Leave to File Excess Pages. The Court has received defendants' letter requesting, upon consent, excess pages for their motion to dismiss reply brief. IT IS HEREBY ORDERED that defendants' request is granted. Defendants' reply brief shall be no longer than fifteen (15) pages. SO ORDERED. Ordered by Judge Joseph F. Bianco on 1/17/2017. (Zbrozek, Alex) (Entered: 01/17/2017) | Send Runner to Court | |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| 128 | 01/05/2017 | AFFIDAVIT/DECLARATION in Opposition re 125 MOTION to Dismiss [CORRECTED] Declaration of Deborah Moss filed by Deborah Moss. (Kaplan, Darren) (Entered: 01/05/2017) | View | Add to request |

| 127 | 01/04/2017 | RESPONSE in Opposition re 125 MOTION to Dismiss Second Amended Complaint filed by Deborah Moss. (Attachments: # 1 Declaration of Darren Kaplan in Response to Defendants' Motion to Dismiss, # 2 Declaration of Plaintiff Deborah Moss in Response to Defendants' Motion to Dismiss) (Kaplan, Darren) (Entered: 01/04/2017) | View | Add to request |

| 126 | 11/17/2016 | MEMORANDUM in Support re 125 MOTION to Dismiss filed by Bay Cities Bank, First Premier Bank. (Rieder, Eric) (Entered: 11/17/2016) | View | Add to request |

| 125 | 11/17/2016 | MOTION to Dismiss by Bay Cities Bank, First Premier Bank. Responses due by 1/4/2017 (Rieder, Eric) (Entered: 11/17/2016) | View | Add to request |

| 124 | 11/14/2016 | Letter MOTION for Leave to File Excess Pages by Bay Cities Bank, First Premier Bank. (Rieder, Eric) (Entered: 11/14/2016) | View | Add to request |

| | 11/14/2016 | ORDER granting 124 Motion for Leave to File Excess Pages. The Court has received defendants' letter requesting, upon consent, excess pages for their motion to dismiss opening brief. IT IS HEREBY ORDERED that defendants' request is granted. Defendants' opening brief and plaintiff's opposition brief shall each be no longer than thirty-five (35) pages. SO ORDERED. Ordered by Judge Joseph F. Bianco on 11/14/2016. (Zbrozek, Alex) (Entered: 11/14/2016) | Send Runner to Court |

Docket Status

| 123 | 10/04/2016 | AMENDED COMPLAINT (SECOND) against Bay Cities Bank, First Premier Bank, filed by Deborah Moss. (Kaplan, Darren) (Entered: 10/04/2016) | View | Add to request |

| 122 | 10/03/2016 | CERTIFIED ORDER of USCA Case No. 15-2513 as to 104 Notice of Appeal filed by Bay Cities Bank, 105 Notice of Appeal filed by First Premier Bank (Cox, Dwayne) (Entered: 10/03/2016) | View | Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | | |
|---|---|---|---|---|
| 121 | 10/03/2016 | NOTICE of Appearance by John A. Moore on behalf of Deborah Moss (notification declined or already on case) (Moore, John) (Entered: 10/03/2016) | View | Add to request |
| | 10/03/2016 | ORDER granting 120 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 10/3/2016. (Meehan, James) (Entered: 10/03/2016) | Send Runner to Court | |
| 120 | 09/30/2016 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8956389. by Deborah Moss. (Attachments: # 1 Affidavit Affidavit of J. Austin Moore, # 2 Exhibit Certificate of Good Standing IL Supreme Court, # 3 Exhibit Certificate of Good Standing MO Supreme Court, # 4 Proposed Order) (Moore, John) (Entered: 09/30/2016) | View | Add to request |
| 119 | 09/28/2016 | ORDER: status report and stip of all remaining parties - see order for full details.. Ordered by Judge Joseph F. Bianco on 9/28/2016. (Bollbach, Jean) (Entered: 09/28/2016) | View | Add to request |
| | 09/28/2016 | SCHEDULING ORDER: IT IS HEREBY ORDERED that oral argument on the defendants' motion to dismiss is scheduled for Monday, February 13, 2017, at 4:30 p.m. SO ORDERED. Ordered by Judge Joseph F. Bianco on 9/28/2016. (Dolecki, Lauren) (Entered: 09/28/2016) | Send Runner to Court | |
| 118 | 09/27/2016 | STATUS REPORT by Deborah Moss, STIPULATION re Status Report Order, by Deborah Moss (Kaplan, Darren) (Entered: 09/27/2016) | View | Add to request |
| 117 | 09/20/2016 | MANDATE of USCA Case No. 15-2513 and Case No. 15-2667 as to 104 Notice of Appeal filed by Bay Cities Bank, and 105 Notice of Appeal filed by First Premier Bank. IT IS HEREBY ORDERED, ADJUDGED and | View | Add to request |

|   |   |   |   |
|---|---|---|---|
|   |   | DECREED that the district courts order is AFFIRMED and the case is REMANDED for further proceedings. (Cox, Dwayne) (Entered: 09/20/2016) |   |
| 116 | 09/08/2016 | NOTICE of Appearance by Megan Awerdick Pierson on behalf of Bay Cities Bank (aty to be noticed) (Pierson, Megan) (Entered: 09/08/2016) | View  Add to request |
|   | 09/08/2016 | ORDER granting 115 Motion to Withdraw as Attorney. Attorney David Todd Feuerstein terminated. Ordered by Magistrate Judge Gary R. Brown on 9/8/2016. (McMorrow, Karen) (Entered: 09/08/2016) | Send Runner to Court |
| 115 | 09/07/2016 | MOTION to Withdraw as Attorney by First Premier Bank. (Werbin, Barry) (Entered: 09/07/2016) | View  Add to request |
| 114 | 09/07/2016 | NOTICE of Appearance by Barry Werbin on behalf of First Premier Bank (aty to be noticed) (Werbin, Barry) (Entered: 09/07/2016) | View  Add to request |
|   | 09/06/2016 | STATUS REPORT ORDER : In light of the Second Circuit opinion docketed on 8/29/16 a Status Report is due by 9/27/2016 informing the Court how they wish to move forward with this case. Motions to dismiss were terminated on 6/9/2014. Ordered by Magistrate Judge Gary R. Brown on 9/6/2016. (McMorrow, Karen) (Entered: 09/06/2016) | Send Runner to Court |
| 113 | 08/29/2016 | CERTIFIED ORDER of USCA Case No. 15-2667 as to 105 Notice of Appeal filed by First Premier Bank. To AFFIRM the order of the district court and REMAND for further proceedings. (Cox, Dwayne) (Entered: 08/29/2016) | View  Add to request |
| 112 | 08/29/2016 | CERTIFIED ORDER of USCA Case No. 15-2513 as to 104 Notice of Appeal filed by Bay Cities Bank. To AFFIRM the order of the district court and REMAND for further proceedings. (Cox, Dwayne) (Entered: 08/29/2016) | Docket Status  View  Add to request |
| 111 | 01/07/2016 | STIPULATION AND ORDER of voluntary dismissal as to BMO Harris Bank. Deft BMO Harris Bank, N.A. terminated.. Ordered by Judge Joseph F. Bianco on 1/7/2016. (Bollbach, Jean) (Entered: 01/07/2016) | Docket Status  View  Add to request |
| 110 | 01/05/2016 | NOTICE of Voluntary Dismissal by Deborah Moss as against defendant BMO Harris Bank, N.A. | View  Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|  |  | Only (Kaplan, Darren) (Entered: 01/05/2016) |  |  |
|---|---|---|---|---|
| 109 | 10/06/2015 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 8/18/2015, before Judge Joseph F. Bianco. Transcriber Transcription Plus II, Inc., Telephone number 917-945-1549. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2015. Redacted Transcript Deadline set for 11/6/2015. Release of Transcript Restriction set for 1/4/2016. (Cox, Dwayne) (Entered: 10/06/2015) | View | Add to request |
| 108 | 08/18/2015 | Minute Order for proceedings held before Judge Joseph F. Bianco: CIVIL CAUSE FOR TELEPHONE CONFERENCE: Counsel for both sides present. Telephone Conference held on 8/18/2015 at 10:00 AM. For the reasons set forth in detail on the record, the motion to stay this action [DE 106] pending appeal to the Second Circuit is granted. (Tape #FTR: 10:08-10:19.) (Ortiz, Grisel) (Entered: 08/18/2015) | View | Add to request |
| 107 | 08/17/2015 | RESPONSE in Opposition re 106 Letter MOTION to Stay filed by Deborah Moss. (Kaplan, Darren) (Entered: 08/17/2015) | View | Add to request |
|  | 08/13/2015 | ORDER. Counsel have contacted Chambers regarding their availability on August 18, 2015 for a telephone conference. Based upon that conversation, IT IS HEREBY ORDERED that the telephone conference scheduled for August 18, 2015 has been rescheduled to 10:00 a.m. on that date. SO ORDERED. Ordered by Judge Joseph F. Bianco on 8/13/2015. (Moe, Alison) (Entered: 08/13/2015) | Send Runner to Court |  |
|  | 08/13/2015 | SCHEDULING ORDER: The Court has received the defendants' motion for a stay. IT IS HEREBY ORDERED that a telephone conference to address the motion is scheduled for 1:30 p.m. on August 18, 2015. At that time, | Send Runner to Court |  |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|  |  |  |  |
|---|---|---|---|
|  |  | counsel for defendant Bay Cities Bank shall initiate the call and telephone Chambers (631-712-5670) with all parties on the line. SO ORDERED. Ordered by Judge Joseph F. Bianco on 8/13/2015. (Moe, Alison) (Entered: 08/13/2015) |  |
| 106 | 08/11/2015 | Letter MOTION to Stay by Bay Cities Bank, First Premier Bank. (Rieder, Eric) (Entered: 08/11/2015) | View   Add to request |
| 105 | 08/07/2015 | NOTICE OF APPEAL by First Premier Bank. Filing fee $ 505, receipt number 0207-7937633. (Singer, Justin) (Entered: 08/07/2015) | View   Add to request |
| 104 | 08/07/2015 | NOTICE OF APPEAL as to 103 Order on Motion to Vacate, by Bay Cities Bank. Filing fee $ 505, receipt number 0207-7937151. (Rieder, Eric) (Entered: 08/07/2015) | Docket Status  View   Add to request |
|  | 08/07/2015 | Electronic Index to Record on Appeal sent to US Court of Appeals. 104 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Cox, Dwayne) (Entered: 08/07/2015) | Send Runner to Court |
|  | 08/07/2015 | Electronic Index to Record on Appeal sent to US Court of Appeals. 105 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Cox, Dwayne) (Entered: 08/07/2015) | Send Runner to Court |
| 103 | 07/16/2015 | ORDER granting 94 Motion to Vacate. For the reasons set forth herein, the Court concludes that plaintiff cannot be compelled to arbitrate her claims against Bay Cities Bank and First Premier Bank. Accordingly, the motion for relief from the Court's June 9, 2014 Order is granted, and the stay of plaintiff's claims against Bay Cities Bank and First Premier Bank is hereby lifted. SO ORDERED. Ordered by Judge Joseph F. Bianco on 7/16/2015. (Moe, Alison) (Entered: 07/16/2015) | Docket Status  View   Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | | |
|---|---|---|---|---|
| 102 | 06/23/2015 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 5/21/2015, before Judge Joseph F. Bianco. Transcriber Transcription Plus II, Inc., Telephone number 917-945-1549. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/14/2015. Redacted Transcript Deadline set for 7/24/2015. Release of Transcript Restriction set for 9/21/2015. (Cox, Dwayne) (Entered: 06/23/2015) | View | Add to request |
| 101 | 04/21/2015 | Letter MOTION to Adjourn Conference until 5.21.15. by Bay Cities Bank. (Peterson, Courtney) (Entered: 04/21/2015) | View | Add to request |
| | 04/21/2015 | ORDER granting 101 Motion to Adjourn Conference. IT IS HEREBY ORDERED that the request to adjourn the oral argument is granted. The oral argument will be held on May 21, 2015 at 4:30 p.m. SO ORDERED. Ordered by Judge Joseph F. Bianco on 4/21/2015. (Moe, Alison) (Entered: 04/21/2015) | Send Runner to Court | |
| | 04/14/2015 | SCHEDULING ORDER: IT IS HEREBY ORDERED that the Court will hear oral argument on plaintiff's motion on May 8, 2015 at 3:30 p.m. in Courtroom 1040. SO ORDERED. Ordered by Judge Joseph F. Bianco on 4/14/2015. (Moe, Alison) (Entered: 04/14/2015) | Send Runner to Court | |
| 100 | 03/09/2015 | REPLY in Support re 94 Notice of MOTION to Vacate 91 Order on Motion to Dismiss, Order on Motion to Compel,,,,,,,,,,,,,,,,,,,, Order Staying Case Reply to Opposition of Defendant Bay Cities Bank filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/09/2015) | View | Add to request |
| 99 | 03/09/2015 | REPLY in Support re 94 Notice of MOTION to Vacate 91 Order on Motion to Dismiss, Order on Motion to Compel,,,,,,,,,,,,,,,,,,,, Order Staying Case Reply to Opposition of Defendant First Premier filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/09/2015) | View | Add to request |

| | | | | |
|---|---|---|---|---|
| 98 | 03/02/2015 | MEMORANDUM in Opposition re 94 Notice of MOTION to Vacate 91 Order on Motion to Dismiss, Order on Motion to Compel,,,,,,,,,,,,,,,,, Order Staying Case /Defendant Bay Cities Bank's Memorandum of Law in Opposition to Plaintiff's Motion to Partially Vacate the Stay of her Action filed by Bay Cities Bank. (Rieder, Eric) (Entered: 03/02/2015) | View | Add to request |
| 97 | 03/02/2015 | AFFIDAVIT/DECLARATION in Opposition re 94 Notice of MOTION to Vacate 91 Order on Motion to Dismiss, Order on Motion to Compel,,,,,,,,,,,,,,,,, Order Staying Case /Declaration of Courtney J. Peterson filed by Bay Cities Bank. (Attachments: # 1 Exhibit 1 to Peterson's Declaration) (Peterson, Courtney) (Entered: 03/02/2015) | View | Add to request |
| 96 | 03/02/2015 | AFFIDAVIT/DECLARATION in Opposition re 94 Notice of MOTION to Vacate 91 Order on Motion to Dismiss, Order on Motion to Compel,,,,,,,,,,,,,,,,, Order Staying Case filed by First Premier Bank. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Feuerstein, David) (Entered: 03/02/2015) | View | Add to request |
| 95 | 03/02/2015 | MEMORANDUM in Opposition re 94 Notice of MOTION to Vacate 91 Order on Motion to Dismiss, Order on Motion to Compel,,,,,,,,,,,,,,,,, Order Staying Case filed by First Premier Bank. (Feuerstein, David) (Entered: 03/02/2015) | View | Add to request |
| 94 | 02/13/2015 | Notice of MOTION to Vacate 91 Order on Motion to Dismiss, Order on Motion to Compel,,,,,,,,,,,,,,,,, Order Staying Case by Deborah Moss. (Attachments: # 1 Declaration of Darren Kaplan in Support of Motion to Partially Vacate Stay, # 2 Memorandum in Support of Motion to Partially Vacate Stay) (Kaplan, Darren) (Entered: 02/13/2015) | View | Add to request |
| | 02/13/2015 | ORDER re 94 Notice of MOTION to Vacate 91 Order. IT IS HEREBY ORDERED that defendants shall respond to the motion to lift the stay no later than March 2, 2015. SO ORDERED. Ordered by Judge Joseph F. Bianco on 2/13/2015. (Moe, Alison) (Entered: 02/13/2015) | Send Runner to Court | |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | | |
|---|---|---|---|---|
| 93 | 01/30/2015 | STATUS REPORT by all Parties by Deborah Moss (Kaplan, Darren) (Entered: 01/30/2015) | View | Add to request |
| 92 | 01/21/2015 | NOTICE of Change of Firm Name, Address, Telephone, Fax, and Email Address by Darren T. Kaplan (Kaplan, Darren) (Entered: 01/21/2015) | View | Add to request |
| | 12/30/2014 | Email Notification Test - DO NOT REPLY (Mahon, Cinthia) (Entered: 12/30/2014) | Send Runner to Court | |
| | 12/24/2014 | STATUS REPORT ORDER: IT IS HEREBY ORDERED that the parties shall submit a status report by 1/30/2015. SO ORDERED. Ordered by Judge Joseph F. Bianco on 12/24/2014. (Moe, Alison) (Entered: 12/24/2014) | Send Runner to Court | |
| 91 | 06/09/2014 | ORDER terminating 48 Motion to Dismiss; granting 50 Motion to Compel; granting 53 Motion to Compel; terminating 56 Motion to Dismiss; terminating 58 Motion to Dismiss; granting 60 Motion to Compel; terminating 64 Motion to Dismiss. For the reasons stated herein, the motions to compel arbitration are granted, the case is stayed pending the outcome of arbitration, and the Court does not reach the motions to dismiss. SO ORDERED. Ordered by Judge Joseph F. Bianco on 6/9/2014. (Lamb, Conor) (Entered: 06/09/2014) | Docket Status<br>View    Add to request | |
| 90 | 05/09/2014 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 4/9/2014, before Judge Joseph F. Bianco. Transcriber Aria Services, Inc., Telephone number 845-260-1377. Email address: aria@leinen.net. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/30/2014. Redacted Transcript Deadline set for 6/9/2014. Release of Transcript Restriction set for 8/7/2014. (Cox, Dwayne) (Entered: 05/09/2014) | View | Add to request |
| 89 | 04/24/2014 | NOTICE by BMO Harris Bank, N.A., Bay Cities Bank, First Premier Bank re 50 MOTION to Compel Arbitration, 53 Notice of MOTION to Compel Arbitration, | View | Add to request |

| | | |
|---|---|---|
| | | 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion Notice of Supplemental Authority. (Bogo-Ernst, Debra) (Entered: 04/24/2014) |
| 88 | 04/23/2014 | RESPONSE in Opposition re 50 MOTION to Compel Arbitration, 58 MOTION to Dismiss or Sever Pursuant to FRCP 21, 56 Notice of MOTION to Dismiss , 53 Notice of MOTION to Compel Arbitration, 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion, 48 MOTION to Dismiss , 64 MOTION to Dismiss , Rule 12(b)(6)-(7) and 19 Notice of Supplemental Authority filed by Deborah Moss. (Kaplan, Darren) (Entered: 04/23/2014) | View  Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| 87 | 04/17/2014 | NOTICE by BMO Harris Bank, N.A., Bay Cities Bank, First Premier Bank re 50 MOTION to Compel Arbitration, 53 Notice of MOTION to Compel Arbitration, 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion Defendants' Notice of Supplemental Authority (Craparo, Therese) (Entered: 04/17/2014) | View  Add to request |
| 86 | 04/09/2014 | Minute Entry for proceedings held before Judge Joseph F. Bianco:Oral Argument held on 4/9/2014 and decision reserved. (Tape #ftr 3:02 - 4:28.) (Bollbach, Jean) (Entered: 04/10/2014) | View  Add to request |
|    | 04/09/2014 | SCHEDULING ORDER: IT IS HEREBY ORDERED that, due to conflicts in the Court's calendar, today's oral argument will begin at 2:00 p.m. SO ORDERED. Ordered by Judge Joseph F. Bianco on 4/9/2014. (Lamb, Conor) (Entered: 04/09/2014) | Send Runner to Court |
| 85 | 04/08/2014 | NOTICE by BMO Harris Bank, N.A. re 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion. DEFENDANT BMO HARRIS BANK, N.A.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION (Craparo, Therese) (Entered: 04/08/2014) | View  Add to request |
| 84 | 04/08/2014 | NOTICE of Appearance by Jeffrey D. Kaliel on behalf of Deborah Moss (notification declined or already on case) (Kaliel, Jeffrey) (Entered: 04/08/2014) | View  Add to request |
| 83 | 04/08/2014 | MOTION for Leave to Appear Pro Hac Vice by Jeffrey D. Kaliel Filing fee $ 25, receipt number 0207-6844146. by Deborah Moss. (Attachments: # 1 Affidavit in Support of Jeffrey D. Kaliel, # 2 Proposed Order Granting Motion to Admit Jeffrey D. Kaliel Pro Hac Vice) (Kaliel, Jeffrey) (Entered: 04/08/2014) | View  Add to request |
|    | 04/08/2014 | ELECTRONIC ORDER granting 83 Motion for Leave to Appear Pro Hac Vice, Jeffrey D. Kaliel, for plaintiffs. Mr. Kaliel is directed to register for ECF and to electronically file a notice of appearance. Ordered by | Send Runner to Court |

| | | | | |
|---|---|---|---|---|
| | | Magistrate Judge Gary R. Brown on 4/8/2014. (Demosthenous, Constantina) (Entered: 04/08/2014) | | |
| 82 | 04/04/2014 | Letter regarding joint proposal by Bay Cities Bank (Rieder, Eric) (Entered: 04/04/2014) | View | Add to request |
| 81 | 03/17/2014 | DECLARATION re 80 Reply in Support of Defendant BMO Harris Bank, N.A.'s Motion To Compel Arbitration And Stay Litigation by BMO Harris Bank, N.A. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Craparo, Therese) (Entered: 03/17/2014) | View | Add to request |
| 80 | 03/17/2014 | REPLY in Support re 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion filed by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 03/17/2014) | View | Add to request |
| 79 | 03/17/2014 | REPLY in Support re 64 MOTION to Dismiss , Rule 12(b)(6)-(7) and 19 filed by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 03/17/2014) | View | Add to request |
| 78 | 03/17/2014 | REPLY in Support re 58 MOTION to Dismiss or Sever Pursuant to FRCP 21 filed by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 03/17/2014) | View | Add to request |
| 77 | 03/17/2014 | REPLY in Support re 53 Notice of MOTION to Compel Arbitration filed by Bay Cities Bank. (Rieder, Eric) (Entered: 03/17/2014) | View | Add to request |
| 76 | 03/17/2014 | REPLY in Support re 56 Notice of MOTION to Dismiss filed by Bay Cities Bank. (Rieder, Eric) (Entered: 03/17/2014) | View | Add to request |
| 75 | 03/17/2014 | REPLY in Support re 50 MOTION to Compel Arbitration filed by First Premier Bank. (Feuerstein, David) (Entered: 03/17/2014) | View | Add to request |
| 74 | 03/17/2014 | REPLY in Support re 48 MOTION to Dismiss filed by First Premier Bank. (Feuerstein, David) (Entered: 03/17/2014) | View | Add to request |
| 73 | 03/03/2014 | MEMORANDUM in Opposition re 56 Notice of MOTION to Dismiss filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/03/2014) | View | Add to request |
| 72 | 03/03/2014 | MEMORANDUM in Opposition re 64 MOTION to Dismiss , Rule 12(b)(6)-(7) and 19 filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/03/2014) | View | Add to request |
| 71 | 03/03/2014 | MEMORANDUM in Opposition re 53 Notice of MOTION to Compel | View | Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | |
|---|---|---|---|
| | | Arbitration filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/03/2014) | |
| 70 | 03/03/2014 | MEMORANDUM in Opposition re 48 MOTION to Dismiss filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/03/2014) | Docket Status View Add to request |
| 69 | 03/03/2014 | MEMORANDUM in Opposition re 50 MOTION to Compel Arbitration filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/03/2014) | View Add to request |
| 68 | 03/03/2014 | MEMORANDUM in Opposition re 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/03/2014) | View Add to request |
| 67 | 03/03/2014 | MEMORANDUM in Opposition re 58 MOTION to Dismiss or Sever Pursuant to FRCP 21 filed by Deborah Moss. (Kaplan, Darren) (Entered: 03/03/2014) | View Add to request |
| 66 | 02/28/2014 | Letter MOTION for Leave to File Excess Pages in Opposition to Defendants' Motions by Deborah Moss. (Kaplan, Darren) (Entered: 02/28/2014) | View Add to request |
| | 02/28/2014 | ORDER granting 66 Motion for Leave to File Excess Pages. IT IS HEREBY ORDERED that the request of counsel for plaintiffs to file five excess pages is granted, and defendants are granted five additional pages in their reply. SO ORDERED. Ordered by Judge Joseph F. Bianco on 2/28/2014. (Lamb, Conor) (Entered: 02/28/2014) | Send Runner to Court |
| | 02/06/2014 | ELECTRONIC ORDER denying 44 Motion for Discovery. Plaintiffs' motion to compel discovery is DENIED without prejudice to renewal pending Judge Bianco's determination on the motion to compel arbitration. Ordered by Magistrate Judge Gary R. Brown on 2/6/2014. (Demosthenous, Constantina) (Entered: 02/06/2014) | Send Runner to Court |
| 65 | 02/03/2014 | MEMORANDUM in Support re 64 MOTION to Dismiss , Rule 12(b) (6)-(7) and 19 filed by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 02/03/2014) | View Add to request |
| 64 | 02/03/2014 | MOTION to Dismiss , Rule 12(b) (6)-(7) and 19 by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 02/03/2014) | View Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| 63 | 02/03/2014 | DECLARATION re 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion by BMO Harris Bank, N.A. (Craparo, Therese) (Entered: 02/03/2014) | View | Add to request |
|----|-----------|---|---|---|
| 62 | 02/03/2014 | DECLARATION re 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion by BMO Harris Bank, N.A. (Craparo, Therese) (Entered: 02/03/2014) | View | Add to request |
| 61 | 02/03/2014 | MEMORANDUM in Support re 60 MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion filed by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 02/03/2014) | View | Add to request |
| 60 | 02/03/2014 | MOTION to Compel Arbitration and to Stay Litigation, or, In The Alternative, to Dismiss and Notice of Motion by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 02/03/2014) | View | Add to request |
| 59 | 02/03/2014 | MEMORANDUM in Support re 58 MOTION to Dismiss or Sever Pursuant to FRCP 21 filed by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 02/03/2014) | View | Add to request |
| 58 | 02/03/2014 | MOTION to Dismiss or Sever Pursuant to FRCP 21 by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 02/03/2014) | View | Add to request |
| 57 | 02/03/2014 | MEMORANDUM in Support re 56 Notice of MOTION to Dismiss filed by Bay Cities Bank. (Rieder, Eric) (Entered: 02/03/2014) | View | Add to request |
| 56 | 02/03/2014 | Notice of MOTION to Dismiss by Bay Cities Bank. (Rieder, Eric) (Entered: 02/03/2014) | View | Add to request |
| 55 | 02/03/2014 | MEMORANDUM in Support re 53 Notice of MOTION to Compel Arbitration filed by Bay Cities Bank. (Rieder, Eric) (Entered: 02/03/2014) | Docket Status View | Add to request |
| 54 | 02/03/2014 | AFFIDAVIT/DECLARATION in Support re 53 Notice of MOTION to Compel Arbitration filed by Bay Cities Bank. (Attachments: # 1 Exhibit 1) (Rieder, Eric) (Entered: 02/03/2014) | View | Add to request |
| 53 | 02/03/2014 | Notice of MOTION to Compel Arbitration by Bay Cities Bank. (Rieder, Eric) (Entered: 02/03/2014) | Docket Status View | Add to request |
| 52 | 02/03/2014 | MEMORANDUM in Support re 50 MOTION to Compel Arbitration filed by First Premier Bank. (Feuerstein, David) (Entered: 02/03/2014) | View | Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | | |
|---|---|---|---|---|
| 51 | 02/03/2014 | AFFIDAVIT/DECLARATION in Support re 50 MOTION to Compel Arbitration filed by First Premier Bank. (Attachments: # 1 Exhibit 1) (Feuerstein, David) (Entered: 02/03/2014) | View | Add to request |
| 50 | 02/03/2014 | MOTION to Compel Arbitration by First Premier Bank. (Feuerstein, David) (Entered: 02/03/2014) | View | Add to request |
| 49 | 02/03/2014 | MEMORANDUM in Support re 48 MOTION to Dismiss filed by First Premier Bank. (Feuerstein, David) (Entered: 02/03/2014) | Docket Status  View | Add to request |
| 48 | 02/03/2014 | MOTION to Dismiss by First Premier Bank. (Feuerstein, David) (Entered: 02/03/2014) | View | Add to request |
| 47 | 01/27/2014 | RESPONSE in Opposition re 44 MOTION for Discovery Letter Raising Discovery Dispute. Letter response to Hon. Joseph F. Bianco dated January 27, 2014 on behalf of Defendants BMO Harris N.A., First PREMIER Bank, and Bay Cities Bank. filed by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 01/27/2014) | Docket Status  View | Add to request |
| 46 | 01/24/2014 | REPLY in Support re 44 MOTION for Discovery Letter Raising Discovery Dispute filed by Deborah Moss. (Kaplan, Darren) (Entered: 01/24/2014) | View | Add to request |
| 45 | 01/22/2014 | NOTICE of Appearance by Michael P. Carey on behalf of Bay Cities Bank (aty to be noticed) (Carey, Michael) (Entered: 01/22/2014) | View | Add to request |
| 44 | 01/21/2014 | MOTION for Discovery Letter Raising Discovery Dispute by Deborah Moss. (Kaplan, Darren) (Entered: 01/21/2014) | View | Add to request |
| 43 | 01/16/2014 | NOTICE of Appearance by Lucia Nale on behalf of BMO Harris Bank, N.A. (aty to be noticed) (Nale, Lucia) (Entered: 01/16/2014) | View | Add to request |
| 42 | 01/16/2014 | NOTICE of Appearance by Matthew Sostrin on behalf of BMO Harris Bank, N.A. (aty to be noticed) (Sostrin, Matthew) (Entered: 01/16/2014) | View | Add to request |
| 41 | 01/08/2014 | NOTICE of Appearance by Ann W. Ferebee on behalf of Bay Cities Bank (aty to be noticed) (Ferebee, Ann) (Entered: 01/08/2014) | View | Add to request |
| 40 | 01/07/2014 | MOTION for Leave to Appear Pro Hac Vice of Ann W. Ferebee Filing fee $ 25, receipt number 0207-6651008. by Bay Cities Bank. (Attachments: # 1 Declaration of Courtney J. Peterson in Support | View | Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | | |
|---|---|---|---|
| | | of Motion to Admit Pro Hac Vice, # 2 Exhibit 1-Certificate of Good Standing, # 3 Proposed Order for Admission Pro Hac Vice) (Peterson, Courtney) (Entered: 01/07/2014) | |
| 39 | 01/07/2014 | MOTION for Leave to Appear Pro Hac Vice of Michael P. Carey Filing fee $ 25, receipt number 0207-6650935. by Bay Cities Bank. (Attachments: # 1 Declaration of Courtney J. Peterson in Support of Motion to Admit Pro Hac Vice, # 2 Exhibit 1-Certificate of Good Standing, # 3 Proposed Order for Admission Pro Hac Vice) (Peterson, Courtney) (Entered: 01/07/2014) | View   Add to request |
| | 01/07/2014 | ORDER granting 39 Motion for Leave to Appear Pro Hac Vice, Michael P. Carey for defendant bay Cities Bank and granting 40 Motion for Leave to Appear Pro Hac Vice, Ann Wrege Ferebee for defendant Bay Cities Bank. Mr. Carey and Ms. Ferebee are directed to register for ECF and to electronically file notices of appearance. Ordered by Magistrate Judge Gary R. Brown on 1/7/2014. (Demosthenous, Constantina) (Entered: 01/07/2014) | Send Runner to Court |
| 38 | 01/03/2014 | AMENDED COMPLAINT First Amended Class Action Complaint against All Defendants, filed by Deborah Moss. (Kaplan, Darren) (Entered: 01/03/2014) | Docket Status   View   Add to request |
| 37 | 01/03/2014 | NOTICE by Deborah Moss Notice of Change of Address of Counsel of Record (Kaplan, Darren) (Entered: 01/03/2014) | View   Add to request |
| 36 | 12/18/2013 | NOTICE of Appearance by Hassan Zavareei on behalf of Deborah Moss (aty to be noticed) (Zavareei, Hassan) (Entered: 12/18/2013) | View   Add to request |
| 35 | 12/18/2013 | NOTICE of Appearance by Eric Rieder on behalf of Bay Cities Bank (aty to be noticed) (Rieder, Eric) (Entered: 12/18/2013) | View   Add to request |
| 33 | 12/17/2013 | NOTICE of Appearance by Kevin Ranlett on behalf of BMO Harris Bank, N.A. (aty to be noticed) (Ranlett, Kevin) (Entered: 12/17/2013) | View   Add to request |
| 34 | 12/16/2013 | Minute Entry for proceedings held before Judge Joseph F. Bianco:Pre Motion Conference held on 12/16/2013; amended complaint due 1/3/14; motions due 2/3/14; responses 3/3/14; reply 3/17/14; oral argument 4/9/14 (Tape #ftr | View   Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|    |            | 3:15 - 3:24.) (Bollbach, Jean) (Entered: 12/17/2013) | | |
|----|------------|---|---|---|
| 32 | 12/16/2013 | NOTICE of Appearance by John C. Ekman on behalf of First Premier Bank (aty to be noticed) (Ekman, John) (Entered: 12/16/2013) | View | Add to request |
| 31 | 12/16/2013 | NOTICE of Appearance by Bryan Freeman on behalf of First Premier Bank (aty to be noticed) (Freeman, Bryan) (Entered: 12/16/2013) | View | Add to request |
| 30 | 12/16/2013 | NOTICE of Appearance by James P. McCarthy on behalf of First Premier Bank (aty to be noticed) (McCarthy, James) (Entered: 12/16/2013) | View | Add to request |
| 29 | 12/16/2013 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 25, receipt number 0207-6618142. by BMO Harris Bank, N.A.. (Attachments: # 1 Declaration Declaration of Therese Craparo in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Proposed Order Order for Admission of Kevin Ranlett as Pro Hac Vice Counsel) (Craparo, Therese) (Entered: 12/16/2013) | View | Add to request |
| 28 | 12/16/2013 | NOTICE of Appearance by Debra Bogo-Ernst on behalf of BMO Harris Bank, N.A. (aty to be noticed) (Bogo-Ernst, Debra) (Entered: 12/16/2013) | View | Add to request |
|    | 12/16/2013 | ORDER granting 29 Motion for Leave to Appear Pro Hac Vice, Kevin Ranlett for defendant BMO Harris Bank, N.A. Mr. Ranlett is directed to register for ECF and to electronically file a notice of appearance. Ordered by Magistrate Judge Gary R. Brown on 12/16/2013. (Demosthenous, Constantina) (Entered: 12/16/2013) | Send Runner to Court | |
| 27 | 12/13/2013 | Letter to Hon. Joseph F. Bianco regarding pre-motion conference by First Premier Bank (McCarthy, James) (Entered: 12/13/2013) | View | Add to request |
| 26 | 12/13/2013 | Letter MOTION for pre motion conference re Order on Motion for Pre Motion Conference,,, Response to Defendant BMO Harris Bank, N.A.'s Request for Pre-Motion Conference by Deborah Moss. (Attachments: # 1 Certificate of Service) (Kaplan, Darren) (Entered: 12/13/2013) | View | Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| 25 | 12/13/2013 | Letter MOTION for pre motion conference by Bay Cities Bank. (Peterson, Courtney) (Entered: 12/13/2013) | View | Add to request |
|---|---|---|---|---|
| 24 | 12/13/2013 | Corporate Disclosure Statement by Bay Cities Bank identifying Corporate Parent Florida Business BancGroup, Inc. for Bay Cities Bank. (Peterson, Courtney) (Entered: 12/13/2013) | View | Add to request |
| 23 | 12/13/2013 | Notice of MOTION for Leave to Appear Pro Hac Vice for Matthew Sostrin Filing fee $ 25, receipt number 0207-6615499. by BMO Harris Bank, N.A.. (Attachments: # 1 Affidavit in Support Declaration of Therese Craparo, # 2 Proposed Order) (Craparo, Therese) (Entered: 12/13/2013) | View | Add to request |
| 22 | 12/13/2013 | Notice of MOTION for Leave to Appear Pro Hac Vice for Lucia Nale Filing fee $ 25, receipt number 0207-6615460. by BMO Harris Bank, N.A.. (Attachments: # 1 Affidavit in Support Declaration of Therese Craparo, # 2 Proposed Order) (Craparo, Therese) (Entered: 12/13/2013) | View | Add to request |
| 21 | 12/13/2013 | Notice of MOTION for Leave to Appear Pro Hac Vice for Debra Bogo-Ernst Filing fee $ 25, receipt number 0207-6615408. by BMO Harris Bank, N.A.. (Attachments: # 1 Affidavit in Support Declaration of Therese Craparo, # 2 Proposed Order) (Craparo, Therese) (Entered: 12/13/2013) | View | Add to request |
|  | 12/13/2013 | ELECTRONIC ORDER granting 21 Motion for Leave to Appear Pro Hac Vice, Debra Bogo-Ernst for defendant, BMO Harris Bank, N.A. ; granting 22 Motion for Leave to Appear Pro Hac Vice, Lucia Male, for defendant, BMO Harris Bank, N.A. ; granting 23 Motion for Leave to Appear Pro Hac Vice, Matthew Sostrin, for defendant, BMO Harris Bank, N.A. Ms. Bogo-Ernst, Ms. Male, and Mr. Sostrin are directed to register for ECF and to electronically file notices of appearance. Ordered by Magistrate Judge Gary R. Brown on 12/13/2013. (Demosthenous, Constantina) (Entered: 12/13/2013) | Send Runner to Court | |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

| | | |
|---|---|---|
| | 12/13/2013 | ORDER granting 25 Motion for Pre-Motion Conference. IT IS HEREBY ORDERED that the telephone conference scheduled for Monday, December 16, 2013, at 3:00 p.m., will serve as the pre-motion conference for both defendants' motions. SO ORDERED. Ordered by Judge Joseph F. Bianco on 12/13/2013. (Lamb, Conor) (Entered: 12/13/2013) | Send Runner to Court |
| 20 | 12/10/2013 | MOTION for Leave to Appear Pro Hac Vice James P. McCarthy Filing fee $ 25, receipt number 0207-6605430. by First Premier Bank. (Attachments: # 1 Declaration of David Feuerstein in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Exhibit A, # 3 Proposed Order) (Feuerstein, David) (Entered: 12/10/2013) | View   Add to request |
| 19 | 12/10/2013 | MOTION for Leave to Appear Pro Hac Vice Bryan R. Freeman Filing fee $ 25, receipt number 0207-6605380. by First Premier Bank. (Attachments: # 1 Declaration of David Feuerstein in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Exhibit A, # 3 Proposed Order) (Feuerstein, David) (Entered: 12/10/2013) | View   Add to request |
| 18 | 12/10/2013 | MOTION for Leave to Appear Pro Hac Vice John C. Ekman Filing fee $ 25, receipt number 0207-6605310. by First Premier Bank. (Attachments: # 1 Declaration of David Feuerstein in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Exhibit A, # 3 Proposed Order) (Feuerstein, David) (Entered: 12/10/2013) | View   Add to request |
| | 12/10/2013 | ELECTRONIC ORDER granting 18 Motion for Leave to Appear Pro Hac Vice, John C. Ekman for defendant First Premier Bank ; granting 19 Motion for Leave to Appear Pro Hac Vice, Bryan R. Freeman, for defendant First Premier Bank ; granting 20 Motion for Leave to Appear Pro Hac Vice, James P. McCarthy for defendant First Premier Bank. Mr Ekman, Mr. Freeman, and Mr. McCarthy are directed to register for ECF and to electronically file notices of appearance. Ordered by Magistrate Judge Gary R. Brown | Send Runner to Court |

| | | on 12/10/2013. (Demosthenous, Constantina) (Entered: 12/10/2013) | | |
|---|---|---|---|---|
| 17 | 12/09/2013 | Letter MOTION for pre motion conference by BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 12/09/2013) | View | Add to request |
| | 12/09/2013 | ORDER granting 17 Motion for Pre Motion Conference. The Court has received counsel for defendant BMO Harris's letter requesting a pre-motion conference in anticipation of moving to dismiss and filing other motions. IT IS HEREBY ORDERED that the parties shall participate in a telephone pre-motion conference on Monday, December 16, 2013, at 3:00 p.m. At that time, counsel for BMO Harris shall initiate the call and, once all parties are on the line, shall contact Chambers at (631) 712 5670. Prior to the date of the conference, plaintiff and the remaining defendants may submit a letter pursuant to Individual Rule III.A explaining why the proposed motions are likely to be unsuccessful. SO ORDERED. Ordered by Judge Joseph F. Bianco on 12/9/2013. (Lamb, Conor) (Entered: 12/09/2013) | Send Runner to Court | |
| 16 | 12/03/2013 | Corporate Disclosure Statement by BMO Harris Bank, N.A. identifying Corporate Parent BMO Financial Corp. for BMO Harris Bank, N.A.. (Craparo, Therese) (Entered: 12/03/2013) | View | Add to request |
| 15 | 11/27/2013 | NOTICE of Appearance by Therese Craparo on behalf of BMO Harris Bank, N.A. (aty to be noticed) (Craparo, Therese) (Entered: 11/27/2013) | View | Add to request |
| 14 | 11/14/2013 | NOTICE of Appearance by Norman Siegel on behalf of Deborah Moss (aty to be noticed) (Siegel, Norman) (Entered: 11/14/2013) | View | Add to request |
| 13 | 11/14/2013 | NOTICE of Appearance by Stephen N. Six on behalf of Deborah Moss (aty to be noticed) (Six, Stephen) (Entered: 11/14/2013) | View | Add to request |
| 12 | 11/07/2013 | Notice of MOTION for Leave to Appear Pro Hac Vice by Stephen N. Six Filing fee $ 25, receipt number 0207-6544856. by Deborah Moss. (Attachments: # 1 Affidavit of Stephen N. Six in Support of Motion, # 2 Proposed Order Admitting Stephen N. Six Pro Hac | View | Add to request |

| | | | | |
|---|---|---|---|---|
| | | Vice) (Kaplan, Darren) (Entered: 11/07/2013) | | |
| 11 | 11/07/2013 | Notice of MOTION for Leave to Appear Pro Hac Vice by Norman E. Siegel Filing fee $ 25, receipt number 0207-6544804. by Deborah Moss. (Attachments: # 1 Affidavit of Norman E. Siegel in Support of Motion, # 2 Proposed Order Admitting Norman E. Siegel Pro Hac Vice) (Kaplan, Darren) (Entered: 11/07/2013) | View | Add to request |
| | 11/07/2013 | ELECTRONIC ORDER granting 11 Motion for Leave to Appear Pro Hac Vice, Norman E. Siegel for plaintiff; granting 12 Motion for Leave to Appear Pro Hac Vice, Stephen N. Six for plaintiff. Mr. Siegel and Mr. Six are directed to register for ECF and to electronically file notices of appearance. Ordered by Magistrate Judge Gary R. Brown on 11/7/2013. (Demosthenous, Constantina) (Entered: 11/07/2013) | Send Runner to Court | |
| 10 | 11/04/2013 | Corporate Disclosure Statement by First Premier Bank identifying Corporate Parent United National Corporation for First Premier Bank. (Feuerstein, David) (Entered: 11/04/2013) | View | Add to request |
| 9 | 10/30/2013 | Letter MOTION for Extension of Time to File Answer re 1 Complaint by Bay Cities Bank. (Attachments: # 1 Proposed so-ordered stipulation requesting an extention of time to respond) (Peterson, Courtney) (Entered: 10/30/2013) | View | Add to request |
| | 10/30/2013 | ELECTRONIC ORDER granting 9 Motion for Extension of Time to Answer. Defendant Bay Cities Bank time to respond to the Complaint is EXTENDED to December 16, 2013. Ordered by Magistrate Judge Gary R. Brown on 10/30/2013. (Demosthenous, Constantina) (Entered: 10/30/2013) | Send Runner to Court | |
| 8 | 10/29/2013 | WAIVER OF SERVICE Returned Executed by Deborah Moss. BMO Harris Bank, N.A. waiver sent on 10/8/2013, answer due 12/9/2013. (Kaplan, Darren) (Entered: 10/29/2013) | View | Add to request |
| 7 | 10/29/2013 | MOTION for Extension of Time to File Answer re 1 Complaint / Stipulation to Extend Time to Move, Answer or Otherwise Respond to Complaint by First Premier Bank. | View | Add to request |

Moss v. BMO Harris Bank, N.A. et al, 2:13CV05438 (2013)

|   | | | |
|---|---|---|---|
| | | (Feuerstein, David) (Entered: 10/29/2013) | |
| | 10/29/2013 | ELECTRONIC ORDER granting 7 Motion for Extension of Time to Answer. Defendant First Premier Bank's time to respond to the Complaint is EXTENDED to December 16, 2013. Ordered by Magistrate Judge Gary R. Brown on 10/29/2013. (Demosthenous, Constantina) (Entered: 10/29/2013) | Send Runner to Court |
| 6 | 10/22/2013 | MOTION for Leave to Appear Pro Hac Vice Hassan A. Zavareei Filing fee $ 25, receipt number 0207-6507550. by Deborah Moss. (Kaplan, Darren) (Entered: 10/22/2013) | **Docket Status**<br>View \| Add to request |
| 5 | 10/22/2013 | NOTICE of Appearance by Jeffrey Ostrow on behalf of Deborah Moss (aty to be noticed) (Ostrow, Jeffrey) (Entered: 10/22/2013) | View \| Add to request |
| | 10/22/2013 | ELECTRONIC ORDER granting 6 Motion for Leave to Appear Pro Hac Vice, Hassan A. Zavareei for plaintiff. Mr. Zavareei is directed to register for ECF and to electronically file a notice of appearance. Ordered by Magistrate Judge Gary R. Brown on 10/22/2013. (Demosthenous, Constantina) (Entered: 10/22/2013) | Send Runner to Court |
| 4 | 10/21/2013 | MOTION for Leave to Appear Pro Hac Vice by Jeffrey M. Ostrow Filing fee $ 25, receipt number 0207-6505770. by Deborah Moss. (Attachments: # 1 Affidavit in Support of Jeffrey M. Ostrow, # 2 Proposed Order Granting Motion to Admit Jeffrey M. Ostrow Pro Hac Vice) (Kaplan, Darren) (Entered: 10/21/2013) | View \| Add to request |
| | 10/21/2013 | ELECTRONIC ORDER granting 4 Motion for Leave to Appear Pro Hac Vice, Jeffrey M. Ostrow for plaintiff. Mr. Ostrow is directed to register for ECF and to electronically file a notice of appearance. Ordered by Magistrate Judge Gary R. Brown on 10/21/2013. (Demosthenous, Constantina) (Entered: 10/21/2013) | Send Runner to Court |
| 3 | 10/02/2013 | Summons Issued as to All Defendants. (Talbott, Thomas) (Entered: 10/02/2013) | **Docket Status**<br>View \| Add to request |
| 2 | 10/02/2013 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that if all parties consent a United States magistrate judge | View \| Add to request |

of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. (McMahon, Carol) (Entered: 10/02/2013)

| | 10/02/2013 | CIVIL CASE FILING FEE: $ 400, receipt number 0207-6469491 (Kaplan, Darren) (Entered: 10/02/2013) | Send Runner to Court |
| | 10/02/2013 | The case of Moss v. BMO Harris Bank, N.A., et al, has been opened in the Eastern District of New York. The case number is 13cv5438(JFB) (GRB). PLEASE NOTE: You must pay the case filing fee within seven (7) days. Select the event (Civil Case Filing Fee) and pay online. (McMahon, Carol) (Entered: 10/02/2013) | Send Runner to Court |
| 1 | 09/30/2013 | COMPLAINT against BMO Harris Bank, N.A., Bay Cities Bank, First Premier Bank Disclosure Statement on Civil Cover Sheet completed -Yes,, filed by Deborah Moss. (Attachments: # 1 Civil Cover Sheet) (McMahon, Carol) (Entered: 10/02/2013) | View   Add to request |

TO ORDER COPIES OF ANY DOCUMENTS LISTED
ABOVE, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**End of Document**          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

# AUGUST 2, 2024 MEMORANDUM DECISION AND ORDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                   :
DEBORAH MOSS, on behalf of herself and             :    **MEMORANDUM DECISION AND**
all others similarly situated,                     :    **ORDER**
                                                   :
                               Plaintiff,          :    13-cv-5438 (BMC)
                                                   :
              - against -                          :
                                                   :
FIRST PREMIER BANK, a South Dakota                 :
State-Chartered Bank,                              :
                                                   :
                               Defendant.          :
                                                   :
-------------------------------------------------------- X

**COGAN**, District Judge.

     Before me in this civil RICO conspiracy action are defendant's motion for summary

judgment, plaintiff's cross-motion for partial summary judgment, both parties' motions to

exclude certain experts and strike their reports, and plaintiff's motion for class certification.  For

the reasons that follow, defendant's motion for summary judgment is granted and the remaining

motions are denied as moot.

**BACKGROUND**

     This case arises out of plaintiff Deborah Moss's online payday loans from SFS, Inc. d/b/a

One Click Cash ("OCC").[1]  On June 17, 2010, plaintiff obtained a loan (the "subject loan") from

OCC for $350.  It was the fourth loan she had obtained from OCC since August 2008.  In

applying for her loan, "Moss authorized One Click Cash to debit her personal checking account

---

[1] The parties dispute whether the loan came from One Click Cash or another one of Scott Tucker's entities, but the
difference is immaterial.  All that matters is that the lending entity belonged to Tucker, which is undisputed.

with TD Bank in order to repay the loan" through the Automated Clearing House ("ACH")

electronic payment system.

The ACH payment system is a process that provides for the distribution and settlement of

electronic credits and debits among financial institutions. For purposes of this case, it suffices to

understand the ACH payment system as a method by which financial institutions communicate

data-based instructions to one another to carry out the transactional terms of a loan (i.e., it allows

creditors and debtors to send money to each other) via a multi-step process. First, a "receiver"

requests a loan by authorizing a transaction with an "originator," the lender. Second, the

originator sends a data file that communicates instructions for debiting or crediting the receiver

to a Third-Party Sender ("TPS"). Third, the TPS sends those instructions (in the form of a data

file) to the Originating Depository Financial Institution ("ODFI"). Fourth, the ODFI sends that

data file (together with data files from other loans) to the ACH Operator, who then sends it to the

receiver's bank, which is the Receiving Depository Financial Institution ("RDFI"). Fifth and

finally, the RDFI credits or debits the receiver's account, depending on what the instructions tell

it to do.

For the subject loan, plaintiff was the receiver; OCC was the originator; Intercept was the

TPS; defendant was the ODFI; the Electronic Payments Network was the ACH Operator; and

TD Bank (plaintiff's bank) was the RDFI.

Scott Tucker, in collusion with several of his corporate entities ("Tucker Lenders"),

perpetrated a years-long lending scheme in which he extended payday loans at usurious rates.

He was able to evade detection by hiding behind fraudulent relationships with Native American

tribes and claiming tribal immunity from state laws that would otherwise prohibit his usurious

loans. Tucker cultivated relationships with these tribes, leading them to issue certificates

indicating that the businesses were tribally owned.  In some instances, Tucker even had members

of the tribes perform perfunctory tasks related to the loans while they were physically located on

their reservations in an attempt to bolster his claim that the loans should be governed by tribal

law.  The full scope of his scheme came to light in 2016, when the Department of Justice

indicted him and five Tucker Lenders for RICO violations.  He has since been convicted of

violating RICO and sentenced to 200 months in prison.  Tucker's scheme pertains to the instant

case because OCC, the originator of the subject loan, was one of the Tucker Lenders.

The parties agree that our defendant had no direct relationship, or even communications,

with Tucker, OCC, or any other Tucker Lenders.  Instead, defendant had a contractual

relationship with Intercept, the TPS on the subject loan.  Under that agreement with Intercept,

defendant received a small fee for every ACH item it processed on Intercept's behalf.

Defendant's relationship with Intercept dates back to June 2008.  That is when defendant

conducted its initial risk-based diligence of Intercept, during which defendant considered, *inter

alia*, Intercept's ACH volume and the payday lending segment of Intercept's clients.  That risk

assessment was performed by defendant's Treasury Services Risk Committee ("TSRC").  The

TSRC examined a proposed new client form for Intercept, which included a statement that

Intercept's payday lending was "high risk," in part because a high percentage of Intercept's

returns (ACH entries that cannot be processed) were triggered by insufficient funds in the

receiver's account, an issue associated with payday loans.  The TSRC also was aware that

Intercept used multiple ODFIs, a practice that was associated with payday lending and that

regulators warned financial institutions to scrutinize when conducting diligence.

In August 2008, after the TSRC concluded its favorable risk analysis of Intercept,

defendant entered into its agreement with Intercept and began serving as an ODFI for

transactions in which Intercept was the TPS.  As part of that agreement, Intercept represented

that it would conduct certain diligence before processing ACH entries on behalf of any

originator.  During the relevant period, defendant had multiple TPS clients and worked with

thousands of ACH clients.  Intercept served as the TPS for thousands of originators.  Defendant

conducted additional diligence on Intercept during the course of the business relationship,

concluding that Intercept was using proper ACH authorization language and had complied with

its own diligence requirements.

 In October 2008, Intercept sent defendant nine New Client Request Forms ("NCRF"),

including five on behalf of Tucker Lenders.  Intercept told defendant that those nine originators

were actually three companies with nine corporate names.  The loan documents for the five

Tucker Lenders shared certain visual similarities, as did those lenders' websites.  In accordance

with the agreement, Intercept told defendant that it had conducted the necessary diligence as to

each of those potential new clients and provided specimen ACH authorization documents from

each.  The specimen documents were effectively sample, hypothetical loans.  By design, they

were not supposed to be real loans, nor connected to real loans.  They were just specimens of

what the paper looked like for real loans. Thus, they included obviously fictitious placeholders,

having fake names for parties (FREDTSTEST JERINOTSTEST and TEST), banks (SPIONID),

and locations (Undistractingly, PA and Outreach, NJ).  The interest rates listed in the Tucker

Lenders' specimen documents exceeded 500% APR.

 In February 2009, the TSRC held a meeting at which it discussed risks relating to

Intercept, including "Payday Lending Regulation."  The TSRC also discussed "state inquiries" in

connection with "usury laws."  The TSRC agreed to conduct "an in-depth risk assessment . . . on

Intercept, stating the risks involved with the relationship," including " a write up presented to the

Board." From December 2008 to March 2009, the Tucker Lenders constituted one-third of Intercept's ACH transaction volume and Intercept constituted approximately one-half of defendant's. In April 2009, defendant instituted a new procedure for Intercept-related transactions, by which defendant would keep additional cash on-hand to deal with payday loans and related returns.

In May 2009, in connection with concerns about high origination volumes, return percentages, and attendant risks (including regulatory scrutiny), the TSRC asked to review Intercept's underwriting of payday lenders, including the Tucker Lenders. The information that the five Tucker Lenders had submitted to Intercept included certain responses that were virtually identical to one another. Three of the Tucker Lenders indicated that there were ongoing state investigations of them in California and Colorado. The submissions included certain inconsistencies in violation of ACH guidelines, including that the Tucker Lenders received written loan authorizations, when they in fact received online authorizations. They also included specimen loan documentation, including one with a 995% APR.

Defendant regularly communicated with Intercept through the Proof of Authorization ("POA") process, in which defendant was required to provide proof that a given RDFI transaction (usually a debit from a debtor's account) was properly authorized. The POA process requires ODFIs like defendant to request proof from the TPS that the originator authorized a transaction and provide that proof to the RDFI within 10 days of the request. During the relevant period, defendant received approximately 9,000 POA requests, including those in connection with Intercept, some of which involved OCC and the other Tucker Lenders as originators. During that period, loans originated by Tucker Lenders accounted for approximately 1,500 of defendant's POA requests. In connection with those returns, Intercept sent defendant loan

5

documentation from certain Tucker Lenders, some of which showed finance charges (interest rates) in excess of 500%.

Plaintiff took out the subject loan in June 2010, while living in New York. That loan's disclosed interest rate was 995.45%, far in excess of New York's 16% cap on unsecured consumer loans. Defendant processed ACH debits as the ODFI in connection with that loan. In September or October 2010, defendant stopped processing ACH transactions for the Tucker Lenders.

Plaintiff's third amended complaint asserts just one count: RICO conspiracy against defendant. She claims that defendant conspired with the Tucker Lenders to collect usurious debt, including the subject loan, in violation of 18 U.S.C. § 1962(d). Defendant allegedly agreed to advance that scheme by serving as an ODFI for certain Tucker Lenders, providing part of the financial infrastructure for Tucker to defraud borrowers and collect usurious interest. More specifically, defendant was responsible for sending instructions to debit plaintiff's bank account on behalf of the Tucker Lenders when her payments were due. Plaintiff does not allege that defendant was involved in or knew about the tribal aspect of the scheme. Rather, she asserts that defendant knew or consciously avoided knowing that the Tucker Lenders' corporate entities were merely fronts for a single enterprise and that their interest rates were usurious.

Defendant has moved for summary judgment, claiming it did not know about or agree to Tucker's scheme.

## DISCUSSION

## I.   LEGAL STANDARD

Summary judgment is proper where there is no genuine dispute of material fact remaining for trial. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).  To show that there is no dispute of material fact, a moving party must either submit

evidence that "negates an essential element of the non-moving party's claim," or demonstrate

that "the non-moving party's evidence is insufficient to establish an essential element of the non-

moving party's claim."  Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d

Cir. 2017).  "A factual dispute does not present a genuine issue precluding summary judgment

unless the evidence is such that a reasonable jury could return a verdict for the nonmoving

party."  Woodford v. Cmty. Action of Greene Cnty., Inc., 268 F.3d 51, 54 (2d Cir. 2001).

Summary judgment is appropriate even as to issues that involve factual inquiries where courts

determine that, when "viewing the facts in the light most reasonable to the plaintiff, no

reasonable jury could find in the plaintiff's favor."  Wright v. Parente, No. 20-cv-622, 2023 WL

2071297, at *1 (E.D.N.Y. Feb. 17, 2023).

        "RICO conspiracy requires proof: (a) of an agreement to join a racketeering scheme, (b)

of the defendant's knowing engagement in the scheme with the intent that its overall goals be

effectuated, and (c) that the scheme involved, or by agreement between any members of the

conspiracy was intended to involve, two or more predicate acts of racketeering."  United States

v. Zemlyansky, 908 F.3d 1, 11 (2d Cir. 2018).  It is not a requirement that a defendant commit

predicate acts to be liable as a RICO conspirator.  See Salinas v. United States, 522 U.S. 52, 65

(1997).

## II.   TIMELINESS

        RICO has a four-year statute of limitations.  See Cohen v. S.A.C. Trading Corp., 711

F.3d 353, 361 (2d Cir. 2013).  Because plaintiff brought this action on September 30, 2013, she

cannot recover for injuries she incurred prior to September 30, 2009.  Although she took out

multiple loans from Tucker Lenders on which defendant served as the ODFI, the only one that

arguably falls within the statute of limitations is the subject loan, which plaintiff took out on June 17, 2010. Defendant last debited plaintiff's account in connection with that loan on October 8, 2010.[2]

Defendant claims that plaintiff's limitations period began when she took out her first loan from the Tucker Lenders on which defendant served as the ODFI, which was in August 2008. Like all loans plaintiff took out from the Tucker Lenders, the August 2008 loan had nearly identical terms to the June 2010 loan. Assuming *arguendo* that defendant and the Tucker Lenders entered into a conspiracy involving usurious debt, defendant argues that plaintiff discovered or should have discovered her injury in connection with that first loan. Because plaintiff filed the instant action more than four years after the August 2008 loan, defendant claims that this action is untimely.

Plaintiff responds that a new statute of limitations period started when she took out the June 2010 loan. She relies on the separate accrual doctrine, "under which a new claim accrues, triggering a new four-year limitations period, each time plaintiff discovers, or should have discovered, a new [and independent] injury caused by the predicate RICO violations." See Bingham v. Zolt, 66 F.3d 553, 559 (2d Cir. 1995). Plaintiff claims that her injury is the collection of usurious debt and argues that she suffered a new and independent injury each time her debt was collected, up to defendant's final ACH transaction on October 8, 2010. Defendant does not dispute that the final loan constitutes a new injury, as plaintiff undertook a new duty to repay a new loan. Rather, defendant argues that the injury was not independent of the injury she suffered from the prior, identical loans.

---

[2] For purposes of this motion, I assume plaintiff is correct about this date. Defendant claims it last debited plaintiff's account on September 21, 2010. Because both dates are within four years of plaintiff bringing this action and the limitations period is triggered by taking out the loan rather than debiting it, the discrepancy is irrelevant.

As an initial matter, plaintiff has improperly defined her injury. The Second Circuit has held that RICO plaintiffs suffer their injuries when they enter into an agreement to take out a usurious loan and that the collection of debt does not constitute a "new and independent" violation vis-à-vis entering the agreement. <u>See, e.g.</u>, <u>Simmons v. Reich</u>, No. 20-cv-4114, 2021 WL 5023354, at *2 (2d Cir. Oct. 29, 2021) ("Plaintiffs allege that the Lenders fraudulently misled them into taking out loans with illegally high interest rates and improper fees. Plaintiffs thus sustained their alleged injuries when they assumed these loan obligations."). "Courts in the Second Circuit routinely hold that subsequent payments in furtherance of a single scheme are not new and independent injuries." <u>Tech. Opportunity Grp., Ltd. v. BCN Telecom, Inc.</u>, No. 16-cv-9576, 2019 WL 4688628, at *7 (S.D.N.Y. Sept. 25, 2019) (collecting cases). Plaintiffs cannot skirt that rule by defining their injuries as the collection of debt rather than the incurrence of it. Accordingly, the last injury plaintiff suffered occurred when she took out the June 2010 loan.

Having determined the accrual date for plaintiff's claim, the next question is whether her final loan constituted an independent injury from her prior loan-related injuries. "Where subsequent injuries derive from an earlier event," such as subsequent payments or collection efforts tracing back to a single loan, "they cannot be said to be new and independent of the core injury." <u>Simmons</u>, 2020 WL 7024345, at *9. Put differently, when one injury is causally connected to a prior injury, the subsequent injury is not independent of the initial injury and does not trigger the separate accrual doctrine.

For example, in <u>421-A Tenants Ass'n, Inc. v. 125 Ct. St. LLC</u>, 760 F. App'x 44 (2d Cir. 2019), the plaintiff alleged that its landlord violated RICO by illegally inflating the rental value of the unit. Although the plaintiff signed its initial lease more than four years before bringing its action, it argued that its claim was saved by the separate accrual doctrine because it suffered a

"new and independent injury" each time it renewed the lease.  The Second Circuit rejected this argument and found the claims to be time barred, as each renewal lease "used the illegally-inflated initial rent amount to calculate rent increases."  Id. at 50.  For that reason, "[a]lthough each renewal lease therefore [led] to a new injury, that injury [was] not independent of the alleged underlying RICO violation because it [was] caused in material part by the alleged fraud committed in connection with the first lease."  Id.; see also In re Merrill Lynch Ltd. Partnerships Litig., 7 F. Supp. 2d 256 (S.D.N.Y. 1997).

"On the other hand, where subsequent injuries derive from separate unlawful acts, such as multiple misappropriations of funds, they give rise to new and independent injuries and begin a new four-year limitations period."  Simmons, 2020 WL 7024345, at *9.  For instance, in Bingham, the defendants "developed and implemented numerous schemes that allegedly diverted foreign music assets and royalty income from [Bob] Marley's estate to themselves."  66 F.3d at 556-57.  The Court found that although the case involved "a continuing series of fraudulent actions undertaken to divert and conceal assets and income," the assets were diverted through a variety of causally independent schemes to misappropriate money from different sources, all in furtherance of the shared goal to launder money.  Id. at 561.  Therefore, "each illegal diversion constituted a new and independent legally cognizable injury to the estate," and "with each diversion a new civil RICO cause of action accrued."  Id.  Similarly, in Am. Med. Ass'n v. United Healthcare Corp., No. 00-cv-2800, 2006 WL 3833440, at *10 (S.D.N.Y. Dec. 29, 2006), repeated fraudulent healthcare reimbursement determinations were deemed to be new and independent injuries, as they could not "be said to have resulted from one initial event."

At first glance, plaintiff's loans look like the lease renewals in 421-A Tenants because each loan had identical terms, application procedures, and approval processes.  However, the

loans were not causally dependent on one another.  Rather, plaintiff undertook a new obligation

to repay a new debt with each loan.  The injury she suffered from subsequent loans may have

been identical to the injury she suffered from the initial loan, but the subsequent injuries were not

causally traceable to the initial injury.  This distinguishes plaintiff's repeated loans from the lease

renewals in 421-A Tenants, which mathematically incorporated the initial improper price, or the

collection efforts in Simmons, which legally flowed from the initial improper loan.  Because

plaintiff's June 2010 loan constituted a new and independent injury from her prior loans, it

restarted her limitations period, making her claim timely.[3]

## III.   KNOWLEDGE AND AGREEMENT ELEMENTS

RICO conspiracy requires proof that the defendant understood the "general nature of the

conspiracy" and "agree[d] to conduct or to participate in the conduct of [an] enterprise's affairs

through a pattern of racketeering activity."  United States v. Pizzonia, 577 F.3d 455, 462 (2d Cir.

2009).  There is some overlap between the knowledge and agreement elements, as the plaintiff

must prove the "defendant knew about and agreed to facilitate a racketeering scheme."

Zemlyansky, 908 F.3d at 11.  But plaintiff must establish both elements to prove defendant

entered into a RICO conspiracy.

With respect to the knowledge requirement, a plaintiff must show the defendant's

"knowing engagement in the scheme with the intent that its overall goals be effectuated."  Id.

"[T]o be guilty of conspiracy the defendant must at least have had knowledge that a common

endeavor existed."  United States v. Nusraty, 867 F.2d 759, 763 (2d Cir. 1989).  "Bare

---

[3] Because plaintiff's claim arises only out of her final loan, any recovery would be limited to injuries related to that loan.  She cannot recover for injuries that occurred outside the limitations period, as "[a] necessary corollary of the separate accrual rule is that plaintiff may only recover for injuries discovered or discoverable within four years of the time suit is brought."  Bingham, 66 F.3d at 560.

assertion[s]" of knowledge and "conclusory allegations" do not establish genuine disputes of material fact.  Contemp. Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 106-07 (2d Cir. 1981).

Where "a defendant whose role in a racketeering conspiracy does not involve operation or management," the defendant can be found liable for conspiring to violate RICO "where he knows the general nature of the conspiracy and that the conspiracy extends beyond his individual role." Pizzonia, 577 F.3d at 462, n.4 (cleaned up); see also United States v. Yannotti, 541 F.3d 112, 122 (2d Cir. 2008) ("to be found guilty of RICO conspiracy, a defendant need only know of, and agree to, the general criminal objective of a jointly undertaken scheme.").  "[A] conspirator need not be fully informed about his co-conspirators' specific criminal acts provided that he agreed to participate in the broader criminal conspiracy and the acts evincing participation were not outside of the scope of the illegal agreement." Yannotti, 541 F.3d at 122. The plaintiff must raise an issue that the "alleged conspirator knew what the other conspirators were up to or whether the situation would logically lead an alleged conspirator to suspect he was part of a larger enterprise." United States v. Zichettello, 208 F.3d 72, 99 (2d Cir. 2000).

"RICO conspiracy does not require proof that the defendant intended that specific criminal acts be accomplished." Zemlyansky, 908 F.3d at 11.  "Instead, it suffices to show that he intended that the broad goals of the racketeering scheme be realized, along with evidence that some (or any) members of the conspiracy intended that specific criminal acts be accomplished." Id.  It is enough to demonstrate "the facilitation was knowing because the defendant was aware of the broader scheme, even if he was unaware of the particulars, or because the defendant knowingly benefitted from the scheme." Id. at 11 n.6.

A RICO plaintiff may establish constructive knowledge of the conspiracy's objectives through conscious avoidance by showing that the "defendant intentionally avoided confirming

the fact" of the conspiracy's unlawful nature.[4]  United States v. Ferrarini, 219 F.3d 145, 154 (2d

Cir. 2000).  However, "[c]onscious avoidance may not be used to support a finding as to . . .

intent to participate in a conspiracy."  United States v. Lange, 834 F.3d 58, 76 (2d Cir. 2016).

As for the agreement requirement, plaintiff must show that defendant "consciously

agreed to participate in a RICO conspiracy."  Gulf Coast Dev. Grp., LLC v. Lebor, No. 02-cv-

6949, 2003 WL 22871914, at *5 (S.D.N.Y. Dec. 4, 2003).  "[M]ere knowledge of the scheme,

even coupled with personal benefit, is not enough to impose liability for a RICO conspiracy."  In

re Refco Inc. Sec. Litig., 826 F. Supp. 2d 478, 540 (S.D.N.Y. 2011).  There must be "a meeting

of the minds as to the operation of the enterprise through a pattern of racketeering conduct"

between the conspirators in the enterprise.  United States v. Cain, 671 F.3d 271, 285 (2d Cir.

2012).

Although there must be a meeting of the minds, the agreement need not be express.

Rather, knowing participation in the conspiracy can be shown through circumstantial evidence.

See United States v. Anderson, 747 F.3d 51, 60 (2d Cir. 2014).  As the Second Circuit has held:

> A defendant's knowing and willing participation in a conspiracy may be inferred
> from, for example, her presence at critical stages of the conspiracy that could not
> be explained by happenstance or a lack of surprise when discussing the
> conspiracy with others.  Additional circumstantial evidence might include
> evidence that the defendant participated in conversations directly related to the
> substance of the conspiracy; possessed items important to the conspiracy; or
> received or expected to receive a share of the profits from the conspiracy.

United States v. Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (cleaned up).

"[T]he agreement proscribed by section 1962(d) is [a] conspiracy to participate in a

charged enterprise's affairs" through a pattern of racketeering, or the collection of unlawful

---

[4] Because racketeering activity can include loans that violate civil usury laws, the Court uses the terms "unlawful"
and "illegal" rather than "criminal."

debt[5], "not [a] conspiracy to commit predicate acts."  See United States v. Persico, 832 F.2d 705,

713 (2d Cir. 1987).  "[A] RICO conspiracy is never simply an agreement to commit specified

predicate acts that allegedly form a pattern of racketeering.  Nor is it merely an agreement to join

in a particular enterprise.  Rather, it is an agreement to conduct or to participate in the conduct of

a charged enterprise's affairs through a pattern of racketeering."  Pizzonia, 577 F.3d at 464.  To

prevail on a RICO conspiracy claim, the "plaintiff must show that the defendant agreed with at

least one other entity to commit a substantive RICO offense."  Crawford v. Franklin Credit

Mgmt. Corp., 758 F.3d 473, 487 (2d Cir. 2014).

### A.    Whether Defendant Had Knowledge of the Unlawful Enterprise

Plaintiff argues that defendant reviewed documents from the Tucker Lenders that

contained certain representations and inconsistencies, which defendant would have seen as "red

flags," leading them to learn that the Tucker Lenders were engaged in an unlawful enterprise.

Defendant responds that it had no reason to treat those documents as red flags.  In the alternative,

assuming it had viewed them as red flags and conducted additional diligence on the Tucker

Lenders as a result, defendant argues that it still could not have known those companies were

collectively engaged in an unlawful enterprise.

### 1.    Red Flags

Plaintiff points to four categories of evidence through which defendant learned or

consciously avoided learning about the unlawful nature of the Tucker Lenders' enterprise:

diligence from onboarding Intercept; specimen ACH authorization documents from reviewing

NCRFs submitted on behalf of the Tucker Lenders; ACH authorization documents from the POA

---

[5] "RICO offenses may be predicated on a single instance of collection of unlawful debt, as well as on a pattern of racketeering activity."  United States v. Grote, 961 F.3d 105, 119 (2d Cir. 2020).  In either event, the statute requires an agreement to engage in racketeering activity, not just an agreement to commit predicate acts.

process; and Intercept's diligence documents on the Tucker Lenders that defendant subsequently reviewed.

First, through the diligence it conducted when deciding whether to begin a commercial relationship with Intercept, defendant received documents that included information about the general risks of state inquiries and usury laws in connection with payday lending, as well as the higher-than-average return rates and POA requests for Intercept's payday lending clients. In deciding whether to take on Intercept as a client, defendant discussed these risks, which are often associated with payday lending, and decided to work with Intercept.

Second, when Intercept took on various Tucker Lenders as clients, it sent defendant NCRFs for those lenders, which defendant needed to review and approve before serving as an ODFI for their loans. Those forms included specimen loan documents from the Tucker Lenders. These were generic samples of their loans, not actual documents they sent out to any customers. Among other features, those specimen loan documents included sample interest rates, which were as high as 995%. Two of those loans stated that the sample borrowers (who, again, were known not to be real individuals) lived in Outreach, New Jersey and Undistractingly, Pennsylvania. The interest rates on those forms would have been illegal in those states, although those cities do not exist.

Third, defendant reviewed Tucker Lender documents through the POA process. When defendant received a POA request, one of its administrative assistants would review the relevant loan documentation to ensure that the borrower provided authorization for their account to be debited by the lender to repay the loan. The forms that included the borrowers' authorizations also included the interest rates for those loans, some of which exceeded 600%.

Fourth, defendant reviewed the diligence that Intercept conducted on several originators, including the Tucker Lenders, as part of defendant's auditing of its own clients. Through that review, defendant examined the Tucker Lenders' ACH applications to Intercept, which contained representations that certain Tucker Lenders were under investigation in California and Colorado, and Intercept's OFAC checks, which entailed running the originator's information against the Office of Foreign Asset Control's list of sanctioned entities. On one Tucker Lender document, the lender included its own information and, apparently by accident, the information of another Tucker Lender on the same application. On another document, a Tucker Lender failed to include a business address or corporate resolutions. Also, the documents included several representations from various Tucker Lenders that they received ACH authorizations in person when they actually received them electronically.

Plaintiff argues, largely through its expert report, that the interest rates and inconsistencies in those documents were "red flags" through which defendant actually learned or consciously avoided learning that the Tucker Lenders operated as a single enterprise and collected usurious debt. Defendant responds that its employees did not review (and had no obligation or reason to review) many of the portions of the documents that contained the supposed red flags and, even if they had, they would have had no reason to view those as red flags because of the context in which they reviewed those documents.

With respect to the first diligence category, documents reviewed while defendant onboarded Intercept, defendant argues that it engaged in appropriate diligence, primarily regarding Intercept's relatively high proportion of payday lending originators. Defendant takes issue with plaintiff pointing to its continued diligence and extensive conversations about the attendant risks of payday lending as evidence that defendant knew something was wrong with

Intercept's clients.  Defendant argues the contrary, claiming its diligence shows that it took its role as an ODFI seriously, abided by all pertinent laws and guidance, and ultimately decided to engage Intercept, armed with a full knowledge of the risks of payday lending generally, but not knowing anything about the Tucker Lenders specifically.

With respect to the second diligence category, the NCRFs and related specimen loan documentation, the parties agree that those documents did not reflect actual loans that the Tucker Lenders offered.  Several aspects of the specimen documentation made clear that they were not "live" loans, including the presence of fake names for the borrowers, banks, and cities. Additionally, defendant states that its only purpose for reviewing those documents was to ensure they had a specific authorization provision.  Plaintiff argues that the interest rates for each specimen loan were on the page immediately after the page containing the authorization, but does not explain why defendant would have turned the page to reveal the loan rates.  Further, assuming plaintiff could show that defendant should have turned the page to check the interest rate, defendant argues she would still need to explain why it should have been concerned about a large interest rate on a specimen loan document, which was full of intentionally incorrect entries and thus could have been nothing but a plug number.

With respect to the third diligence category, documents reviewed during the POA process, defendant argues that it is unreasonable to assume its administrative assistant tasked with reviewing documents in connection with Intercept-related POAs could have noticed the interest rates on the Tucker Lenders' documents, as she was not instructed to review the interest rates, according to defendant's diligence checklists.  Defendant also points out that the Tucker Lenders represented just .02% of Intercept's clients and that they purported to be independent entities.  As a result, to have uncovered what plaintiff claims defendant uncovered, the

administrative assistant would have had to go beyond her limited assignment and have reviewed the interest rates on the loans, realized that they were high, and cross-referenced them against the usury laws of the various states in which the loans were executed.

With respect to the fourth diligence category, documents reviewed when defendant examined Intercept's diligence of the Tucker Lenders and other originators, defendant's employee, Errin Frankman, examined those documents in the context of reviewing the diligence conducted by thirteen Intercept originators. Her review, as indicated by the checklist she used, was limited to reviewing the diligence packet for all thirteen originators to ensure Intercept conducted the diligence that it agreed to in its contract with defendant. As a result, defendant argues that Ms. Frankman had no reason to review portions of the packet that plaintiff argues constitute red flags, such as the Tucker Lenders' ACH applications to Intercept. As for the other irregularities in those documents, defendant denies that they were red flags at all, let alone red flags that should have led defendant to learn the truth about the Tucker Lenders.

On the record before the Court, it appears highly unlikely that defendant had any reason to treat these inconsistencies as evidence that the Tucker Lenders were engaged in suspicious activities, to the extent defendant saw them at all. Given the context in which defendant reviewed the diligence documents involving the Tucker Lenders, it would have had no reason to assume that those lenders were involved in a racketeering enterprise.

However, on summary judgment, the Court "must consider not whether the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Lembaris v. Univ. of Rochester, 566 F. App'x 89, 90 (2d Cir. 2014) (cleaned up). The bottom line is that there are a handful of discrepancies in the Tucker Lender documents that defendant reviewed, among the thousands of documents it

18

reviewed in connection with the other 99.98%[6] of Intercept's clients, not to mention its review of documents from TPSs other than Intercept.  Looking at certain Tucker Lender documents side by side and comparing them in ways that plaintiff has not shown defendant ever did or had reason to do, it is possible to observe irregularities.  Plaintiff's allegations and expert report attempt to capitalize on these irregularities and create disputes of material fact as to whether defendant should have noticed them and viewed them as red flags.  Although the evidence clearly favors defendant's argument that it would not have observed any red flags, given the fact-intensiveness of this inquiry, I cannot say it is impossible for a reasonable jury to find that those inconsistencies should have alerted defendant that something was wrong.

However, mere suspicions about these lenders would not be enough to create a dispute of material fact about whether defendant understood the general contours of Tucker's unlawful enterprise.  Plaintiff needs to show that defendant viewed these red flags as indicating that the Tucker Lenders were collectively engaged in collecting usurious debt and that defendant either learned the truth or consciously avoided it.

Defendant argues that it could not have known that the Tucker Lenders were operating as a single enterprise, as opposed to being the unrelated entities they claimed to be.  It also asserts it could not have known that the Tucker Lenders loans were illegal, as it did not know that the purported tribal ownership was fraudulent.  As a result, defendant claims that even if it had treated those inconsistencies as red flags and conducted additional diligence, it still could not have discovered the essential nature of the alleged enterprise.

---

[6] Or 98.3%, as plaintiff calculates it.

**2.   Collective Engagement in a Single Enterprise**

Defendant points to numerous representations from Intercept and the Tucker Lenders themselves that the entities were separate and unrelated.  Each entity had its own corporate name, address, and ACH ID number; entered into its own agreement with Intercept; and had its own NCRF form.  Intercept ran separate background checks and provided unique diligence packets to defendant for each lender.  Defendant's own records indicate that it viewed the lenders as separate entities and treated them as such, including by monitoring their return rates on an individual basis.  Defendant therefore argues that it did not have knowledge that the Tucker Lenders were operating as a collective enterprise, because it did not know they were related at all.

Plaintiff responds that similarities between documents associated with the various Tucker Lenders should have alerted defendant to the fact that they were interrelated and controlled by the same entity.  Certain Tucker Lender loan documents looked like one another and included similar or identical terms.  Others shared overlapping inconsistencies, such as the misrepresentation that they received written as opposed to virtual authorization from their borrower clients.

In the absence of evidence that defendant actually knew that the Tucker Lenders operated together as an enterprise, plaintiff could satisfy the knowledge requirement by showing that defendant consciously avoided learning the truth about those entities.  But that's difficult.  To establish conscious avoidance, plaintiff needs to show that defendant "was aware of a high probability of the criminal objective and consciously avoided confirming the fact."  United States v. Lewis, 545 F. App'x 9, 11 (2d Cir. 2013) (cleaned up).  That requires "evidence that the defendant (1) was aware of a high probability of the disputed fact and (2) deliberately avoided

20

confirming that fact," which can be satisfied where a "defendant's involvement in the criminal offense may have been *so overwhelmingly suspicious* that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge." United States v. Svoboda, 347 F.3d 471, 480 (2d Cir. 2003) (emphasis in original). "[G]uilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken." Id. at 481-82.

Whether defendant knew that the Tucker Lenders were multiple fronts for the same enterprise turns on questions of fact, such as whether defendant's employees reviewed relevant portions of certain documents and, if so, the context in which they did.  Defendant's chief argument is that its review of the documents in question would not have led it to look at, let alone focus on, the inconsistencies in question for any document, and certainly would not have led it to compare multiple documents from various lenders to see if they were effectively corporate alter egos of each other.

Plaintiff is probably asking too much of defendant.  Defendant was not conducting a hindsight inquiry like plaintiff is now or an investigation to find criminal activity.  It was performing due diligence to see if it could extend a loan with relative safety to its investment that was by its nature high risk.  Plaintiff's circumstantial evidence that defendant consciously avoided learning that the Tucker Lenders operated as a singular enterprise does not approach the level of "*overwhelmingly suspicious*."  See Svoboda, 347 F.3d at 480.  Although it is possible to see similarities in certain documents after the fact, it is highly unlikely that defendant could have picked up on those issues in the limited context in which it reviewed the documents in question.  If defendant did not know that the various entities were operating together, it cannot be liable for conspiring to violate RICO with them.

However, like the question of whether defendant knew that the Tucker Lenders were engaging in generally suspicious conduct, I cannot say it is impossible for a reasonable jury to conclude that defendant knew the Tucker Lenders were operating together. Accordingly, defendant is not entitled to summary judgment on that ground alone, and I will assume, for purposes of this motion, that defendant should have known that the Tucker Lenders were operating together.

### 3. **Usurious Debt**

Assuming *arguendo* that defendant knew the Tucker Lenders were operating together, plaintiff would still need to show that defendant knew they were engaged in a racketeering enterprise. This would require plaintiff to establish that defendant knew that the loans in question violated usury laws. High-interest loans, on their own, do not violate RICO. Therefore, merely knowing the interest rates on the Tucker Lenders' loans would not be enough to show knowledge of the conspiracy.

It is undisputed that the Tucker Lenders purported to be protected by Native American tribal immunity, and had that been the case, their lending activities would have not been subject to state usury laws. Plaintiff has offered no evidence suggesting that defendant knew facts that would have shown otherwise. Nor does plaintiff deny that Ms. Frankman, one of defendant's employees who reviewed Intercept-related diligence, read Tucker Lender documents attesting that the companies were owned by various Native American tribes. Plaintiff argues that it is not necessary for defendant to have had knowledge of the tribal aspect of the scheme, as that was not part of its "general contours." Rather, it was merely a front through which the enterprise collected usurious debt.

I disagree.  Whether the tribal representations fall within the general contours or the penumbra of the enterprise is an ontological question on which reasonable minds can differ. What is not debatable, however, is the requirement that defendant knew that the enterprise was engaged in racketeering, which necessitates knowing that the loans in question were illegal.  See Zemlyansky, 908 F.3d at 11 (defendant must have knowledge of the "racketeering scheme"). Although the coverup could have taken many forms, it happened to take the form of a sham tribal lending scheme.  Accordingly, regardless of whether the tribal aspect is theoretically central to the enterprise, defendant would need to know or consciously avoid knowing that the Tucker Lenders' Native American relationships were fraudulent to have known that the enterprise engaged in racketeering.

The closest plaintiff comes to showing that defendant had suspicions about the Tucker Lenders' tribal relationships is by pointing to documents defendant reviewed in diligence asserting that certain Tucker Lenders were under investigation in California and Colorado in connection with their payday lending.  There is no evidence that defendant investigated the tribal relationships or those lawsuits any further, although plaintiff claims it should have.  Regardless of whether plaintiff is right that defendant should have engaged in additional diligence, she has not explained how such diligence could have alerted defendant to the fact that those tribal relationships were fraudulent.

The facts suggest that inquiring into the lawsuits would not have alerted defendant to fraud.  After plaintiff took out the subject loan, the judges presiding over the California and Colorado lawsuits dismissed the actions against the Tucker Lender entities, finding that they were legitimately owned by tribes and, therefore, were not governed by state usury laws.  See People v. Miami Nation Enters., 223 Cal. App. 4th 21, 166 Cal. Rptr. 3d 800 (Ct. App. 2014),

rev'd, 2 Cal. 5th 222, 386 P.3d 357 (2016); Cash Advance & Preferred Cash Loans v. State, 242 P.3d 1099 (Colo. 2010). The parties in those cases engaged in extensive discovery, much of it focused directly on the companies' tribal relationships, and both courts treated the tribal ownership as authentic.

In other words, two courts whose sole focus was to determine whether these entities violated usury laws were fooled by the Tucker Lenders' misrepresentations.[7] But plaintiff claims that defendant, who had no reason to question the legitimacy of the tribal ownership and who reviewed diligence for thousands of different entities in its normal course of business, somehow knew or consciously avoided knowing what both courts were unable to find. It must be remembered that defendant's primary purpose in conducting diligence was not to determine legality, but to assess its investment prospects. As if it were not already excessive to expect a bank to do as much as a court or government agency would, plaintiff asks defendant to do even better. There is no reason to believe that defendant would have come to a different conclusion than those courts, even if plaintiff could show it should have conducted further diligence.

But defendant is even one more stepped removed from the RICO scheme. Plaintiff does not claim that Intercept, which entered into direct agreements with the Tucker Lenders, knew about Tucker's RICO violations or the RICO conspiracy. The parties agree that Intercept served as the TPS for thousands of originators, only a small percentage of which were Tucker Lenders, and that defendant served as the ODFI for multiple TPSs. Plaintiff's theory is that defendant

---

[7] The California decision's reversal six years after plaintiff took out the subject loan does not undermine this reasoning. The California Supreme Court held that the lenders had not sufficiently shown that they should be treated as "arms of the tribe" under California law and returned the case to the lower court. It did not find that the lenders were definitively not entitled to tribal immunity, and it certainly did not find that the relationships were fraudulent or should have appeared so in corporate diligence. That there was even a difference in opinion among the courts highlights the weakness of plaintiff's position. In any event, as discussed in Section III-B, infra, showing that defendant should have conducted more diligence would not establish that it agreed to enter a RICO conspiracy.

knew something about a small portion of one of its TPSs' originators that even the TPS did not know.

For plaintiff to prevail on her RICO conspiracy claim, a jury would need to find that defendant knew about the Tucker Lenders' unlawful enterprise.  To find that defendant had actual knowledge of the enterprise, the jury would need to decide that defendant investigated the tribal relationships and learned of their illegitimacy in secret, as there are no communications or other records hinting at such knowledge.  To find the knowledge element satisfied on a conscious avoidance theory, the jury would need to determine that defendant came close to finding out the truth and intentionally avoided learning facts that would have confirmed it.  Either theory would require defendant to have a degree of omniscience that evaded multiple courts of law, as well as Intercept, which conducted substantial diligence on and entered into direct agreements with the Tucker Lenders.  Plaintiff simply offers no explanation for how defendant could have learned that the tribal relationships were fraudulent.  As a result, no reasonable jury would conclude that defendant possessed sufficient knowledge of the unlawful enterprise.[8]

### B.      Whether Defendant Agreed with Tucker Lenders to Violate RICO

Defendant argues that plaintiff's claim fails for the independent reason that she has provided no evidence of an agreement between defendant and the Tucker Lenders to violate RICO.  There were no direct agreements, payments, or communications between defendant and the Tucker Lenders, or between defendant and any other member of the conspiracy.  There is no evidence that defendant had ever heard of Scott Tucker, let alone his unlawful enterprise, and the Tucker Lender representatives who were deposed in this case had never heard of defendant.

---

[8] Because plaintiff has failed to show that defendant could have discovered the general contours of the unlawful enterprise through any degree of investigation, opinions about whether defendant's diligence was sufficient are irrelevant.  I therefore need not rule on defendant's [335] motion to strike Ms. Glassman's report, plaintiff's [342] motion to strike Mr. McEntee's report, or plaintiff's [348] motion to strike portions of Ms. Kennett's disclosures.

Indeed, defendant's name is entirely absent from the record of the criminal case against Scott

Tucker in connection with his illegal payday lending, and the limited references to Intercept in

that litigation make clear that the court viewed it as a victim of Tucker's scheme, not a co-

conspirator.  On these facts, defendant argues that no reasonable jury could find that it entered

into a conspiratorial agreement with Tucker or the Tucker Lenders.

Plaintiff responds that the record shows defendant knew of the possibility that Intercept's

clients were engaged in unlawful debt collection, was aware of the usury laws prohibiting certain

loans by the lenders, and had evidence showing that a commonly owned group of lenders was

responsible.  By choosing to work with those lenders (via Intercept) despite knowing what it

knew, defendant allegedly agreed to facilitate the Tucker Lenders' scheme.

Plaintiff must show that defendant had the conscious intention to enter an agreement with

the Tucker Lenders to violate RICO, which requires a meeting of minds between conspirators.

Here, plaintiff has not made any allegations or produced any evidence showing who defendant

agreed with, when it entered the agreement, or what the terms of its agreement were.  See FD

Prop. Holding, Inc. v. U.S. Traffic Corp., 206 F. Supp. 2d 362, 373 (E.D.N.Y. 2002) (a RICO

conspiracy claim "should state with specificity what the agreement was, who entered into the

agreement, when the agreement commenced, and what actions were taken in furtherance of it").

This is significant because "an agreement to commit specified predicate acts" is not enough to

establish a RICO conspiracy.  See Pizzonia, 577 F.3d at 464.  Accordingly, even if plaintiff's

circumstantial evidence could show that defendant agreed to collect usurious debt, she would

still need to show it agreed to enter a conspiracy to do so with Tucker or the Tucker Lenders.

See New York v. United Parcel Serv., Inc., No. 15-cv-1136, 2016 WL 4203547, at *8 (S.D.N.Y.

Aug. 9, 2016) (summary judgment granted where plaintiffs had "not provided any facts showing

with any particularity with whom [defendant] made any such agreement, when such an agreement was made, or for which enterprise").

It is difficult to assess whether plaintiff has shown a meeting of the minds, as she has not identified the relevant minds.  That is, she does not explain which of defendant's employees entered the agreement.  Nor does she say whether they entered the agreement with Scott Tucker, a Tucker Lender employee, or some other entity.  But that difficulty in assessing her theory shows why it fails. Regardless of who supposedly entered the agreement, it stands to reason that a party cannot enter into a conspiratorial agreement without ever communicating with a member of the conspiracy or knowing about the existence of any members.

Plaintiff argues that RICO does not require conspirators to meet all other members of a conspiracy or to have written communications about the conspiracy.  She is correct that a RICO conspiracy defendant need not communicate with or know the identity of *every* member of the racketeering enterprise.  "Alleged RICO conspirators need not . . . conspire directly with every other co-conspirator, so long as every co-conspirator has agreed to participate in the affairs of the same enterprise." United States v. Raniere, 384 F. Supp. 3d 282, 304 (E.D.N.Y. 2019).  Plaintiff goes a step further, arguing that requiring direct communications between co-conspirators "would eviscerate the RICO conspiracy tool" by allowing enterprises to "avoid prosecution by merely delegating instructions to their underlings to reach agreements with others."  That might be a fair concern if defendant communicated with some, but not all, of the alleged conspiracy members.  But that concern is inapplicable here, where there is no evidence that defendant ever communicated with a single member of the conspiracy.

Despite the absence of a formal agreement or communications between defendant and the Tucker Lenders, plaintiff argues that defendant's relationship with Intercept satisfies the

agreement requirement, as Intercept entered into agreements with the Tucker Lenders and

defendant agreed to serve as an ODFI for Intercept's transactions, including those originated by

the Tucker Lenders. Were plaintiff to show that Intercept was a member of the conspiracy, the

absence of communications between defendant and Intercept discussing the Tucker Lenders or

the alleged scheme would cast significant doubt on that theory. That Intercept is not even

alleged to be a co-conspirator makes plaintiff's argument even less plausible.

Defendant emphasizes that it merely provided routine ACH services for Intercept and the

Tucker Lenders, which it claims is insufficient to show that it agreed to a RICO conspiracy. See

Rosner v. Bank of China, 528 F. Supp. 2d 419, 428-29 (S.D.N.Y. 2007). This argument does not

amount to a complete defense, as providing routine services is not antithetical to entering into a

RICO conspiracy. It is possible for a defendant to provide general professional services in the

ordinary course of business and still be liable for RICO conspiracy, so long as the defendant

knew or consciously avoided knowing that its clients were violating RICO and it agreed to assist

in that endeavor. However, in a case where the only direct evidence of an agreement is that the

defendant conducted transactions with members of the enterprise, the fact that a defendant treats

its alleged co-conspirators like any other client weakens the argument that its conduct should be

viewed as an agreement to join and advance an unlawful endeavor. By contrast, where a

defendant engages in categorically different conduct than usual and that conduct advances a

conspiracy, it is more likely that that conduct is evidence that the defendant agreed to the

conspiracy (i.e., that it was not just a coincidence). Similarly, profiting from an enterprise may

serve as circumstantial evidence of an agreement, but that inference is far less forceful when a

defendant profits through its ordinary business practices.

Defendant's review of the Tucker Lender diligence documents mirrored its review of documents in thousands, if not millions, of other transactions. The fact that defendant served as an ODFI for myriad legitimate transactions and behaved identically in those as it did with the Tucker Lenders' transactions further suggests that any advancement of the enterprise's goals was unknowing and incidental. See LaSalle Nat'l Bank v. Duff & Phelps Credit Rating Co., 951 F. Supp. 1071, 1090 (S.D.N.Y. 1996) ("simply because one provides goods or services that ultimately benefit the enterprise does not mean that one becomes liable under RICO as a result"), abrogated on other grounds, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Singh v. NYCTL 2009-A Tr., No. 14-cv-2558, 2016 WL 3962009, at *10 (S.D.N.Y. July 20, 2016) ("a RICO enterprise must be more than a routine contractual combination for the provision of financial services"). Although defendant incidentally advanced the alleged scheme by serving as the ODFI for certain transactions, plaintiff has not introduced any facts to show that defendant intended to do so.

At its core, plaintiff's argument is that defendant should have known the unlawful nature of the Tucker Lenders' enterprise, based on its review of their financial documents and appropriate follow-up diligence. This is the focus of plaintiff's expert report, which attempts to show that a financial institution in defendant's position would have realized that the Tucker Lenders were extending usurious debt. But plaintiff's circumstantial evidence regarding supposed red flags does not create a dispute of material fact about whether defendant entered an agreement with the Tucker Lenders. At most, plaintiff's evidence raises questions about whether defendant was negligent for choosing to enter into an agreement with Intercept and process ACH transactions for the Tucker Lenders.

The law is clear that negligence is insufficient to sustain a RICO conspiracy action.
Claiming that a defendant "should have known" it was agreeing to a conspiracy "is not enough to
establish conspiracy, which is a crime of specific intent." Zito v. Leasecomm Corp., No. 02-cv-
8074, 2003 WL 22251352, at *20 (S.D.N.Y. Sept. 30, 2003). "To prove a conspiracy, a plaintiff
must show that a defendant joined the conspiracy with the intent to commit the offenses that are
its object, that is, with the affirmative intent to make the conspiracy succeed." Id. Allegations
that "suggest sloppy auditing and insufficiently probing scrutiny" are not sufficient to show
defendant entered into a RICO conspiracy. Dep't of Econ. Dev. v. Arthur Andersen & Co.
(U.S.A.), 924 F. Supp. 449, 474 (S.D.N.Y. 1996); see also Domanus v. Locke Lord LLP, 847
F.3d 469, 480 (7th Cir. 2017) ("the fact that someone should have known about a scheme or
fraudulent activity is not enough to show that the person actually knew"). Although plaintiff
disputes this characterization, her arguments sound in negligence, not RICO.

Sheridan v. Jaffe, No. 94-cv-9344, 1996 WL 345965 (S.D.N.Y. June 24, 1996), is
instructive. There, the court granted the defendant's motion for summary judgment with respect
to a RICO conspiracy claim on facts similar to those here. Notably, the court emphasized that
the defendant "never had any contact" with the conspiracy's principals and "never had any
conversations" pertaining to the alleged scheme, such that there was no evidence that defendant
"had knowledge of, much less agreed to participate in" the RICO enterprise. Id. at *10.

Defendant cites cases that further demonstrate courts' refusals to turn negligence theories
into RICO conspiracy claims. In Chaney v. Dreyfus Serv. Corp., 595 F.3d 219, 227-28, 241-42
(5th Cir. 2010), the court upheld summary judgment in defendant's favor where its efforts to
"identify the origin, legitimacy, or ultimate destination of the funds passing through its accounts
were [less than] minimal," as those "actions at worst rose to the level of recklessness." The court

added that "unlike negligence claims, RICO liability cannot be made out by recourse to what

[defendant] should have known or to that which it would have discovered had [defendant]

properly discharged any tort-based duties of care or inquiry," and that the court was

"unconcerned" about whether defendant's corporate structure led to its diligence failures, as even

that would not show "*intentional* facilitation of a RICO enterprise." Id. at 242 nn.21 & 22

(emphasis in original).

     Similarly, in Tatung Co., Ltd. v. Shu Tze Hsu, 217 F. Supp. 3d 1138, 1172 (C.D. Cal.

2016), the court held that the defendant's "nonchalance and apparent disregard for his legal

obligations as director, although troubling, [were] not sufficient to raise an inference that" he

agreed to a RICO conspiracy. And in Tonnemacher v. Sasak, 859 F. Supp. 1273, 1277-78 (D.

Ariz. 1994), the court granted summary judgment even though the defendant was suspicious

about fraudulent activity, "questioned certain transactions," and "had knowledge of

misstatements" in investor letters, as "none of this conduct demonstrate[d] the existence of a

conspiracy to violate RICO, there was simply no evidence of any conspiratorial agreement," and

the plaintiffs "made no showing that [the defendant] intended to participate in such criminal

conduct."

     There is a lot less going on here. Our plaintiff has failed to introduce any evidence that

defendant ever communicated with or about the Tucker Lenders, or that it even knew they

existed as such. The closest plaintiff comes to showing that defendant knew something was

wrong comes from defendant's diligence of Intercept, where it recognized the inherent risks in

payday lending and engaged in internal discussions about the same. But there is nothing

categorically improper about choosing to proceed with a business relationship after recognizing

and evaluating its risks, even if those risks are classified as "high." Indeed, our modern economy

31

could not function without transactions that financial institutions deem "high risk," and

plaintiff's attempt to use defendant's appropriate diligence as a sword against it is not persuasive.

"High risk" does not refer to a risk of criminal activity, but rather the degree of commercial risk

that a bank won't realize the anticipated value of its investment, and the mitigation of that risk

invariably means charging more for the service the bank is providing.

But putting that aside, even if plaintiff's evidence were enough to show that it was a

mistake for defendant to work with the Tucker Lenders through Intercept, that would only show

they negligently aided in Tucker's scheme.  Because conspiracy requires specific intent,

plaintiff's negligence theory cannot support her claim.

As Judge Bianco noted in dismissing plaintiff's second amended complaint in this action,

civil RICO is "an unusually potent weapon" that plaintiffs "almost always" wield improperly.

Moss v. BMO Harris Bank, N.A., 258 F. Supp. 3d 289, 297 (E.D.N.Y. 2017).  Such is the case

here.  Financial institutions like defendant engage in millions of transactions per day, leaving

tomes of diligence in their wake.  When poring over diligence after the fact with an eye toward

litigation, counsel and experts are almost certain to unearth a handful of inconsistencies.

Plaintiff gestures to a few such inconsistencies in an attempt to spread Tucker's RICO liability to

a defendant that is, at most, tangentially connected to the events giving rise to her injury.  That is

stretching RICO far beyond its proper bounds.

To infer that defendant knew of and agreed to a racketeering conspiracy on these facts

would mean that any entity that transacted with a lender who was later accused of wrongdoing

could be liable as a RICO conspirator.  As a result, financial institutions would need to either

drastically raise transaction costs or cease transacting altogether.  To avoid that outcome, it is

necessary in cases like this to "flush out frivolous RICO allegations" before trial.  Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 655 (S.D.N.Y. 1996).

After years of discovery, plaintiff is unable to point to any evidence that defendant ever communicated with or even knew the identity of a single member of the alleged conspiracy.  A reasonable jury might conclude that defendant had vague suspicions about the Tucker Lenders, although that is unlikely.  A reasonable jury might also conclude that those suspicions led defendant to learn or consciously avoid the fact that the Tucker Lenders operated as one enterprise, although that is even less likely.  But it would be patently unreasonable to find that defendant knew or consciously ignored that the tribal relationships were fraudulent.  Even if plaintiff were correct that defendant should have investigated the tribal ownership – an argument that misses the mark, as this is not a negligence action – she has failed to show how defendant could have learned the truth, or how it agreed to a conspiracy without ever communicating with any co-conspirators.

Considering the evidence in its totality and drawing all reasonable inferences in plaintiff's favor, no reasonable jury could find defendant conspired to violate RICO.  Accordingly, defendant is entitled to judgment as a matter of law.

## CONCLUSION

Defendant's [305] motion for summary judgment is granted.  Plaintiff's [308] cross-motion for partial summary judgment, the parties' expert motions, and plaintiff's [339] motion for class certification[9] are denied as moot.

**SO ORDERED.**

*Brian M. Cogan*

_____
U.S.D.J.

Dated: Brooklyn, New York
          August 2, 2024

---

[9] Defendant requested that the Court rule on its motion for summary judgment before plaintiff's motion for class certification.  Because "the purpose of early certification is for the benefit of defendants, a defendant may waive this protection and move for a judgment on the merits before a decision on certification is made." R. A-G ex rel. R.B. v. Buffalo City Sch. Dist. Bd. of Educ., No. 12-cv-960, 2013 WL 3354424, at *4 (W.D.N.Y. July 3, 2013).  Defendant has waived that protection.  The Court exercises its discretion to rule on the motion for summary judgment first.

## SEPTEMBER 9, 2024 ORDER

 Outlook

---

Activity in Case 2:13-cv-05438-BMC-PK Moss v. BMO Harris Bank, N.A. et al Order on Motion for Reconsideration

---

**From** ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>

**Date** Mon 2024-09-09 8:54 AM

**To** nobody@nyed.uscourts.gov <nobody@nyed.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 9/9/2024 at 8:53 AM EDT and filed on 9/9/2024

**Case Name:**     Moss v. BMO Harris Bank, N.A. et al

**Case Number:**   2:13-cv-05438-BMC-PK

**Filer:**

**Document Number:** 368

**Docket Text:**
**ORDER re: plaintiff's [365] Motion for Reconsideration on [364] Order on Motion for Summary Judgment filed by Deborah Moss. Plaintiff is simply repeating arguments that the Court has already rejected. Her motion is therefore denied. ( Ordered by Judge Brian M. Cogan on 9/8/2024 ) (RG)**

**2:13-cv-05438-BMC-PK Notice has been electronically mailed to:**

Darren T. Kaplan     DKAPLAN@KAPLANGORE.COM

Eric Rieder     erieder@bryancave.com, REC_KM_ECF_NYC@bclplaw.com, dortiz@bryancave.com

Barry Werbin     bwerbin@herrick.com, courtnotices@herrick.com

Kevin Ranlett     kranlett@mayerbrown.com, wdc.docket@mayerbrown.com

# ADDENDUM B

Appeal from
E.D.N.Y. Case No.
2:13-cv-05438-BMC-PK

**ADDENDUM B**

Issues Proposed to be Raised on Appeal and corresponding standards of review:

1.      Whether the District Court erred in granting Appellee First Premier Bank's ("First Premier's") motion for summary judgment based on an argument First Premier did not make and did not support with any evidence.

The Court of Appeals reviews *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor.

2.      Whether the District Court erred in granting First Premier's motion for summary judgment without considering Appellant's evidence of First Premier's knowledge of the Tucker Payday Lenders' RICO conspiracy and First Premier's agreement to enter into the conspiracy facilitating the collection of unlawful debt on behalf of the Tucker Payday Lenders as the Originating Depository Financial Institution for the usurious payday loan payments.

The Court of Appeals reviews *de novo* a district Court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor.

3.      Whether the District Court erred in holding, if the Tucker Payday Lenders had been owned by Native American tribes, as they falsely claimed, their lending activities would not have been subject to state usury laws.

The Court of Appeals reviews *de novo* a district court's conclusions of law.

4.      Whether the District Court erred in holding, without any supporting evidence, that First Premier itself determined that, because the Tucker Payday Lenders were owned by Native American tribes, as they falsely claimed, the Tucker Payday Lenders' lending activities were not subject to state usury laws.

The Court of Appeals reviews *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor.

5.      Whether the District Court erred in denying Appellant's motion for reconsideration of the decision granting summary judgment to First Premier.

The Court of Appeals reviews a district court's denial of a motion for reconsideration for abuse of discretion.